**MILLS + WOODS LAW PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona, 85014
Telephone (480) 999-4556
docket@millsandwoods.com
Robert T Mills (Arizona Bar #018853)
Sean A Woods (Arizona Bar #028930)
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BRUCE E HUFFMAN, | Case No.: _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| JP MORGAN CHASE BANK, N.A.; GOODMAN HOLMGREN LAW GROUP, LLP; and MAGIC RANCH ESTATES HOMEOWNERS' ASSOCIATION, | Assigned to the Hon. _____ |
| Defendants, | |

## **INTRODUCTION**

1. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"); the Social Security Act, 42 U.S.C. §§ 301, *et seq*. ("SSA"); and Federal Guidelines for Garnishment of Accounts Containing Federal Benefits, 31 C.F.R. Part 212.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant JP Morgan Chase Bank, N.A. ("Chase Bank") conducts business in the State of Arizona; therefore, personal jurisdiction is established.

4. Defendant Goodman Holmgren Law Group, LLP ("Goodman Law") conducts business in the State of Arizona; therefore, personal jurisdiction is established.

5. Defendant Magic Ranch Estates Homeowners Association ("Magic Ranch") conducts business in the State of Arizona; therefore, personal jurisdiction is established.

6. Venue in the United States District Court for the District of Arizona is proper, pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

7. Plaintiff Bruce E Huffman ("Plaintiff" or "Mr. Huffman") is a natural person residing in San Tan Valley, Arizona.

8. Defendant Chase Bank is a for-profit corporation with its principal place of business at 270 Park Avenue, New York, New York 10017.

9. Defendant Goodman Law is a debt collector as defined by 15 U.S.C. § 1692a(6), and is located at 3654 N Power Road, Suite 132, Mesa, Arizona 85215.

10. Defendant Magic Ranch is a non-profit corporation with its principal place of business at 4135 S Power Road, Suite 122, Mesa, Arizona 85212.

2

11. At all times relevant to this Complaint, Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers in the District of Arizona.

## FACTUAL ALLEGATIONS

12. In November 2018, Plaintiff began receiving monthly retirement benefits from the Social Security Administration.

13. Plaintiff opened account XXXXXXXXXXX8778 ("Chase account") with Chase Bank for the sole purpose of receiving his Social Security benefits via direct deposit.

14. Pursuant to 42 U.S.C. § 407(a) all the funds deposited and held in Mr. Huffman's Chase account were, and are, exempt from garnishment because it has only ever contained Mr. Huffman's Social Security retirement benefits.

15. Plaintiff resides within Magic Ranch Estates in Florence, Arizona.

16. Defendant Magic Ranch has a Homeowners Association that levies and collects fines from its residents.

17. Defendant Magic Ranch hired Defendant Goodman Law to collect approximately $1,200.00 in fines, which Magic Ranch alleged Mr. Huffman owed.

18. On or about May 26, 2021, Defendant Goodman Law served a Writ of Garnishment in the amount of $60,597.25 upon Defendant Chase Bank for the collection of $1,200.00 in homeowners' association fines and over $57,000.00 in attorneys' fees.

19. Mr. Huffman informed Defendant Magic Ranch that the funds in Mr. Huffman's Chase account only contained his Social Security retirement benefits, and under federal law, such benefits are exempt from garnishment.

20. Defendant Goodman Law is a law firm that routinely engages in debt collection and either had actual knowledge, or was extremely reckless in not knowing, that the law clearly exempts Social Security retirement benefits from garnishment.

21. On June 4, 2021, because the funds garnished were exempt Social Security retirement benefits, Plaintiff, *pro per*, filed a Request for Hearing on Garnishment of Non-Earnings in the Superior Court of Pinal County, Arizona, Case No. S1100CV201501738.

22. On July 12, 2021, the Pinal County Superior Court held a Garnishment Hearing.

23. At the hearing, the parties stipulated that all the monies deposited into Mr. Huffman's Chase account were derived solely from Mr. Huffman's Social Security retirement benefits.

24. Over Plaintiff's objections, Defendant Goodman Law insisted that the funds in Mr. Huffman's Chase account were not exempt from garnishment despite clear law, <u>including U.S. Supreme Court precedent</u>, to the contrary.

25. The Pinal County Superior Court <u>erroneously</u> ruled that Defendant Magic Ranch was entitled to the requested amount of $60,597.25 and granted a Writ of Garnishment in that amount.

26. Following the hearing, Plaintiff asked Defendant Goodman Law multiple times to release the garnished funds because all the monies deposited into Mr. Huffman's Chase account were derived solely from Mr. Huffman's Social Security retirement benefits, and exempt from garnishment, pursuant to 42 U.S.C. § 407(a).

27. Defendant Goodman Law refused to release the garnished funds.

28. On July 23, 2021, Plaintiff, <u>now represented by counsel</u>, filed a Motion for Reconsideration.

29. On January 11, 2022, the Pinal County Superior Court granted Plaintiff's Motion for Reconsideration, and held that the Social Security retirement benefits in Mr. Huffman's Chase account were exempt, and therefore not subject to garnishment, pursuant to 42 U.S.C. § 407(a). The Pinal County Superior Court further held that there was no evidence Mr. Huffman ever co-mingled his Social Security income with other discretionary accounts or monies.

30. On January 11, 2022, the Pinal County Superior Court distributed copies of its ruling to Defendant Goodman Law and Defendant Chase Bank.

31. On January 20, 2022, Mr. Huffman went to Defendant Chase Bank's Johnson Ranch branch to withdraw funds from his Chase account. Defendant Chase Bank told Mr. Huffman it had no record of the Court's decision and refused to release Mr. Huffman's funds.

32. On January 20, 2022, Mr. Huffman emailed a copy of the Pinal County Superior Court's ruling directly to Sara Helton, who worked at Defendant Chase Bank's Johnson Ranch branch.

33. After receiving the Pinal County Superior Court ruling on January 20, 2022, Defendant Chase Bank advised Mr. Huffman it would release the funds in his Chase account in five (5) business days, i.e. on January 27, 2022.

34. Mr. Huffman followed up with Defendant Chase Bank regarding the release of funds in his account on 2/4/2022, 2/7/2022, 2/16/2022, 3/2/2022, and 3/9/2022 – to no avail.

35. On March 21, 2022, Defendant Chase Bank released the funds in Mr. Huffman's account.

36. Defendants' actions were intentional, malicious, and reckless; and resulted in the foreseeable consequence of the conversion of $60,597.25 of Mr. Huffman's Social Security retirement benefits from May 26, 2021 until March 21, 2022.

37. Plaintiff also incurred $5,158.53 in attorneys' fees fighting against Defendants' wrongful garnishment.

### COUNT ONE:
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*
### (*Goodman Law and Magic Ranch*)

38. Plaintiff incorporates by reference paragraphs 1-37 as if set out in full herein.

39. Defendants' violations of the FDCPA include, but are not limited to, the following:

    a. Defendants Goodman Law and Magic Ranch violated § 1692c of the FDCPA when they communicated about the collection of a debt with then-third-party Chase Bank without obtaining prior permission from Plaintiff or a court of competent jurisdiction;

    b. Defendants violated § 1692d of the FDCPA when Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

    c. Defendants violated § 1692e of the FDCPA when Defendants used false deceptive, and/or misleading representations or means in connection with the collection of a debt.

    d. Defendants violated § 1692f of the FDCPA when Defendants used unfair or unconscionable means to collect or attempt to collect a debt.

    e. Defendants Goodman Law and Magic Ranch violated § 1692j of the FDCPA when Defendants designed, compiled, and/or furnished a misleading Writ of Garnishment to Defendant Chase Bank.

40. Plaintiff suffered severe emotional distress, including suffering, anguish, fright, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

41. Defendants Goodman Law's and Defendant Magic Ranch's conduct was a substantial factor in causing Plaintiff's severe emotional distress.

42. Because of the violations of the FDCPA described herein, Plaintiff is entitled to recover statutory damages, economic compensatory damages, noneconomic compensatory damages, and attorneys' fees and costs, in an amount to be proven at trial.

**WHEREFORE**, Plaintiff demands judgment as hereafter set forth.

### COUNT TWO: VIOLATION OF THE SOCIAL SECURITY ACT 42 U.S.C. §§ 301, *et seq.* (*All Defendants*)

43. Plaintiff incorporates by reference paragraphs 1-42 as if set out in full herein.

44. With respect to benefit monies paid out, pursuant to the Social Security Act, 42 U.S.C. § 407(a) gives this clear directive:

> … **none of the moneys paid or payable** or rights existing under this subchapter **shall be subject to** execution, levy, attachment, **garnishment**, or other legal process, or to the operation of any bankruptcy or insolvency law.

45. From May 26, 2021 until March 21, 2022, Defendant Chase Bank restricted Mr. Huffman's access to $60,597.25 of protected federal benefits that had been electronically deposited into Mr. Huffman's Chase account.

46. Plaintiff suffered severe emotional distress, including suffering, anguish, fright, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

47. Defendant Chase Bank's conduct was a substantial factor in causing Plaintiff's severe emotional distress.

48. Because Chase Bank restricted Mr. Huffman's access to his protected federal benefits, Plaintiff is entitled to recover statutory damages, economic compensatory damages, noneconomic compensatory damages, and attorneys' fees and costs, in an amount to be proven at trial.

**WHEREFORE**, Plaintiff demands judgment as hereafter set forth.

### COUNT THREE: VIOLATIONS OF FEDERAL BANKING REGULATIONS 31 C.F.R. Part 212 (*Chase Bank*)

49. Plaintiff incorporates by reference paragraphs 1-48 as if set out in full herein.

50. 31 C.F.R. Part 212 requires all banks and credit unions to follow certain procedures after receiving a garnishment order from a debt collector.

51. Once the garnishment order against a debtor comes to the bank, the bank must review all accounts owned by debtor to determine whether an account contains any protected federal benefits that were electronically deposited into the account.

52. If the account contains protected federal benefits, banks cannot freeze, or otherwise restrict an account holder's full and customary access to that account.

53. From May 26, 2021 until March 21, 2022, Defendant Chase Bank restricted Mr. Huffman's access to $60,597.25 of protected federal benefits that had been electronically deposited into Mr. Huffman's Chase account.

54. Plaintiff suffered severe emotional distress, including suffering, anguish, fright, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

55. Defendant Chase Bank's conduct was a substantial factor in causing Plaintiff's severe emotional distress.

56. Because Chase Bank restricted Mr. Huffman's access to his protected federal benefits, Plaintiff is entitled to recover statutory damages, economic compensatory damages, noneconomic compensatory damages, and attorneys' fees and costs, in an amount to be proven at trial.

**WHEREFORE**, Plaintiff demands judgment as hereafter set forth.

### COUNT FOUR: VICARIOUS LIABILITY (*Magic Ranch*)

57. Plaintiff incorporates by reference paragraphs 1-56 as if set out in full herein.

58. A principal is responsible for harm caused by the wrongful conduct of its agents while acting within the scope of the agency.

59. Plaintiff was harmed by the actions of Defendant Goodman Law.

60. Defendant Magic Ranch is liable for the actions of Defendant Goodman Law because Goodman Law was acting under the direction, and as an agent, of Defendant Magic Ranch.

61. Defendant Goodman Law was acting within the scope of its agency agreement with Defendant Magic Ranch.

62. Plaintiff suffered severe emotional distress, including suffering, anguish, fright, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

63. Defendant Magic Ranch's conduct was a substantial factor in causing Plaintiff's severe emotional distress.

64. As a result of the actions of Defendant Magic Ranch described herein, Plaintiff is entitled to recover statutory damages, economic compensatory damages, noneconomic compensatory damages, and attorneys' fees and costs, in an amount to be proven at trial.

**WHEREFORE**, Plaintiff demands judgment as hereafter set forth.

## COUNT FIVE:
## CONVERSION
### (*All Defendants*)

65. Plaintiff incorporates by reference paragraphs 1-64 as if set out in full herein.

66. Conversion occurs when someone takes someone else's property without cause or permission.

67. From May 26, 2021 until March 21, 2022, Defendants' actions prevented Mr. Huffman from accessing $60,597.25 that lawfully belonged to him.

68. Defendants' exercise of ownership and control over money that lawfully belonged to Mr. Huffman amounts to conversion.

69. Because Defendants wrongfully exercised ownership and control over Mr. Huffman's money amounting to conversion, Plaintiff suffered severe emotional distress, including suffering, anguish, fright, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

70. Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

71. As a result of Defendants' actions described herein, Plaintiff is entitled to recover statutory damages, economic compensatory damages, noneconomic compensatory damages, and attorneys' fees and costs, in an amount to be proven at trial.

**WHEREFORE**, Plaintiff demands judgment as hereafter set forth.

## COUNT SIX:
## UNJUST ENRICHMENT
### (*Chase Bank*)

72. Plaintiff incorporates by reference paragraphs 1-72 as if set out in full herein.

73. From May 26, 2021 until March 21, 2022, Defendant Chase Bank refused to allow Mr. Huffman to access $60,597.25 that lawfully belonged to him.

74. During the time Chase Bank exercised unlawful ownership and control over Mr. Huffman's money, it was, upon information and belief, able to reap certain benefits from making interest-bearing investments using Plaintiff's money.

75. Because Chase Bank was unjustly enriched by its wrongful exercise of ownership and control over Mr. Huffman's money, Plaintiff is entitled to damages in amount to be proven at trial.

**WHEREFORE**, Plaintiff demands judgment as hereafter set forth.

**COUNT SEVEN:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
(*All Defendants*)

76. Plaintiff incorporates by reference paragraphs 1-75 as if set out in full herein.

77. Defendants' conduct caused Plaintiff to suffer severe emotional distress.

78. Defendants' conduct was outrageous because it goes beyond all possible bounds of decency.

79. Defendants' conduct was outrageous because a reasonable person would regard the conduct as intolerable in a civilized community.

80. Defendants intended to cause Plaintiff emotional distress, or Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

81. Defendants knew that emotional distress would be the probable result of Defendants' conduct, or Defendants gave little or no thought to the probable effects of their conduct.

82. Plaintiff suffered severe emotional distress, including suffering, anguish, fright, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

83. Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

84. Defendants' acts and/or omissions, collectively and individually, caused Plaintiff to suffer economic damages, and Plaintiff believes he may incur future damages for the cost of future care, in an amount to be proven at trial.

**WHEREFORE**, Plaintiff demands judgment as hereafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in favor of Plaintiff, and against Defendants, for the following:

    a.    Statutory damages, pursuant to 15 U.S.C. § 1692k;

    b.    Economic compensatory damages in an amount to be proven at trial;

    c.    Noneconomic compensatory damages in an amount to be proven at trial;

    d.    Punitive damages in an amount sufficient to deter Defendants and others from engaging in such extreme and outrageous conduct in the future;

    e.    Reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k; and

    f.    Such other and further relief as this Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to, and hereby respectfully demands, a trial by jury, pursuant to Fed. R. Civ. P. 38 and the U.S. Constitution.

DATED this 25th day of May 2022

**MILLS + WOODS LAW PLLC**


By   /s/ *Sean Woods*
   Sean Woods
   Robert T Mills
   5055 N 12th Street, Suite 101
   Phoenix, AZ  85014
   *Attorneys for Plaintiff*

13