# Exhibit 3

Exhibit 3

```
LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 N. CENTRAL AVE., SUITE 1600
PHOENIX, ARIZONA 85004
TELEPHONE: (602) 271-7700
FACSIMILE:  (602) 258-7785
```
Donald Wilson, Jr./Bar No. 005205
  E-mail: dwj@bowwlaw.com
Jathan P. McLaughlin/Bar No. 028065
  E-mail: jpm@bowwlaw.com

SIMMONDS & NARITA LLP
Tomio B. Narita (CA SBN 156576) (*pro hac vice*)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 283-1000
tnarita@snllp.com

*Attorneys for Defendant Goodman Holmgren Law Group, LLP*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Bruce E. Huffman,<br><br>              Plaintiff,<br><br>v.<br><br>JP Morgan Chase Bank, N.A.; Goodman Holmgren Law Group, LLP; and Magic Ranch Homeowners Association,<br><br>              Defendants. | 2:22-CV-00903-JTT<br><br>**DECLARATION OF HARVEY M. MOORE, ESQ.** |

1. I drafted the Report of Harvey M. Moore, Esq. (attached hereto as **Exhibit A**) regarding the conduct of Goodman Law at issue in this matter.

2. In drafting the Report of Harvey M. Moore, Esq. I relied upon facts in this case as well as the underlying Pinal Superior Court lawsuit that I have been made aware

of and/or personally observed.

3. The information I relied upon in drafting my opinions would reasonably be relied upon by experts in the field Federal Debt Collections Practices Act claims.

4. The opinions offered in the Report of Harvey M. Moore, Esq. are to a reasonable degree of probability in the field of Federal Debt Collections Practices Act litigation.

5. If called to testify at trial I would testify consistently with the opinions set forth in the Report of Harvey M. Moore, Esq.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th of January, 2024.

By _____
Harvey M. Moore

CERTIFICATE OF SERVICE

I hereby certify that on , I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Robert T Mills
Sean A Woods
MILLS+WOODS LAW PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona, 85014
docket@millsandwoods.com

by: ___

- 3 -

C:\Users\hmoore\Desktop\1OL7465-Declaration - Moore.DOCX

# REPORT OF HARVEY M. MOORE, ESQ.

Huffman v. Chase Bank, N.A., et al. USDC Arizona Case CV-22-0903-PHX-JJT.

I. **EXPERT'S QUALIFICATIONS**

Attached hereto as Exhibit 1 is a copy of Expert's CV.

Although retained as an expert in prior cases and has had his deposition taken in more than one prior case, Expert has not testified at trial as an expert.

II. **SCOPE OF RETENTION**:

Expert has been retained to serve as a consultant and possibly testify as an expert witness in Huffman v. Chase Bank, N.A., et al. USDC Arizona Case CV-22-0903-PHX-JJT.

III. **DOCUMENTS REVIEWED IN CONNECTION WITH RETENTION**

A. Huffman v Chase Bank, N.A.

Summons in a Civil Action Huffman v. Chase Bank, N.A, et al.

Order dated May 26 signed by Honorable John J. Tuchi

Complaint in Huffman v. Chase Bank, N.A, et al.

Plaintiff's Initial Disclosure Statement

Defendant Goodman's Disclosure Statement

B. Magic Ranch Estates etc., et. al. v. Huffman

Application for Writ of Garnishment dated May 17, 2021, and filed May 25, 2021

Writ of Garnishment and Summons dated May 25, 2021, signed by Rebecca Padilla, Clerk of the Court.

Chase Bank Answers to Bank Garnishment

Request of Judgment Debtor for Hearing on Garnishment of Non-Earnings

Reporter's Transcript of Proceedings Garnishment Hearing July 12, 2021, Magic Ranch Estates, etc. v. Hoffman

Minute Entry Action Garnishment Hearing Magic Ranch Estates, etc. v. Hoffman July 13, 2021

Motion for Reconsideration of Minute Entry Ruling … with attachments

Response to Defendants Motion for Reconsideration

Reply to Response to Motion for Reconsideration

Under Advisement Ruling on Motion for Reconsideration January 11, 2022

Reporter's Transcript of Proceedings January 6, 2022

Motion to Quash Writ of Garnishment

Order Quashing Writ of Garnishment

Re-Recorded Judgment Information Statement

C. Documents Provided by Goodman Law

    Goodman Law Policies and Procedures

    Fair Debt Collection Practices Act (2 different print outs provided by Goodman Law)

    Nolo.com article Specific Changes to the FDCPA in Late 2021 (provided by Goodman Law)

    CFPB Consumer Laws and Regulations Manual V.2 section labeled Fair Debt Collection Practices Act and one page labeled Examination Procedures

    Consumer Compliance Handbook pages on Fair Debt Collection Practices Act.

    CAI 2022 Law Seminar Agenda

    CAI 2023 Law Seminar Agenda

    Ashley Moscarello State Bar of Arizona MCLE Affidavit Year 2020-2021

    Ashley Moscarello State Bar of Arizona MCLE Affidavit Year 2021-2022

    Ashley Moscarello State Bar of Arizona MCLE Affidavit Year 2022-2023

    Daniel Francom State Bar of Arizona MCLE Affidavit Year 2020-2021

    Daniel Francom State Bar of Arizona MCLE Affidavit Year 2021-2022

    Daniel Francom State Bar of Arizona MCLE Affidavit Year 2022-2023

    Clint Goodman State Bar of Arizona MCLE Affidavit Year 2020-2021

    Clint Goodman State Bar of Arizona MCLE Affidavit Year 2021-2022

    Clint Goodman State Bar of Arizona MCLE Affidavit Year 2022-2023

      Community Associations Institute CCAL Fellowship Application Process

      The College of Community Association Lawyers Membership Application Point Evaluation Guide

   D. Miscellaneous Documents

      Reporter's Transcript of Proceedings Hearing to Designate Huffman as a Vexatious Litigant

      Notice deeming Huffman Vexatious Litigant

      Kaiser v. Cascade Capital, LLC

      Sprayberry v. Portfolio Recovery Assocs., LLC

IV. **INTERVIEW WITH EMPLOYEES OF GOODMAN LAW**

Expert conducted two (2) interviews with members/employees of Goodman Law, one on October 4, 2023, with Kristy Guell and Laura Egelsman and the second on October 5, 2023, with Clint Goodman and Ashley Turner (nee Moscarello).

During those interviews, Expert was told the following:

Clint Goodman is the owner of the law firm. The law firm opened in 2015. Mr. Goodman has been practicing law since 2006 and has focused on HOA representation since 2008.

Mr. Goodman has been involved in HOA collections since 2006.

25% of Goodman Law's practice is collections, 35% is enforcement, and the rest is general HOA representation.

The firm's attorneys have weekly meetings regarding updates to state and federal laws, changes in statutes and particular cases that need to be round tabled.

Firm is a member of CAI and AACM

CAI – Community Association Institute national organization. CAI sends daily communications, litigation updates and conducts an annual law seminar that all attorneys attend. CAI offers ongoing CLE during the year.

All attorneys attend CLEs that are relevant to the practice area of HOA law including HOA debt collection related laws and regulations.

The firm has a written policy in its Policies and Procedures that anyone that touches debt collection has to take an exam on FDCPA and pass.

The firm has an unwritten policy requiring the attorneys to keep up to date on state and federal laws impacting debt collection and especially in debt collection related to HOA obligations. This policy requires attorneys to stay on top of state and federal law related to debt collections and especially those that relate to the HOA niche.

Every year all attorneys go to the CAI conference and attend sessions on debt collection in the HOA niche.

In 2021 and 2022, there were monthly meetings where new cases and laws are discussed.

The attorneys of the firm also met individually or in groups with Mark Holmgren on a regular cadence after the monthly meetings to discuss case law and statutory law related to, among other things, debt collection in the HOA niche.

The firm also conducted ad hoc meetings approximately every 2 weeks to supplement discussions on state and federal law impacting the firm's practice.

The firm's attorneys receive the CAI Law Reporter roughly weekly which summarizes relevant case law and new statutes related to HOA representation.

Mr. Goodman is a member of the College of Community Association Lawyers.

Ms. Turner was told by the firm's investigator that the investigator had located a bank account for Mr. Huffman with a substantial balance. After being so informed, Ms. Turner read an article that said that moving funds from the SSN deposit into another account could change the nature of the funds, especially if comingled with other funds.

Ms. Turner discussed the account that had been located with other attorneys in the firm.

Ms. Turner reviewed Chase's Answers to the bank levy which stated that the funds being withheld in the amount of $60,597.25 were the funds available after application of applicable exemptions. The identified exemption included $4704.00 in Federal Protected Benefits.

Ms. Turner was unaware at the time that she submitted the Application for Writ of Garnishment that there were exempt funds in the account in excess of the exemptions identified in Chase's Answers.

When Mr. Huffman objected to the bank levy, Ms. Turner researched his objection, read the statute he had referred to (42 U.S.C. Section 207 or IRC Section 407) and determined that Section 207 had nothing to do with the claims in question. She also conducted a Westlaw search and came up with the CFR citation that she relied on in opposing Mr. Huffman's objections and the Motion for reconsideration as well (78 FR at 32099 which has been codified at 31 CFR Part 212, et. seq.) She also conducted an internet search using, to the best of her recollection, search words of social security exemption bank garnishment.
.
Once Mr. Huffman's attorneys cited IRC Section 407, she pulled the text of 31 CFR Part 212, et. seq and researched IRC Section 407. After conducting her research, she continued in good faith to believe that the CFR she had previously cited to in Court controlled.

Neither Mr. Goodman nor Ms. Turner had ever run into a circumstance where there were exempt funds in a bank account in excess of an amount stated by an answering bank as being exempt.

Mr. Holmgren and Mr. Goodman both looked at the motion for reconsideration and believed that there was a good faith basis to make the legal arguments set forth in the firm's pleadings related to the bank levy and exemptions.

Ms. Turner did not see copies of Mr. Huffman's bank statements until after the Motion to Reconsider was filed.

In response to the Motion for Reconsideration, Ms. Turner looked at the Philpott case cited by Mr. Huffman's counsel. Ms. Turner, at the time she prepared the Opposition to the Motion to Reconsider, believed that Philpott was distinguishable, and that the CFR controlled.

Ms. Turner believed that she was exercising her legal discretion and interpretation in good faith.

V.   **ALLEGED CLAIMS BY PLAINTIFF**

The essence of Plaintiff's FDCPA alleged claims are set forth in Count One of the Complaint in the pending action whereby he alleges:

1. Plaintiff maintained a bank account with Chase Bank for the sole purpose of receiving his Social Security benefits via direct deposit.
2. Pursuant to 42 U.S.C. Section 407(a) all funds deposited and held in the account were exempt from garnishment as the account only held Social Security retirement funds.
3. On or about May 26, 2021, Defendant Goodman law served a Writ of Garnishment on Chase Bank.
4. Plaintiff notified Defendant Magic Mountain that the account only held Social Security retirement funds.
5. On June 4, 2021, Plaintiff filed a Request for Hearing on Garnishment
6. On July 12, 2021, the Pinal County Superior Court held a Garnishment Hearing.
7. At the hearing, the parties stipulated the funds were derived solely from Social Security retirement benefits.
8. Goodman Law insisted that the funds were not exempt.
9. The Pinal County Superior Court erroneously granted a Writ of Garnishment.
10. Plaintiff asked multiple times for Goodman Law to release the garnished funds as they were exempt from garnishment pursuant to 42 U.S.C. Section 407(a).
11. On July 23, 2021, Plaintiff filed a Motion for Reconsideration.
12. On January 11. 2022, the Motion for Reconsideration was granted.
13. Goodman Law violated 15 U.S.C 1692c by communicating with Chase Bank without the prior permission from Plaintiff or a court of competent jurisdiction.
14. Goodman Law violated 15 U.S.C. 1692d when Defendants engaged in conduct the natural consequences of which was to harass, oppress or abuse Plaintiff in connection with the collection of a debt.
15. Goodman Law violated 15 U.S.C. 1692e when Defendants used false, deceptive, and/or misleading representations in connection with the collection of a debt.

16. Goodman Law violated 15 U.S.C. 1692f when defendants used unfair or unconscionable means to collect or attempt to collect a debt.
17. Goodman law violated 15 U.S.C. 1692j when Defendants designed, compiled, and/or furnished a misleading Writ of Garnishment to Defendant Chase Bank.

## VI. OPINIONS

1. Defendants Goodman and Magic Ranch did not violate 1692c of the FDCPA by communicating with Chase Bank when they levied upon funds held by Chase Bank in Mr. Huffman's bank account.

   15 U.S.C Section 1692(b) states:

   Communication with third parties

   Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, **or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy**, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. (Emphasis added.)

   On May 25, 2021, the Pinal County Superior Court issued a Writ of Garnishment and Summons dated May 25, 2021, signed by Rebecca Padilla, Clerk of the Court. Any communications by Goodman Law to Chase Bank were either done pursuant to the Writ of Garnishment and Summons or were otherwise reasonably necessary to effectuate a post judgment judicial remedy.

2. Any and all of the alleged violations of the Fair Debt Collections Practices Act were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

   The leading Ninth Circuit case regarding the bone fide error provision of the FDCPA is Kaiser v. Cascade Capital, LLC, 989 F.3d 1127 (2021). In that case, the Ninth Circuit emphasized that debt collectors can avoid liability for violations of the FDCPA by successfully asserting the affirmative defense for bona fide errors. In doing so, the Court was guided by the Supreme Court's decision in *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 130 S. Ct. 1605, 176 L. Ed. 2d 519 (2010)*. Kaiser, supra, at page 1138.

   > First, *Jerman* relied on the presumption that "ignorance of the law will not excuse any person, either civilly or criminally." *Id. at 581* [**19] (quoting *Barlow v. United States, 32 U.S. (7 Pet.) 404, 411, 8 L. Ed. 728 (1833))*. "This maxim . . . normally applies where a defendant has the requisite mental state in respect to the elements of the crime but claims to be 'unaware of the existence of a statute proscribing his conduct.'" *Rehaif v. United States, 139 S. Ct. 2191, 2198, 204 L. Ed. 2d 594 (2019)* (quoting 1 Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law* § 5.1(a) (1986)). In *Jerman,* for example, the debt collector's mistake was as to the requirements of the very law it had violated; hence, the Court held that this "mistaken interpretation

of the legal requirements of the FDCPA" could not support a bona fide error defense. 559 U.S. at 577.

By contrast, the ignorance-of-the-law "maxim does not normally apply where a defendant 'has a mistaken impression concerning the legal effect of some collateral matter and that mistake results in his misunderstanding the full significance of his conduct.'" Rehaif, 139 S. Ct. at 2198 (quoting 1 LaFave & Scott, *Substantive Criminal Law* § 5.1(a)). In such cases, "where the defendant is ignorant of an independently determined legal status or *Substantive Criminal Law* § 5.1(a)). In such cases, "where the defendant is ignorant of an independently determined legal status or condition that is one of the operative facts of the crime . . . the mistake of the law is for practical purposes a mistake of fact." United States v. Fierros, 692 F.2d 1291, 1294 (9th Cir. 1982); *see also* United States v. Currier, 621 F.2d 7, 9 n.1 (1st Cir. 1980) (describing earlier cases in which "an apparent 'mistake of law' was actually a 'mistake of fact' [and therefore could be asserted as a defense] in that the mistake pertained to a question of status which was determined by a law other than the one under which the defendant was prosecuted"). Thus, when a crime has a mens [*1139] rea requirement, a defendant must have that mens rea as to such "a 'collateral' question of law." Rehaif, 139 S. Ct. at 2198.

Kaiser, supra, at pp. 1138-1139.

The present case is analogous to Cascade. In Cascade, the collateral legal element was the applicability of the calculation of the state statute of limitations. In the present case, the collateral legal element was the applicability of and interpretation of CFR.

Although unpublished, the Ninth Circuit provided additional guidance in Sprayberry v. Portfolio Recovery Associates, LLC, Nos 21-36000 and 21-36001 when it said:

> Cascade has allegedly violated the prohibition against misrepresenting the legal enforceability of the debt, 15 U.S.C. § 1692e, and the prohibition against "unfair" collection tactics, *id.* § 1692f. These [**20] allegations necessarily implicate a legal element entirely collateral to the FDCPA: the time-barred status of the debt under state law. This collateral legal element falls outside the ignorance-of-the-law maxim described in Jerman.
>
> As we have explained, the FDCPA offenses at issue lack a mens rea requirement because the statute imposes strict liability. HN19 But the bona fide error defense is the statute's "narrow exception to strict liability." Clark, 460 F.3d at 1177. It relieves liability for certain "unintentional" violations, thereby functioning similarly to a mens rea requirement. *See* Vangorden v. Second Round, Ltd. P'ship, 897 F.3d 433, 441 n.5 (2d Cir. 2018) (explaining that a dispute over mens rea is appropriately considered through the bona fide error defense). …

The following facts support my opinion:

1. Fact supporting the opinion that the actions of Goodman Law were not intentional:

    Ms. Turner was told by the firm's investigator that the investigator had located a bank

account for Mr. Huffman with a substantial balance. After being so informed, Ms. Turner read an article that said that moving funds from the SSN deposit into another account could change the nature of the funds, especially if comingled with other funds.

Ms. Turner discussed the account that had been located with other attorneys in the firm.

Ms. Turner reviewed Chase's Answers to the bank levy which stated that the funds being withheld in the amount of $60,597.25 were the funds available after application of the applicable exemptions. The identified exemption included $4704.00 in Federal Protected Benefits.

Ms. Turner was unaware at the time that she submitted the Application for Writ of Garnishment that there were exempt funds in the account in excess of the exemptions identified in Chase's Answers.

When Mr. Huffman objected to the bank levy, Ms. Turner researched his objection, read the statute he had referred to (42 U.S.C. Section 207 or IRC Section 407) and determined that Section 207 had nothing to do with the claims in question. She also conducted a Westlaw search and came up with the CFR citation that she relied on in opposing Mr. Huffman's objections and the Motion for reconsideration as well (78 FR at 32099 which has been codified at 31 CFR Part 212, et. seq.) She also conducted an internet search using, to the best of her recollection, search words of social security exemption bank garnishment.

Once Mr. Huffman's attorneys cited IRC Section 407, she pulled the text of 31 CFR Part 212, et. seq and researched IRC Section 407. After conducting her research, she continued in good faith to believe that the CFR she had previously cited to in Court controlled.

Neither Mr. Goodman nor Ms. Turner had ever run into a circumstance where there were exempt funds in a bank account in excess of an amount stated by an answering bank as being exempt.

Mr. Holmgren and Mr. Goodman both looked at the motion for reconsideration and believed that there was a good faith basis to make the legal arguments set forth in the firm's pleadings related to the bank levy and exemptions.

Ms. Turner did not see copies of Mr. Huffman's bank statements until after the Motion to Reconsider was filed.

In response to the Motion for Reconsideration, Ms. Turner looked at the Philpott case cited by Mr. Huffman's counsel. Ms. Turner, at the time she prepared the Opposition to the Motion to Reconsider, believed that Philpott was distinguishable, and that the CFR controlled.

Ms. Turner believed that she was exercising her legal discretion and interpretation in good faith.

2. Facts supporting the opinion that Goodman Law maintained procedures reasonably adapted to avoid any such errors.

The firm has a written policy in its Policies and Procedures that anyone that touches debt collection has to take an exam on FDCPA and pass.

The firm has an unwritten policy requiring the attorneys to keep up to date on state and federal laws impacting debt collection and especially in debt collection related to HOA obligations. This policy requires attorneys to stay on top of state and federal law related to debt collections and especially those that relate to the HOA niche.

In furtherance of those policies:

The firm's attorneys have weekly meetings regarding updates to state and federal laws, changes in statutes and particular cases that need to be round tabled.

The firm is a member of CAI and AACM

All attorneys attend CLEs that are relevant to the practice area of HOA law including HOA debt collection related laws and regulations.

Every year all attorneys go to the CAI conference and attend sessions on debt collection in the HOA niche.

In 2021 and 2022, there were monthly meetings where new cases and laws are discussed.

The attorneys of the firm also met individually or in groups with Mark Holmgren on a regular cadence after the monthly meetings to discuss case law and statutory law related to, among other things, debt collection in the HOA niche.

The firm also conducted ad hoc meetings approximately every 2 weeks to supplement discussions on state and federal law impacting the firm's practice.

The firm's attorneys receive the CAI Law Reporter roughly weekly which summarizes relevant case law and new statutes related to HOA representation.

                                              Respectfully submitted,

**HARVEY M. MOORE, ESQ.**
The Moore Law Group
3710 S. Susan Street
Santa Ana, CA 92704
(714) 431-2001

Mr. Moore has practiced law in California since December, 1981 and is rated "A-V" in the Martindale-Hubbell Legal Directory.

Mr. Moore is a Past-President of the National Creditors Bar Association.

Mr. Moore is the President of The Moore Law Group, a professional corporation, a California corporation, with offices in California, Arizona, Colorado, New Mexico and Nevada.

Mr. Moore is the current President of the California Creditors Bar Association.

Mr. Moore was named the National Creditors Bar Association 2020 Member of the Year.

As the President of The Moore Law Group, Mr. Moore is responsible for all practice areas of the firm, including business transactions, business litigation, the collection of consumer and commercial debt, and advising lenders, debt buyers and collection agencies on debt collection related issues including compliance with state and federal laws impacting the debt collection industry and defending lawsuits brought under those laws.

Mr. Moore has been retained as an expert witness in a number of cases brought by consumers against financial service providers, collection agencies, collection law firms and credit grantors.

Mr. Moore is licensed to practice law in the state of California, and is admitted to practice in the United States District Courts for the Northern, Eastern, Central and Southern Districts of California, the United States District Court for the District of Colorado, the 9th Circuit Court of Appeal and the United States Supreme Court.

Mr. Moore is a 1981 graduate of both the UCLA School of Law and the UCLA Graduate School of Management and a 1977 graduate of the University of California, Berkeley.

Mr. Moore has been a panelist at the FTC Debt Collection Dialogue (November, 2015), the FTC/CFPB Debt Collection and the Latino Community Roundtable (2014), and the FTC Debt Collection Roundtable (2009). Mr. Moore has spoken to numerous conferences and groups throughout the country on a variety of creditors rights topics including Debtor and Consolidator Scams, the Fair Credit Reporting Act and the Legislative and Administrative Enforcement Agendas in the Credit Industry.

**Accomplishments:**

- Named the National Creditors Bar Association 2020 Member of the Year.
- Selected as one of the Top Attorneys in Collections in 2018 by Collection Advisor.
- Served five two year terms as a Board Member of the National Creditors Bar Association (NCBA), formally known as NARCA.

- President of NCBA – 2015-2017
- President Elect of NCBA – 2014-2015
- Current President of the California Creditors Bar Association
- Current Chair ir of the Advocacy Committee of the California Creditors Bar Association
- Past Chair of the NCBA Education Pillar
- Past Chair of the NCBA Professional Standards Pillar
- Past Chair of the NCBA Education Conferences Advisory Committee
- Past Chair of the NCBA Amicus Brief Committee
- Past Co-Chair of the NCBA Laws and Legislation Committee
- Past Chair of the NCBA Task Force on Debtor/Consolidator Scams and Fraud
- Founding Board Member of the California Creditors Bar Association
- Four years as a Board Member of the California Creditors Bar Association
- Two Years as President of the California Creditors Bar Association (2010-2012)