# Exhibit 8

# Exhibit 8

FILED
Rebecca Padilla
CLERK, SUPERIOR COURT
08/05/2021 1:28PM
BY: RPERRONE
DEPUTY

**GOODMAN HOLMGREN SMITH**

3654 North Power Road, Suite 132
Mesa, Arizona 85215
(844) 346.6352
Ashley@goodlaw.legal
*Attorneys for Plaintiff*
By:    Ashley N. Moscarello, Esq. – Bar No. 032572

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF PINAL

| | |
|---|---|
| Magic Ranch Estates Homeowners Association; <br><br> Plaintiff, <br><br> vs. <br><br> Everett Huffman; Unknown Heirs and Devisees of Each of the Named Defendants if Deceased; John Does I-V; Jane Does I-V; Black Corporations I-V; White Partnerships I-V; Gray Limited Liability Companies I-V; <br><br> Defendants. | Case No.: S1100CV201501738 <br><br> **RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION** <br><br> Assigned to the Honorable Joseph R. Georgini |

Plaintiff/Judgment Creditor Magic Ranch Estates Homeowners Association ("Association"), consistent with Rule 7.1(e), Ariz.R.Civ.P., and the Court's August 8, 2021 Notice Regarding Motion for Reconsideration allowing a Response, hereby files its Response in Opposition to Defendant Huffman's Motion for Reconsideration of the Court's July 13, 2021 Minute Entry. This Response is supported by the following Memorandum of points and authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

I.    BACKGROUND

Huffman continues his long-standing tradition of attempting to get multiple bites at the apple after unsuccessfully arguing his points at a hearing in this Court. Huffman had his chance to present his arguments at a Hearing in this matter, where the Association properly

supported its position and entitlement to the funds at issue and the Court found in the Association's favor. Huffman now seeks to present new arguments to this Court and further delay the processing of the remaining funds to the Association. Even if Huffman had cited to the correct statute at the July 13 Hearing, the full amount of funds in the account are not protected per Federal regulations.

The Garnishee JPMorgan Chase Bank, National Association ("Garnishee" or "Chase Bank") filed an Answer on or around June 8, 2021, revealing that it was in fact in possession of monies of the Defendant Everett Huffman ("Huffman" or "Defendant") at the time of service of the Writ, in the amount of $60,597.25, after deducting the applicable statutory exemptions.

During the Hearing on July 13, the representative for the Garnishee, Brenda Lariosa, testified that Chase Bank withheld certain funds as exempt consistent with Federal law and confirmed for the Court that not all funds in the account are exempt. Ms. Lariosa's explanation and processes applied in this matter are consistent with the applicable laws as summarized below for the Court.

This Court should deny Huffman's Motion for Reconsideration and allow the Association to proceed with garnishment of the unprotected funds.

II.  ARGUMENT

The Association is entitled to garnish any amounts that are in a particular account that are in excess of the protected amount(s). Not all Social Security benefits deposited into an account are protected from garnishment.

In 2011, several federal agencies, including the Social Security Administration, issued a rule (i.e., interagency regulation) that financial institutions are required to follow when it receives a garnishment order against an account holder who is receiving Federal benefit payments via direct deposit, including Social Security benefits via direct deposit. The Final rule was published on May 29, 2013 at 78 FR at 32099, which is the citation counsel cited at the July 13 Hearing. The process that financial institutions must follow is codified at 31 CFR Part 212[1]. Specifically, Section 212.5 states:

---

[1] The Code of Federal Regulations (CFR) is the codification of the general and permanent

2

> When served a garnishment order issued against a debtor, a financial institution **shall perform an account review**...no later than two business day following receipt of (a) the order, and (b) sufficient information from the creditor that initiated the order to determine whether the debtor is an account holder...If the account review shows that a benefit agency deposited a benefit payment into the account during the lookback period, then the financial institution shall follow the procedures in §212.6.

This is the process Chase Bank undertook in this matter – that is, confirmed that the Debtor, Huffman, was an account holder and reviewed the account to determine whether there were any benefitted payments directly deposited into the account during the "lookback period" that would need to be released from the amounts withheld to be paid to the judgment creditor.

The "lookback period" is defined as "the two month period that begins on the date preceding the date of account review and ends on the corresponding date of the month two months earlier." *See* 31 CFR § 212.3. "Protected amount" means, "the lesser of the sum of all benefit payments posted to an account between the close of business on the beginning date of the lookback period and the open of business on the ending date of the lookback period, or the balance in an account when the account review is performed." *See* 31 CFR § 212.3. "Funds" are defined as "Federal benefit payments protected from garnishment," including SSA benefit payments protected under 42 U.S.C. 407. *See* 31 CFR § 212.3.

> Section 212.6 goes on to state:
> The financial institution shall immediately calculate and establish the protected amount for an account. The financial institution shall ensure that the account holder has full and customary access to the protected amount, which the financial institution shall not freeze in response to the garnishment order...**For any funds in an account in excess of the protected amount, the financial institution shall follow its otherwise customary procedures for handling of garnishment orders, including the freezing of funds.**

*See* 31 CFR § 212.6(a); (d) (emphasis added).

In summary, the Federal regulation requires financial institutions, like Chase Bank, to calculate and release any exempt funds that are deposited into the account within the preceding two-month period, but also requires the banks to freeze <u>any funds in excess of the</u>

---

rules published in the Federal Register by departments and agencies of the Federal Government.

3

protected amount. So, to be sure, the Association is not entitled to all of the Social Security benefits in Huffman's account – but it is not making that argument. The Association is entitled to any funds in the account that are in excess of the protected amount consistent with the Federal regulation governing this process.

The examples regarding the calculation of the "protected amount" provided in Appendix C to Part 212 of the Federal Regulations are illustrative here. Specifically, Example 2 explains:

> A financial institution receives a garnishment order against an account holder for $8,000 on December 2. The date of account review is the same day, December 2, and the balance in the account when the account review is performed is $5,000. The lookback period begins on December 1, the date preceding the date of account review, and ends on October 1, the corresponding date two months earlier. The account review shows that three Federal benefit payments were deposited to the account during the lookback period totaling $4,500, one for $1,500 on December 1, another for $1,500 on November 1, and a third for $1,500 on October 1. Since the $4,500 sum of the three benefit payments posted to the account during the lookback period is less than the $5,000 balance in the account when the account review is performed, the financial institution establishes the protected amount at $4,500 and seizes the remaining $500 in the account consistent with State law. The financial institution is required to send a notice to the account holder.

See 31 CFR Appendix C to Part 212 (Examples of the Lookback Period and Protected Amount). This illustration is comparable to what happened in this case, which is consistent with the federal requirements.

Chase Bank was served with the Writ on May 26, 2021, and signed its Answer on May 27, 2021. The account review likely happened on May 27, 2021, meaning the "lookback period" would be the preceding two-month period – from March 26, 2021 through May 27, 2021. During that period, Chase Bank identified two Social Security deposits, each in the amount of $2,352.00 – one made on April 28, 2021 and one on May 26, 2021. Those amounts were set aside as exempt, as noted in Chase Bank's Answer (releasing $4,704 as "Federal Protected Benefits," in addition to the $1,400 Federal Stimulus Protection, the $75 COAL Processing Fee, and the $300 state statutory exemption amount). Chase Bank was required to perform this review and exempt the benefits that are entitled to protection consistent with the

Federal Regulations.

Chase Bank then noted that it was withholding $60,597.25 to pay to the Judgment Creditor, which is <u>the amount remaining in the account in excess of the protected benefits</u>. That amount, per Federal law, is subject to the ordinary garnishment proceedings, including freezing the funds to be collected by the Judgment Creditor. There is no limitation on the "excess" funds in the account – the regulation merely states that the Bank should freeze the <u>remaining excess funds</u>, which are subject to garnishment.

The Federal regulations do not need to amend the Social Security Act in order to be binding on the parties and applicable to the facts here. The simple fact remains that the *only* protected amounts of Social Security benefits in Huffman's account were the two payments identified by Chase Bank. The entire account is not protected.

III.  <u>CONCLUSION</u>

For the foregoing reasons, the Association respectfully requests this Court to deny Huffman's Motion for Reconsideration.

The Association also respectfully requests this Court grant the Association its attorneys' fees and costs incurred in responding to this matter pursuant to A.R.S. §§ 12-341 and 12.341.01.

DATED this __5__ day of August, 2021.

Goodman Holmgren Smith

*/s/Ashley N. Moscarello*
Ashley N. Moscarello, Esq.
*Attorney for Judgment Creditor*

**CERTIFICATE OF MAILING**

ORIGINAL of the foregoing e-filed this ___5___ day of August, 2021 with:

The Clerk of the Court

COPIES of the foregoing mailed this same day to:

JPMorgan Chase Bank, National Association
Court Orders and Levies
PO Box 183164
Columbus, OH 43218-7022
*Garnishee*

Floyd W. Bybee
Bybee Law Center, PLC
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226
*Attorney for Judgment Debtor*

By: _____

**THIS FIRM ACTS AS A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL**

