**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 800
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Nicole M. Goodwin, SBN 024593; goodwinn@gtlaw.com
Adrianna Griego Gorton, SBN 031836, gortona@gtlaw.com
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bruce E. Huffman,<br><br>   Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank, N.A.; Goodman Holmgren Law Group, LLP; and Magic Ranch Estates Homeowners' Association,<br><br>   Defendants. | Case No. 2:22-cv-00903-JJT<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Assigned to the Hon. John J. Tuchi) |

Defendant JPMorgan Chase Bank, N.A. ("Chase" or "Defendant"), through undersigned counsel, moves for summary judgment in its favor on all claims pleaded in Plaintiff Bruce E. Huffman's ("Huffman" or "Plaintiff") Complaint (Doc. 1). Chase's Motion is supported by its Statement of Facts ("SOF") incorporated herein by this reference, the following Memorandum of Points and Authorities, and the Court's entire record in this matter.

Plaintiff's claims fail in their entirety as a matter of law. Plaintiff attempts to lay blame upon Chase for simply holding funds subject to a validly served writ of garnishment issued by the Superior Court for Pinal County and then releasing the funds upon receipt of the writ's reversal. Despite the glaring legal deficiencies, Plaintiff has

insisted on litigating his claims of unjust enrichment and conversion as to Chase. Both claims fail.

First, Plaintiff's claim for unjust enrichment fails as there is no dispute that Plaintiff's relationship with Chase is contractual and governed by Chase's Deposit Account Agreement. Second, Plaintiff cannot meet the basic elements of a claim for conversion – that he had the right to immediate possession of the funds on deposit with Chase. Finally, even if Plaintiff could meet his burden to sustain a claim for unjust enrichment or conversion, Plaintiff has failed to provide any admissible evidence regarding the alleged damages he has suffered (or that Chase caused those damages). In addition, the categories of damages that Plaintiff seeks are barred by the express terms of the Deposit Account Agreement. As such, summary judgment is appropriate and must be granted in favor of Chase.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   FACTUAL BACKGROUND

#### A.   Plaintiff and Chase's Relationship was Governed by a Deposit Account Agreement.

On or around December 2018, Plaintiff was informed that he was entitled to monthly retirement benefits in the amount of $2,224.00 beginning in November 2018 with payments of $2,286.00 thereafter. SOF ¶ 1. Around the same time, Plaintiff opened a Chase Premier Plus Checking Account (the "Account"). SOF ¶ 2. In opening the Account, Plaintiff "acknowledge[d] receipt of the Bank's Deposit Account Agreement . . . . which includes all provisions that apply to this deposit account . . . and agree to be bound by the terms and conditions contained therein as amended from time to time." SOF ¶ 3. Thereafter, Plaintiff received monthly direct deposits of his social security benefits into the Account. SOF ¶ 4.

Plaintiff and Chase's relationship was governed by Chase's Deposit Account Agreement ("DAA") to which Plaintiff agreed when opening his Chase banking account. SOF ¶ 20.

The DAA states the following regarding garnishments:

> If we receive any legal process relating to you or your account, you authorize us to comply with it. "Legal process" means any document that appears to have the force of law that requires us to hold or pay out funds from your account, including a ***garnishment***, attachment, execution, levy or similar order. ***We do not have to determine whether the legal process was validly issued or enforceable.*** If a hold is in effect, we will continue to charge any applicable fees even though the account cannot be closed. We also may remove your Overdraft Protection if a hold is placed, but you may ask us to relink your accounts after the hold is removed. As permitted by law, we will deduct from your balance a Legal Processing Fee or costs and expenses we incur in complying with the order, or both.
>
> If any action, including administrative proceedings, garnishment, tax levies, restraining orders or another action is brought against you or your account, you will be liable to us for any loss, cost or expense (including attorneys' fees) resulting from our compliance with any legal process.
>
> If we receive any subpoena, court order or request for information or documents from a government entity or arbitration panel relating to your account, we are authorized to comply with it. If we are required to answer a subpoena or similar order requesting records of your account, we may charge you a Research Fee, less any amount we are paid by the person issuing the subpoena before we deliver our response.

SOF ¶ 21.

The DAA also grants Chase the following rights, in relevant part:

> There are many reasons we may decline or prevent transactions to or from your account, but we generally do it to protect you or us, or to comply with legal requirements. We may decline or prevent any or all transactions to or from your account. We may refuse, freeze, reverse or delay any specific withdrawal, payment or transfer of funds to or from your account, or we may remove funds from your account to hold them pending investigation, including in one or more of the following circumstances:
>
> • Your account is involved in any legal or administrative proceeding;
>
> * * *
>
> • We reasonably believe that doing so is necessary to avoid a loss or reduce risk to us.

3

\* \* \*

> We also may limit cash deposits to, or withdrawals from, your account (or all of your accounts collectively) in a single transaction or total withdrawals or deposits during any period of time, or who may make deposits, in order to reduce risk and/or enhance our efforts to comply with applicable law.
>
> We will have no liability for any action we take under this section.

SOF ¶ 22.

### B. Chase Complies with a Writ of Garnishment Issued by the Pinal County Superior Court.

As alleged by Plaintiff, "[o]n or about May 26, 2021, Defendant Goodman Law served a Writ of Garnishment in the amount of $60,597.25 upon Defendant Chase Bank" related to litigation between Plaintiff and Magic Ranch Estates Homeowners Association (the "Underlying Matter"). SOF ¶ 5. Plaintiff alleges that he "informed Defendant Magic Ranch that the funds in Mr. Huffman's Chase account only contained his Social Security retirement benefits[.]" SOF ¶ 6. Plaintiff also alleges that Defendant Goodman Law should have known that the funds in his Chase account were exempt. SOF ¶ 6. Plaintiff acknowledges that after the Pinal County Superior Court held a Garnishment Hearing on July 12, 2021, it, once again, issued the Writ. SOF ¶ 7. Indeed, on July 13, 2021, the court in the Underlying Matter reaffirmed the Writ of Garnishment as originally issued. SOF ¶ 8. Chase complied with the Writ of Garnishment pursuant to the provisions outlined in the DAA and Arizona law.

### C. The Pinal County Superior Court Holds that Plaintiff's Social Security Funds are not Subject to Garnishment.

On July 23, 2021, Plaintiff filed a Motion for Reconsideration. SOF ¶ 9. In his Motion for Reconsideration, Plaintiff requested reconsideration of the court's July 13, 2021 Minute Entry arguing that because the Account consisted of social security benefits, the funds were exempt from garnishment. *Id*. Thereafter, on August 16, 2021, Plaintiff filed his Reply in support of his Motion for Reconsideration. SOF ¶ 10. In his Reply, Plaintiff admitted that Chase had "NO authority to determine what is and what is not

4

exempt – it is only charged with determining the amount that is 'protected' under the bank regulation, 31 CFR § 212.4." SOF ¶ 11. Plaintiff further requested that the court "enter an order declaring that all the funds held in Mr. Huffman's Chase Bank account at the time of the service of the writ of garnishment are exempt, that they are not attachable by Plaintiff's writ of garnishment, and the garnishment be quashed." SOF ¶ 12.

After briefing and an evidentiary hearing, on January 11, 2022, the court issued its Under Advisement Ruling on Plaintiff's Motion for Reconsideration ("Ruling"). SOF ¶ 13. The court's Ruling granted Plaintiff's Motion for Reconsideration and held that "the Social Security benefits held in Huffman's Chase bank account were exempt, and therefore are not subject to garnishment." SOF ¶ 14. However, the Ruling did not release Chase as a garnishee, did not quash the Writ of Garnishment, nor did it order Chase to perform any action. *Id.*

### D. Chase Releases the Hold on Plaintiff's Account.

Although the Court ruled that the Social Security retirement benefits in the Account were exempt from garnishment, the Court did not release Chase from the Writ of Garnishment. SOF ¶ 15. Chase was not released as a Garnishee until January 27, 2022 – more than two weeks after the Court's Under Advisement Ruling. *Id*. On or around February 14, 2022, Chase's Court Order And Levies ("COAL") received the Order Quashing the Writ and the Under Advisement ruling, and it released the hold just two short weeks after on February 28, 2022. SOF ¶ 16. Thereafter, Chase attempted to contact Plaintiff and inform him that the hold had been lifted but was unable to do so. SOF ¶ 17. Chase then sent Mr. Huffman a letter on March 2, 2022 informing him that the hold had been released on February 28, 2022. SOF ¶ 18. However, because Plaintiff would only accept the funds in cash (which needed to be ordered), Plaintiff did not receive his funds until March 26, 2022. SOF ¶ 19.

## II. BRIEF PROCEDURAL HISTORY

Plaintiff filed his Complaint on May 25, 2022 (Doc. No. 1). On June 1, 2022 Chase filed a Motion to Dismiss Plaintiff's Complaint in its entirety (Doc. No. 15). After

the Motion to Dismiss was fully briefed, the Court granted in part and denied in part, Chase's Motion to Dismiss (Doc. No. 45). Specifically, the Court dismissed Count Two (Violations of the Social Security Act), Count Three (Violations of Federal Banking Regulations), and Count Seven (Intentional Infliction of Emotional Distress) as to Chase. Additionally, regarding the remaining claims of Count Five (Conversion) and Count Six (Unjust Enrichment), the Court set the following limitation: "Count Five (Conversion) and Count Six (Unjust Enrichment) will proceed as against Defendant Chase Bank but **only for the time period after January 11, 2022**." Doc. No. 45 at 22.

### III.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where, as here, "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(c). Courts should grant summary judgment where, after viewing the evidence presented in a light most favorable to the non-moving party, there is no genuine dispute as to any material fact. *See Rudinsky v. Harris*, 231 Ariz. 95, 98 (App. 2012). Where "no reasonable juror could conclude" that a party could be responsible for the alleged harm based on the evidence produced, "it would effectively abrogate the summary judgment rule to hold that the motion should be denied …." *Orme Sch. v. Reeves*, 166 Ariz. 301, 310–11, 802 P.2d 1000, 1009–10 (1990) (reversing trial court's denial of motion for summary judgment where the record indicated the chances were "one out of one hundred that … the movant was a tortfeasor…").

### IV.  ARGUMENT

#### A.  Plaintiff's Unjust Enrichment Claim Fails as a Matter of Law.

To establish a claim for unjust enrichment under Arizona law, a party must show: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) the absence of a justification for the enrichment and the impoverishment; and (5) the absence of a legal remedy. *Bd. of Trustees of Az. Bricklayers' Pension Tr. Fund v. Obeso*, No. CV-18-01765-PHX-JGZ, 2019 WL 4169005, at *2 (D. Ariz. Sept. 3, 2019).

Plaintiff cannot prevail on his unjust enrichment claim. At the motion to dismiss phase, this Court stated as follows:

> "'[A] party's right to seek unjust enrichment is not controlled by whether the party has an 'adequate' remedy at law—in the sense of providing all the relief the party desires—**but by whether there is a contract which governs the relationship between the parties.**'" *Trustmark Ins. Co. v. Bank One, Ariz., NA*, 48 P.3d 485, 491 n.5 (Ariz. Ct. App. 2002).
>
> * * *
>
> The Complaint does not allege the existence of a contract, so the Court finds that Plaintiff has sufficiently alleged that he does not have a legal remedy. And though Chase Bank asserts that there is a contract that governs the relationship of the parties, **the existence of a contract is not a fact at this phase of the case**. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.").

*See* Doc. No. 45 at 14.

Now, there is no longer a dispute – Plaintiff and Chase's relationship is governed by a contractual agreement: the Deposit Account Agreement which governs this matter. SOF ¶ 20. As such, Plaintiff's claim fails as a matter of law. "[W]here there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application." *Brooks v. Valley Nat'l. Bank*, 113 Ariz. 169, 174, 548 P.2d 1166, 1171 (1976). Because there is no genuine issue of material fact that the relationship between the parties is governed by a valid and enforceable contract, Plaintiff's claim for unjust enrichment fails as a matter of law.

However, even if the DAA did not govern this matter, Plaintiff cannot meet his burden. Plaintiff has not articulated, and cannot provide any admissible evidence, related to how Chase was allegedly "enriched," how he was "impoverished," or that Chase's actions were "unjust." This is because the required supporting facts simply do not exist. When asked to identify the factual and legal basis for the allegation that Chase had reaped benefits from the alleged use of Plaintiff's funds, Plaintiff simply responded that "[b]anks

typically invest/re-lend depositor funds." SOF ¶ 23. This is insufficient to form the basis for an *unjust* enrichment claim. As such, Plaintiff's claim fails as a matter of law and summary judgment is appropriate.

### B. Plaintiff's Claim For Conversion is Without Merit.

Under Arizona law, conversion is "an act of wrongful dominion or control over personal property in denial of or inconsistent with the rights of another." *Case Corp. v. Gehrke,* 91 P.3d 362, 365 (Ariz. Ct. App. 2004). "To maintain an action for conversion, a plaintiff must have had the right to immediate possession of the personal property at the time of the alleged conversion." *Id.*; *Empire Fire & Marine Ins. Co. v. First Nat. Bank,* 26 Ariz. App. 157, 159 (Ct. App. 1976) ("In order to maintain an action for conversion the plaintiff must show that at the time of the conversion he was in possession of the property or was entitled to the immediate possession thereof.").

Put simply, a claim for conversion under Arizona law cannot fit the facts of this matter. Money allegedly consisting of social security payments in a bank account, which are then frozen pursuant to a garnishment order and then returned upon lifting of the order, cannot be "converted" under Arizona law. In *York v. JPMorgan Chase Bank*, No. CV-18-04039-PHX-SPL, 2019 U.S. Dist. LEXIS 136137, at *15-16 (D. Ariz. Aug. 12, 2019), this Court explained that "[g]enerally, a bank and depositor have a debtor-creditor relationship, meaning **the bank** has the right to possess deposited money and the depositor cannot claim conversion." (Emphasis added). In *York*, the plaintiff's claim for conversion was dismissed because it was clear that "this case is the type of case the court refers to as a 'mere creditor-debtor' situation." *Id*. at *16. The same holds true here.

While the funds on deposit with Chase were Social Security funds, the funds where not deposited in a "specific account for a specific purpose," and Chase did not fail to give Plaintiff his funds in accordance with such specific purpose. Instead, Plaintiff deposited his funds into a general bank account; therefore, "this case 'involves a claim against a debtor for conversion of the funds representing indebtedness'" and a claim for conversion fails as a matter of law. *Id*.

**C.     Plaintiff Has Not Suffered Any Damages But, Even If He Had, Such Damages Are Precluded By The Terms of the Deposit Account Agreement.**

Even if Plaintiff could somehow manage to prevail on either his unjust enrichment or conversion claim, Plaintiff has failed to disclose any alleged damages or viable theory of damages. This is likely because Plaintiff has not suffered any damages.

When asked for a calculation of damages, Plaintiff responded as follows:

> Pursuant to the Court's March 29, 2023 Order (Doc. 45), Plaintiff seeks damages for the loss of use of his $60,597.20 from January 11, 2022, the date the Pinal County Superior Court issued an order ruling that those funds were exempt from garnishment, until March 21, 2022, the date Chase finally released those funds to Plaintiff. Plaintiff also seeks compensation for the mental stress and anguish he suffered as a result of Defendants' conduct. Plaintiff also seeks compensation for attorneys' fees and costs incurred in the Pinal County action in an effort to free his funds.

SOF ¶ 24. As indicated by Plaintiff, he is seeking three categories of damages: (1) damages for the loss of use of his funds from January 11, 2022 to March 21, 2022; (2) compensation for the mental stress and anguish he allegedly suffered; and (3) compensation for attorneys' fees and costs incurred in the Pinal County action in an effort to free his funds. SOF ¶ 25. None of these categories present a viable damage theory.

First, Plaintiff has not provided any testimony or documentary evidence related to an alleged loss of the use of his funds for any time period. In his deposition, Plaintiff testified that his Chase account was opened solely to direct deposit his Social Security benefits. SOF ¶ 26. Plaintiff further testified that he did not use the funds for living expenses, did not use the funds for investment purposes, and did not withdraw funds until his account was frozen due to the writ of garnishment. SOF ¶ 27. Indeed, Plaintiff's bank statements show that every month, there was a direct deposit of social security benefits, there were no other debits or credits to the account, and Plaintiff did not make any withdrawals until after the account was frozen. SOF ¶ 28.

When asked specifically about loss of use of the funds, Plaintiff speculated that he may have used the funds to purchase a car, invest in the stock market, or purchase real estate investment properties. SOF ¶ 29. However, when pressed, Plaintiff admitted that he had not been denied any car loans, did not purchase any stock with the funds when he had use of the funds, and had not previously purchased any real estate investment properties with the funds (or any other funds) in the last 20 years. SOF ¶ 30. Plaintiff was unable to describe any alleged damages stemming from the alleged use of funds. *See* SOF ¶ 31.

Second, regarding mental stress and anguish, not only was Plaintiff unable to quantify any alleged damages, but he also admitted that he has not been diagnosed with any medical condition, including any related to his mental health, that was caused by any alleged conduct by Chase. SOF ¶ 32.

Third, the Court has already limited any liability related to Chase's conduct (if any alleged liability can be proven, which it cannot) to "**only for the time period after January 11, 2022.**" Doc. No. 45 at 22 (emphasis in original). Despite the clear and unambiguous limitation imposed by the Court, Plaintiff asserts that he is entitled to attorneys' fees and costs related to the underlying action. This directly contradicts the Court's prior Order. However, even if Plaintiff could make some argument regarding this alleged category of documents, Plaintiff has failed to (1) disclose the amount of attorneys' fees he allegedly incurred or (2) provide any documentation relating to the alleged attorneys' fees. SOF ¶ 33.

Finally, while it is clear that Plaintiff has not suffered any damages, Plaintiff is precluded from claiming indirect, special, or consequential damages. The DAA, which governs the relationship between Plaintiff and Chase, states in clear and unequivocal terms (and **BOLD** and **CAPITAL** letters) that Chase "**WILL NOT BE LIABLE FOR INDIRECT, SPECIAL, OR CONSEQUENTIAL DAMAGES REGARDLESS OF THE FORM OF ACTION AND EVEN IF WE [CHASE] HAVE BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.**" *See* SOF ¶ 34 (emphasis in

original). Yet, all of Plaintiff's alleged damages are "indirect, special or consequential." As such, Plaintiff is precluded from recovering these damages under the express terms of the DAA as a matter of law. *See e.g., Blackford v. JPMorgan Chase Bank, N.A.*, No. 1:14-cv-01717-JMS-DKL, 2015 U.S. Dist. LEXIS 152176, at *16-17 (S.D. Ind. Nov. 10, 2015) (holding that the damage limitations clause is "valid and enforceable"); *see also Patterson v. J.P. Morgan Chase Bank*, 2013 U.S. Dist. LEXIS 7259, 2013 WL 182813, *3 (E.D.N.Y. 2013) (holding that "the Account Agreement forecloses any claim for consequential damages").

## V. CONCLUSION

For the foregoing reasons, Chase respectfully requests the Court grant its Motion, and enter summary judgment in its favor on Plaintiff's Complaint in its entirety. Chase also requests an award of its attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01.

DATED this 26th day of January 2024.

GREENBERG TRAURIG, LLP

By: */s/ Adrianna Griego Gorton*
Nicole M. Goodwin
Adrianna Griego Gorton
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

# CERTIFICATE OF SERVICE

☒ I hereby certify that on January 26, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Robert T Mills
Sean A Woods
MILLS +WOODS LAW PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona, 85014
Telephone ( 480) 999-4556
docket@millsandwoods.com
*Attorneys for Plaintiff*

Donald Wilson, Jr.
Jathan P. McLaughlin
BROENING OBERG WOODS & WILSON, P.C.
2800 N. Central Ave., Ste. 1600
Phoenix, Arizona 85004
*Attorneys for Defendant Goodman Holmgren Law Group, LLP*

By: */s/ Carolyn Smith*
Employee, Greenberg Traurig, LLP