# EXHIBIT 8

Filed on 7/13/2021 2:28:41 PM

# IN THE SUPERIOR COURT

2:04 P.M. Hearing starts
2:19 P.M. Hearing ends

### PINAL COUNTY, STATE OF ARIZONA

### Date: 07/12/2021

| | |
|---|---|
| **THE HON JOSEPH R GEORGINI,** | **REBECCA PADILLA, CLERK** |
| **Courtroom: 301** | |
| Court Reporter: LIBERTY | By Deputy Clerk: H.ROE |

| | |
|---|---|
| **MAGIC RANCH ESTATES HOMEOWNERS ASSOCIATION, an** Arizona non-profit corporation, | ) ) ) **S1100CV201501738** |
| | ) |
| **Plaintiff/Counterdefendant** | ) **MINUTE ENTRY ACTION:** ) |
| | ) |
| **vs.** | ) **GARNISHMENT HEARING** ) |
| | ) |
| **EVERETT HOFFMAN, aka EVERETT HUFFMAN,** an unmarried man; | ) ) ) |
| | ) |
| **Defendant/Counterclaimant.** | ) ) |
| | ) |

PRESENT:   Counsel for Plaintiff, Ashley Moscarerllo, appearing telephonically.

Defendant, Everett Huffman, appearing in propria persona.

Representatives Jeffery Boucher and Brenda Lariosa appearing telephonically on behalf of Garnishee.

Pursuant to Arizona Supreme Court Administrative Order No. 2020-75; IT IS ORDERED that all court participants and visitors wear their own mask, or other face-covering, when entering the courthouse. A COVID-19 screening protocol is in place as you enter through security, which may include body temperature screening. Persons who refuse to cooperate with, or who do not pass established screening protocols, or refuse to wear a mask or face covering shall be excluded from entering the courthouse.

This is the time set for a Garnishment Hearing.

Discussions are held regarding the amount owed by the Defendant and his protected Social Security funds.

Brenda Lariosa is sworn by the Court and examined.

HUFFMAN-000179

Filed on 7/13/2021 2:28:41 PM

Defendant Exhibit #1 is marked by the Clerk as reflected on the Exhibit list and admitted by stipulation of the parties.

Brenda Lariosa is further examined by the Court.

Closing statements of the parties are presented.

Plaintiff being entitled to the full requested amount; IT IS ORDERED granting the Writ of Garnishment in the sum of $60,597.25.


**ALL PARTIES REPRESENTING THEMSELVES MUST KEEP THE CLERK OF THE SUPERIOR COURT UPDATED WITH ADDRESS CHANGES.**


<u>**Mailed/distributed copy:**</u> 7/13/2021

EVERETT HUFFMAN
24598 N SAGUARO WAY
FLORENCE AZ 85132

ASHLEY N. MOSCARELLO
GOODMAN LAW GROUP
3654 N. POWER RD., STE 132
MESA, AZ 85215

<u>**Office Distribution:**</u>
**JUDGE/GEORGINI**

HUFFMAN-000180

# EXHIBIT 9

1  Floyd W. Bybee, #012651
   **BYBEE LAW CENTER, PLC**
2  90 S. Kyrene Rd., Ste. 5
   Chandler, AZ 85226-4687
3  Office:  (480) 756-8822
   Fax: (480) 302-4186
4  floyd@bybeelaw.com

5  Attorney for Defendant

6              **SUPERIOR COURT OF ARIZONA**

7                    **PINAL COUNTY**

8  _____ )  CASE NO. S1100CV201501738
                               )
9  Magic Ranch Estates         )
   Homeowners Association, an   )
10 Arizona non-profit corporation, )
                               )  **MOTION FOR RECONSIDERATION**
11       Plaintiff,            )  **OF MINUTE ENTRY RULING**
                               )  **DETERMINING NON-EXEMPT**
12 v.                          )  **STATUS OF DEFENDANT'S**
                               )  **SOCIAL SECURITY BENEFITS**
13 Everett Huffman,            )  **AND SUPPORTING MEMORANDUM**
                               )  **OF POINTS AND AUTHORITIES**
14                             )
                               )
15       Defendant.           )  (Oral Argument Requested)
                               )
16 _____ )

17              **MOTION FOR RECONSIDERATION**

18        Pursuant to Ariz. R. Civ. P. Rule 7.1(a), Defendant moves this

19 Honorable Court for reconsideration of its ruling entered through Minute

20 Entry dated July 13, 2021 wherein it found that the Social Security

21 benefits held in Mr. Huffman's Chase bank account were non-exempt,

22 and subject to garnishment. As will be shown below, the applicable

23 statutes and case law make it clear that *all* Social Security Benefits are

24 exempt from "execution, levy, attachment, garnishment, or other legal

25 process." 42 U.S.C. § 407(a).

1

2    **MEMORANDUM OF POINTS AND AUTHORITIES**

3    **I.    Proceedings.**

4    On June 6, 2021, Mr. Huffman filed a Request of Judgment

5 Debtor for Hearing on Garnishment of Non-Earnings. The requested

6 hearing was held on July 12, 2021, with Mr. Huffman appearing *propria*

7 *persona*, Plaintiff appearing through counsel Ashley Moscarello, and two

8 representatives of the garnishee Chase Bank appearing telephonically.

9 (*See* Minute Entry Order dated July 13, 2021; hereinafter "Minute

10 Entry")

11    During the hearing Mr. Huffman presented a complete copy of his

12 bank account statements beginning when the account was opened

13 through June 2021. (Exhibit A, ¶ 5: Declaration of Everett Huffman)

14 The bank statements were marked as Exhibit 1, and admitted by

15 stipulation of the parties.[1] (Minute Entry)

16    During the hearing the parties further agreed and stipulated that

17 all of the moneys deposited into and currently held in Mr. Huffman's

18 bank account were derived from Mr. Huffman's Social Security

19 Benefits.[2] (Exh. A, ¶ 8) The Bank also acknowledged during the hearing

20

21    [1] Copies of the Bank Statements are attached as Exhibit 1 to

22 Declaration of Mr. Huffman, as defendant does not believe the Court
kept a copy. (Exh. A, ¶ 7)

23

24    [2] Mr. Huffman acknowledges, as does the bank in its answer, that
Treasury Department deposited a $1,400 stimulosus check into the

25 account with out any prior notice to him. The bank acknowledged that
these funds are too exempt. (Exh. A, ¶ 9, 11)

- 2 -

1    that the stimulosus payment were also exempt. (Exh. A, ¶ 9) The bank

2    statements marked as Exhibit 1 bear this truth out.

3          Chase Bank had earlier Answered the garnishment writ stating

4    that it had held back $6,479 from the total balance in the account.

5    (Answer to Writ filed June 6, 2021) This amount included a statutory

6    exemption of $300, Federal Protected Benefits of $4,704, and $1,400 for

7    stimulosus exemption. The bank was therefore holding a balance of

8    $60,597.25. (*Id.*)

9          Plaintiff argued to the Court that only the prior two months bene-

10   fits were exempt, and that it was therefor entitled to garnish the remain-

11   der. (Exh. ¶¶ 12, 13) For authority Plaintiff's counsel cited to 79 Federal

12   Register 32099, which will be addressed below showing it inapplicable to

13   whether the $60,597.25 is exempt. (Exh. ¶¶ 14, 15)

14         In opposition, Mr. Huffman cited to 42 U.S.C. § 407, but inadver-

15   tently stated it as "42 U.S.C. § 207," as authority that *all* the funds in

16   his account were exempt from garnishment. (Exh. A, ¶16)

17   **II.    All Social Security Benefits Exempt from Garnishment.**

18         The Social Security Act clearly provides under 42 U.S.C. § 407(a)

19   that all Social Security Benefits are exempt from execution:

20         **(a) In general.**   The right of any person to any future pay-
       ment under this title [*42 USCS §§ 401 et seq.*] shall not be
21     transferable or assignable, at law or in equity, and ***none of
       the moneys paid*** or payable or rights existing under this
22     title [*42 USCS §§ 401 et seq.*] ***shall be subject to execution,
       levy, attachment, garnishment, or other legal process***, or
23     to the operation of any bankruptcy or insolvency law.

24   (emphasis added). Though Mr. Huffman erroneously cited to 42 U.S.C. §

25   207, rather than to 42 U.S.C. § 407(a), his argument was correct. The

- 3 -

exemption under the Act covers not only future payments, but also those moneys already paid. There is no dispute that the moneys in Mr. Huffman's Chase Bank account were Social Security Benefits already paid.

Case law sustains this position. In 1973, the Supreme Court affirmed the exemption in *Philpott v. Essex County Welfare Bd.* holding that:

> In the present case, as in *Porter*, the funds on deposit were readily withdrawable and retained the quality of "moneys" within the purview of [42 U.S.C.] § 407. The Supreme Court of New Jersey referred to cases where a State which has provided care and maintenance to an incompetent veteran at times is a "creditor" for purposes of 38 U. S. C. § 3101, and at other times is not. ***But § 407 does not refer to any "claim of creditors"; it imposes a broad bar against the use of any legal process to reach all social security benefits.*** That is broad enough to include all claimants, including a State.

(emphasis added). 409 U.S. 413, 416-417, 93 S.Ct. 590, 592, 34 L.Ed.2d 608, 611-612 (1973), citing to *Porter v. Aetna Casualty Co.*, 370 U.S. 159 (1962).

Mr. Huffman's situation here is similar to those of the debtor in *Philpott*. The funds in his Chase bank account were solely from his Social Security benefits. No other funds had ever been deposited in that account, except the stimulosus payment. Chase knew this; Plaintiff so stipulated; and the records bear it out. (*See* Exh. 1)

As stated above, Plaintiff's counsel cited to 78 Federal Register 32099 to support its position. (*See* Exhibit B: Copy of Federal Register Vol. 78, pg. 32099 - 32110; Exh. A, ¶¶ 14,15) This appears to be the adoption of a Rule regulating what banks are to do concerning benefits

- 4 -

1  held in accounts when served with a garnishment. (*Id.*) The summary of

2  the Rule states:

3      SUMMARY: Treasury, SSA [Social Security Administration],
   VA, RRB and OPM (Agencies) are adopting as final an interim

4  rule to amend their regulation governing the garnishment of
   certain Federal benefit payments that are directly deposited

5  to accounts at financial institutions. The rule establishes
   procedures that financial institutions must follow when they

6  receive a garnishment order against an account holder who
   receives certain types of Federal benefit payments by direct

7  deposit. ***The rule requires financial institutions that
   receive such a garnishment order to determine the sum***

8  ***of such Federal benefit payments deposited to the ac-***
   ***count during a two month period, and to ensure that the***

9  ***account holder has access to an amount equal to that***
   ***sum or to the current balance of the account***, whichever

10  is lower.

11  (emphasis added) (*Id.*)

12      The rule delves further into the processes the banks are to apply,

13  but suffice it to say that the Rule only governs the banks' handling of

14  garnishments when benefits such as Mr. Huffman's Social Security

15  Benefits are in the account. It did NOT amend the Social Security Act,

16  42 U.S.C. § 407(a), in determining what is and what is not exempt.

17  Obviously, the overall purpose of the Rule is simply to "ensure that the

18  account holder has access to an amount equal to that sum or to the

19  current balance of the account."

20      The Rule makes logical sense as those who receive government

21  benefits should not be shut out of their wholly exempt funds leaving

22  them unable to pay their rent or utilities when a creditor purposefully or

23  mistakenly garnishes and freezes an account which holds such funds. It

24  is a practical Rule, giving processes for the banks to follow without

25  requiring the banks to be the "judge" and determine the legal exemption

- 5 -

1  status of all the funds in the account.

2      What is most clear is that the Rule discussed in 78 Federal Regis-

3  ter 32099 does not make the remainder of the Social Security Benefits –

4  those going back more than 60 days – non-exempt and subject to

5  garnishment, as Plaintiff argues. The Social Security Act, 42 U.S.C. §

6  407(b) makes it clear that:

7      No other provision of law, enacted before, on, or after the
       date of the enactment of this section [enacted April 20,
8      1983], may be construed to limit, supersede, or otherwise
       modify the provisions of this section except to the extent that
9      it does so by express reference to this section.

10     The Rule in 78 Federal Register 32099 was adopted in 2013, well

11 after 1983. Moreover, it does not expressly reference 42 U.S.C. § 407 to

12 modify those protections. The only reference to § 407 is here:

13     Under 42 U.S.C. 407(a) and 42 U.S.C. 1383(d)(1), *__Federal
       Old-Age, Survivors, and Disability Insurance benefits__*
14     *__and Supplemental Security Income payments are gener-__*
       *__ally exempt from garnishment__*. 42 U.S.C. 405(a) provides
15     the Commissioner of Social Security with the authority to
       make rules and regulations concerning Federal Old-Age,
16     Survivors, and Disability Insurance benefits. The Social
       Security Act does not require State law to apply in the event
17     of conflict between State and Federal law.

18 (emphasis added)

19     This line actually supports Defendant's position, not Plaintiff's. But

20 it is only a Rule governing the procedures of immediate release of 60

21 days worth of benefits if the bank receives a garnishment. It does not

22 instruct the bank to hand over the remaining Social Security benefits to

23 the judgment creditor. And it does not declare the remaining benefits in

24 the account non-exempt, as Plaintiff argues.

25     Ultimately, over Mr. Huffman's objections, Plaintiff argued that the

- 6 -

1  remainder of $60,597.25 held pursuant to the writ was not exempt and

2  requested that the Court order release of those funds to Plaintiff. (Exh.

3  A, ¶ 17) And, unfortunately, the Court issued the Minute Entry stating:

4      Plaintiff being entitled to the full requested amount; IT IS
       ORDERED granting the Writ of Garnishment in the sum of
5      $60,597.25.

6  **III.   Defendant Entitled to Reconsideration of Court's Ruling.**

7      It is clear from the record that the statute cited by Defendant to

8  support his position that all the Social Security benefits in his account

9  were exempt was mistakenly stated as 42 U.S.C. § 207, rather than the

10  correct citation of 42 U.S.C. § 407(a). Moreover, it also is clear that

11  under that section of the Social Security Act, all benefits paid to Mr.

12  Huffman are exempt from execution, including bank garnishment.

13  Finally, it is abundantly clear that the Federal Register Rule cited to by

14  Plaintiff is inapplicable to the question of whether the remaining benefits

15  held in the bank account are exempt.

16  **IV.   Conclusion.**

17      Had there been proper written briefing, and clear and proper

18  citations of authority, the Court would have had an opportunity to

19  review the statutes and the case law before making its ruling. That

20  opportunity should be afforded the Defendant by granting his request

21  for reconsideration of the ruling.

22      Defendant Everett Huffman respectfully requests that the Court

23  grant his motion, and reconsider with full briefing its ruling concerning

24  the remaining $60,597.25 held by the garnishee bank.

25      Defendant further requests that his attorney's fees and costs

- 7 -

incurred in this matter be awarded under the underlying contract, and

or A.R.S. §§ 12-341 and 12-341.1.


RESPECTFULLY SUBMITTED:  ___July 23, 2021___ .


___/s/ Floyd W. Bybee_____
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Road Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Defendant


Copy of the foregoing mailed
***July 23, 2021*** to:

Ashley N. Moscarello
GOODMAN LAW GROUP
3654 N. Power Rd. Ste 132
Mesa, Arizona 85215
Attorney for Plaintiff


by ___/s/ Floyd W. Bybee_____

- 8 -

# EXHIBIT 10

1   Floyd W. Bybee, #012651
    **BYBEE LAW CENTER, PLC**
2   90 S. Kyrene Rd., Ste. 5
    Chandler, AZ 85226-4687
3   Office:  (480) 756-8822
    Fax: (480) 302-4186
4   floyd@bybeelaw.com

5   Attorney for Defendant

6               **SUPERIOR COURT OF ARIZONA**

7                       **PINAL COUNTY**

8   _____ )  CASE NO. S1100CV201501738
                                     )
9   Magic Ranch Estates              )
    Homeowners Association, an        )
10  Arizona non-profit corporation,  )
                                     )
11         Plaintiff,                )
                                     )  **REPLY TO RESPONSE TO MOTION
12  v.                               )  FOR RECONSIDERATION**
                                     )
13  Everett Huffman,                 )
                                     )
14                                   )
                                     )
15         Defendant.                )  (Oral Argument Requested)
                                     )
16  _____ )

17  **I.    Defendant's Reply is Timely.**

18          The Court's Notice / Motion for Reconsideration filed August 2,

19  2021 provided Defendant five days to file a Reply / Memorandum after

20  the Response is served. It appears from the on-line docket that Plaintiff

21  filed its Response on August 5, 2021, and certified that its mailing to

22  counsel was on the same date. However, Defendant's counsel did not

23  receive the Response until Thursday, August 12, 2021, a week after it

24  was allegedly mailed. But the envelope reflects a postage meter date of

25  August 9, 2021, four days after the alleged mailing, and a Postmark of

1  August 10, 2021, five days after the alleged mailing. (copy of envelope

2  attached hereto)

3      Nevertheless, with five days added for mailing under Rule 6(c),

4  Defendant's filing of his reply on August 16, 2021 is timely, even using

5  Plaintiff's spurious mailing date of August 5, 2021.

6  **II.    Plaintiff Holds Fast to Banking Regulation 31 CFR § 212.**

7      **a.  Plaintiff Confuses "Protected Funds" with "Exempt Funds"**

8      Plaintiff attempts to turn JPMorgan Chase Bank into the fact-

9  finder and judge in this case. Contrary to Plaintiff's argument, the Bank,

10  as garnishee, has NO authority to determine what is and what is not

11  exempt — it is only charged with determining the amount that is "pro-

12  tected" under the bank regulation, 31 CFR § 212.4.

13      Protected and exempt are not one in the same. "Protected funds"

14  are those funds in an account which receive an automatic protection

15  under the banking regulations, and include only those amounts received

16  by the bank within the look-back period of 60 days. "Exempt funds," on

17  the other hand, are any funds which are exempted by law from garnish-

18  ment or attachment, and includes ALL Social Security benefits deposited

19  into the account. *See* 42 U.S.C. § 407(a).

20      Plaintiff erroneously contends that 79 FR at 32009 which is

21  codified at 31 CFR § 212 supports its claim that it is entitled to *all* the

22  Social Security benefits deposited into Mr. Huffman's account, save

23  those deposited within 60 days prior to receipt of the writ of garnish-

24  ment. But the regulation cited does not support this contention. As

25  Plaintiff admits, these [regulations] are "the process[es] that financial

- 2 -

1  institutions must follow.] (Response pg. 2 lns. 25-28 *Id.*) And, a review of

2  the regulation makes this pointedly clear.

3      **b. Banking Regulation 31 CFR 212.**

4      A review of 31 CFR § 212, and its subsections, shows that this

5  regulation is applicable only to a bank's handling of a garnishment of an

6  account in which protected benefits have been deposited. The purpose

7  of the regulation is set forth at 31 CFR § 212.1 which states it is "to

8  implement statutory provisions that protect Federal benefits from

9  garnishment by establishing *procedures that a financial institution must*

10  *follow when served a garnishment order against an account holder into*

11  *whose account a Federal benefit payment has been directly deposited.*"

12  (emphasis added). Notably, it does not say that the purpose of the

13  regulation is for banks to determine what are and what are not exempt

14  funds. And, 31 CFR § 212.2 clarifies that these protected "Funds"

15  include Social Security benefits, and then specifically points out that

16  these Social Security benefits are protected under 42 U.S.C. 407 and 42

17  U.S.C. 1383(d)(1).

18      There are also various definitions in the regulation which are

19  relevant to the discussion here provided at 31 CRF § 212.3, including:

20      "***Freeze* or *account freeze*** means an action by a financial institu-
         tion to seize, withhold, or preserve funds, or to otherwise prevent

21      an account holder from drawing on or transacting against funds in
         an account, in response to a garnishment order."

22      "***Lookback period*** means the two month period that begins on the

23      date preceding the date of account review and ends on the corre-
         sponding date of the month two months earlier, or on the last date

24      of the month two months earlier if the corresponding date does not
         exist."

25

- 3 -

1

2

3

"***Protected amount*** means the lesser of the sum of all benefit payments posted to an account between the close of business on the beginning date of the lookback period and the open of business on the ending date of the lookback period, or the balance in an account when the account review is performed."

4

Then, 31 CFR § 212.6 gives additional insight into the purpose of

5

the Regulation, including these subparagraphs:

6

7

8

9

10

**(a) Protected amount.** The financial institution shall immediately calculate and establish the protected amount for an account. *The financial institution shall ensure that the account holder has full and customary access to the protected amount, which the financial institution shall not freeze in response to the garnishment order. An account holder shall have no requirement to assert any right of garnishment exemption prior to accessing the protected amount in the account.*

11

12

**(c) No challenge of protection.** A *protected amount* calculated and established by a financial institution pursuant to this section *shall be conclusively considered to be exempt from garnishment under law.*

13

14

15

**(d) Funds in excess of the protected amount.** *For any funds in an account in excess of the protected amount, the financial institution shall follow its otherwise customary procedures for handling garnish-ment orders, including the freezing of funds. . . .*

16

Also, several provisions in the notice the bank is required to give

17

pursuant to 31 CFR § 212.7 provide further insight into the purpose of

18

the regulation:

19

20

A financial institution shall issue the notice required by § 212.6(e) in accordance with the following provisions.

21

22

23

(4) The financial institution's requirement under Federal regulation *to ensure that account balances up to the protected amount specified in § 212.3 are protected and made available to the account holder if a benefit agency deposited a benefit payment into the account in the last two months.*

24

25

(9) The account holder's *right to assert against the creditor that initiated the order a **further garnishment exemption for amounts above the protected amount**,* by completing exemption claim forms, contacting the court of jurisdiction,

- 4 -

or contacting the creditor, as customarily applicable for a given jurisdiction.

(10) The account holder's right to consult an attorney or legal aid service in *asserting against the creditor that initiated the order **a further garnishment exemption for amounts above the protected amount***.

And finally, 31 CFR § 212.8 provides that:

***(a) Exempt status.*** Nothing in this part shall be construed to limit an individual's right under Federal law **to assert against a creditor a further exemption from garnishment for funds in excess of the protected amount**, or to alter the exempt status of funds that may be protected from garnishment under Federal law.

So, the protected amount includes those benefits received by the bank during the lookback period. Those protected funds are deemed automatically exempt and are immediately released to the account holder to use. The remaining funds are frozen, but are held subject to further review to determine their exemption status. 31 CFR § 212.6.

It is unambiguous that 31 CFR § 212 does not vest the determination of exempt funds in the hands of the garnishee bank, except for those funds deposited in the lookback period. It is also obvious that the Social Security benefits held in the account, but not included in the "protected amount," are not automatically determined to be non-exempt and payable to the judgment creditor. The regulation clearly recognizes the exemption of those funds from garnishment under 42 U.S.C. § 407(a).

**III.   All Social Security Benefits Exempt under 42 U.S.C. § 407(a).**

In its response, Plaintiff has failed even an attempt to reconcile its claim that benefits deposited more than 60 days prior to the garnish-

- 5 -

1   ment are not exempt with Congress's clear direction that all Social

2   Security benefits are exempt. As previously stated in the Motion,

3   > The right of any person to any future payment under this
    > subchapter shall not be transferable or assignable, at law or
    > in equity, and ***none of the moneys paid or payable or
4   > rights existing under this subchapter shall be subject to
    > execution, levy, attachment, garnishment, or other legal
5   > process***, or to the operation of any bankruptcy or insolvency
6   > law.

7   42 U.S.C. § 407(a). This is the law. This is not a banking regulation

8   which a bank must follow upon receipt of a garnishment order. This is

9   the law that makes *all* Social Security benefits *paid or payable* exempt

10  from garnishment, and prohibits judgment creditors, such as Plaintiff

11  here, from garnishing or attaching such exempt funds.

12      The Supreme Court has never withdrawn its holding that Social

13  Security benefits are exempt. *See Philpott v. Essex County Welfare Bd.*

14  (cited in the Motion). Additionally, other courts have followed *Philpott*

15  and similarly reaffirmed that all benefits held in bank accounts are

16  exempt from execution. For example, the Michigan Court of Appeals

17  held:

18  > ***The protection afforded to money received as Social
    > Security benefits extends before and after the benefits
19  > are received.*** *Philpott v Essex Co Welfare Bd*, 409 U.S. 413,
    > 415-417; 93 S Ct 590; 34 L Ed 2d 608 (1973) [other citations
20  > omitted] The fact that the payments have been made does
    > not make them lose their character as Social Security bene-
21  > fits or make them subject to legal process. To the contrary,
    > the protections of 42 USC § 407(a) apply, by their terms, to
22  > "**moneys *paid*** or payable" (emphasis added); the fact that
    > benefits have been paid and may be on deposit in a recipi-
23  > ent's bank account does not shed them of that protection
    > until they are in some way converted into some other kind of
24  > asset. *Philpott*, 409 U.S. at 415-417. Thus, even after a recip-
    > ient receives SSDI benefits and deposits them into a bank
25  > account, the SSDI benefits are still protected by 42 USC

- 6 -

1  407(a). *Whitwood*, 265 Mich App at 654. When a state court
2  order attaches to Social Security benefits in contravention of
   42 USC 407(a), the attachment amounts to a conflict with
3  federal law, and such a conflict is one "that the State cannot
   win." *Bennett v Arkansas*, 485 U.S. 395, 397; 108 S Ct 1204;
4  99 L Ed 2d 455 (1988).

5  *State v. Lampart*, 306 Mich. App. 226, 234-35, 856 N.W.2d 192, 197

6  (2014).

7       In this case, it is undisputed by Plaintiff and the Chase Bank

8  representatives that all the remaining funds in Mr. Huffman's account

9  were Social Security benefits. They are therefore fully protected as

10 exempt and not subject to attachment or garnishment by Plaintiff. 42

11 U.S.C. § 407(a).

12      Plaintiff has provided no controlling or contrary authority which

13 supports its claim that the remaining benefits in Mr. Huffman's Chase

14 bank account are not exempt funds, and are therefore subject to gar-

15 nishment. Its misplaced reliance on the banking regulation 31 CFR §

16 212 holds no water in this argument.

17 **IV.   Conclusion.**

18      It only makes sense that the bank regulations promulgated at 31

19 CFR § 212 are to ensure that beneficiaries of protected government

20 benefits do not die from the heat or freeze from the cold, or are made

21 homeless because their benefits are frozen by a judgment creditor's

22 garnishment. That is why the bank is obligated to do an immediate

23 review and release those funds deposited in the lookback period.

24 Otherwise, vulnerable beneficiaries would be unable to pay the utilities

25 or rent, even though they have funds in the bank.

- 7 -

1      Conversely, the regulations at 31 CFR § 212 were *not* written to

2  allow garnishment of federally exempted Social Security benefits that do

3  not fall within the lookback period. Plaintiff is blatantly wrong in its

4  argument to the contrary.

5      Therefore, for the reasons set forth herein, and previously set forth

6  in Defendant's Motion, Defendant hereby requests that the Court

7  reconsider its July 13, 2021 Order, and enter an order declaring that all

8  the funds held in Mr. Huffman's Chase Bank account at the time of the

9  service of the writ of garnishment are exempt, that they are not attach-

10 able by Plaintiff's writ of garnishment, and the garnishment be quashed.

11     Defendant again requests that his attorney's fees and costs

12 necessarily incurred in preparing the motion to reconsider and reply be

13 awarded under the underlying contract, and or A.R.S. §§ 12-341 and

14 12-341.1.

15

16     RESPECTFULLY SUBMITTED:   __August 16, 2021__ .

17

18                         ___/s/ Floyd W. Bybee_____
                           Floyd W. Bybee, #012651
19                         **BYBEE LAW CENTER, PLC**
                           90 S. Kyrene Road Ste. 5
20                         Chandler, AZ 85226-4687
                           Office: (480) 756-8822
21                         Fax: (480) 302-4186
                           floyd@bybeelaw.com
22                         Attorney for Defendant

23

24

25

- 8 -

1   Copy of the foregoing mailed
    **_August 16, 2021_** to:

2

3   Ashley N. Moscarello
    GOODMAN LAW GROUP
    3654 N. Power Rd. Ste 132

4   Mesa, Arizona 85215
    Attorney for Plaintiff

5
    and mailed and faxed to:

6

7   JP Morgan Chase Bank, N.A.
    Court Orders and Levies
    P.O. Box 183164

8   Columbus, OH 43218-7022
    (866) 699-0618

9   Garnishee

10

11  by _____/s/ Floyd W. Bybee_____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- 9 -

# EXHIBIT 11

FILED
REBECCA PADILLA
CLERK OF SUPERIOR COURT

# IN THE SUPERIOR COURT

## PINAL COUNTY, STATE OF ARIZONA

2022 JAN 12  PM 12: 17

BY_____
DEPUTY

### Date: 01/11/2022

### THE HON JOSEPH R GEORGINI

By Judicial Assistant: Lillian Martinez

| | |
|---|---|
| **EVERETT HUFFMAN,** | ) **S1100CV201501738** |
| Plaintiff(s), | ) |
| | ) **UNDER ADVISEMENT** |
| vs. | ) **RULING ON MOTION FOR** |
| | ) **RECONSIDERATION** |
| | ) |
| **MAGIC RANCH ESTATES HOMEOWNERS'** | ) |
| **ASSOCIATION; SNOW PROPERTIES** | ) |
| **SERVICES LLC; CLINT G. GOODMAN and** | ) |
| **AMY GOODMAN; et al.,** | ) |
| | ) |
| Defendant(s). | |

The Court notes that on July 23, 2021 Plaintiff, Everett Huffman filed his Motion for Reconsideration of this Court's ruling entered on July 13, 2021, pursuant to Ariz. R. Civ. P. Rule 7.1(a). Moreover, on August 5, 2021, Defendant, Magic Ranch Estates Homeowners Association filed a Response to Plaintiff's Motion, and on August 16, 2021, Plaintiff filed his Reply.  Lastly, this Court held an Evidentiary Hearing on January 4, 2022 to determine whether Huffman's Motion should be granted.

The Court now hereby finds, and rules as follows:

IT IS HEREBY ORDERED GRANTING Plaintiff's Motion to Reconsider this Court's Ruling dated July 13, 2021, pursuant to Ariz. R. Civ. P. Rule 7.1(a).

In granting Plaintiffs' Motion to Reconsider its's July 13, 2021 ruling pursuant to Ariz. R. Civ. P. Rule 7.1(a) this Court, after considering the entire record in this case finds that the Social Security benefits held in Huffman's Chase bank account were exempt, and therefore are not subject to garnishment.  This Court concludes that the applicable statutes and case law pertinent to this case establishes that all the entirety of Huffman's Social Security benefits are exempt from "execution, levy, attachment, garnishment, or other legal process."  42 U.S.C. § 407(a),

Page **1** of **2**

RCP

Moreover, it also is clear that under that section of the Social Security Act, all benefits paid to Huffman are exempt from execution, including bank garnishment.   Finally, there was no evidence presented that established Huffman ever co-mingled his Social security income with other discretionary accounts or monies.

IT IS HEREBY ORDERED GRANTING Plaintiff's Motion to Reconsider this Court's Ruling dated July 13, 2021, pursuant to Ariz. R. Civ. P. Rule 7.1(a), concerning the remaining $60,597.25 held by the garnishee Chase bank.

IT IS HEREBY FURTHER ORDERED that each side shall bear their own costs and fees regarding the litigation of this Motion to Reconsider.

Dated this 11th day of January 2022.

Honorable Joseph R. Georgini
Pinal County Superior Court

**Emailed/Mailed/distributed copy:** 01/11/2022

FLOYD E. BYBEE, ESQ
*ATTORNEY FOR DEFENDANT*
floyd@bybeelaw.com

ASHLEY N MOSCARELLO, ESQ.
*ATTORNEY FOR PLAINTIFF*
ashley@goodlaw.legal

JP MORGAN CHASE BANK, N.A.
*GARNISHEE*
COURT ORDERS AND LEVIES
P.O. BOX 183164
COLUMBUS, OH 43218-7022

**Office Distribution:**
**JUDGE/GEORGINI**

# EXHIBIT 12

000200

FILED
Rebecca Padilla
CLERK, SUPERIOR COURT
01/27/2022 7:37AM
BY: SGLORIA
DEPUTY

1

2

*Goodman Holmgren*

ATTORNEYS AT LAW

3   3654 North Power Road, Suite 132

4   Mesa, Arizona 85215

    (844) 346.6352

5   Ashley@goodlaw.legal

    *Attorneys for Plaintiff/Judgment Creditor*

6   By:   Ashley N. Moscarello, Esq. – Bar No. 032572

7

8            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
             **IN AND FOR THE COUNTY OF PINAL**

9

10  Magic   Ranch   Estates   Homeowners      | Case No.: S1100CV201501738
    Association;

11                                            | **ORDER QUASHING WRIT OF**
                                              | **GARNISHMENT AND RELEASING**
12  Plaintiff/Judgment Creditor,              | **GARNISHEE FROM FURTHER**
                                              | **OBLIGATION**
13  vs.

14  Everett   Huffman;   Unknown   Heirs   and | (Non-Earnings)
15  Devisees of Each of the Named Defendants if
    Deceased; John Does I-V; Jane Does I-V;
16  Black Corporations I-V; White Partnerships
17  I-V; Gray Limited Liability Companies I-V;

18  Defendants/Judgment Debtors,

19
    JPMorgan Chase Bank, National
20  Association;

21
    Garnishee.
22

23          The Court, having reviewed the Motion to Quash Writ of Garnishment filed by

24  Plaintiff/Judgment Creditor Magic Ranch Estates Homeowners Association ("Plaintiff" or

    "Judgment Creditor"), and for good cause appearing,

25          IT IS HEREBY ORDERED quashing the Writ of Garnishment issued by this Court

26  on May 25, 2021 in this matter and releasing Garnishee JPMorgan Chase Bank, National

27  Association ("Garnishee") from further obligation under the Writ of Garnishment.

28



Exhibit 9
Name Huffman
Mari Coash 10-27-23

1

eSigned by Georgni Joseph 01/26/2022 16:54:40 GhFJsiEy

GLG00200

# EXHIBIT 13

**Whitfield, Chad (CCB, USA)**

| | |
|---|---|
| **From:** | Aziz, Oshana A (CCB, USA) |
| **Sent:** | Friday, March 25, 2022 6:00 PM |
| **To:** | Whitfield, Chad (CCB, USA) |
| **Cc:** | Stephenson, Brett T (CCB, USA); Burnett, Deborah (CCB, USA) |
| **Subject:** | Re: OCC Executive office complaint - BRUCE HUFFMAN - ECW220222-00288-R1 ***URGENT*** |

1. Please review complaint and provide feedback about the allegations and any interaction your branch had with customer. **The customer had a legal hold and was told about it. When the hold was lifted we were trying to contact the customer but his telephone number is a google number with no answering service or messages.**
2. Are we able to confirm if customer visited and requested to close account and retrieve the remaining funds? If so why was this not completed? **The customer came in and asked for 60K cash, we gave him all options including but not limited to order the cash and call him to pick (he insisted on cash only).**
3. Please advised what is required from customer if he is requesting to close the account and retrieve the remaining funds in cash? **The customer called the branch and spoke to Sean, Sean explained that 2 forms of ID are required to complete the transaction and the office hours on Saturday, customer agreed and will come in on Saturday to pick up his money. This case is resolved.**

**Required:**
**Did an employee cause a bank error to occur (yes/no)? NO**

**Please let me know if you have any questions.**


**Oshana "Sean" Aziz** | Chase | Branch Manager | NMLS ID 1368664 | 30963 N Golf Club Dr. San Tan Valley, AZ 85143 | oshana.a.aziz@chase.com | T: 480-888-0287 | Schedule a meeting

**Brett Stephenson** | Market Director | Brett.t.Stephenson@chase.com| T: 480-282-9448

*If you have any questions, you can visit us on our Chase Mobile® app, on chase.com or contact me directly. Chase Mobile® app is available for select mobile devices. Enroll in Chase Online℠ or on the Chase Mobile® app. Message and data rates may apply.*

---

**From:** Whitfield, Chad (CCB, USA)
**Sent:** Friday, March 25, 2022 3:21 PM
**To:** Aziz, Oshana A (CCB, USA)

CHASE000068

# EXHIBIT 14

Page 221 of 251

**Executive Office (Mail Code OH4-7120)**
3415 Vision Drive
Columbus, OH 43219

**CHASE** ⬡

March 2, 2022

Bruce Everett Huffman
REDACTED

**We must comply with all legal requests**

Dear Bruce Everett Huffman:

We are responding to your complaint about a hold on your account, your funds and your service experience. We appreciate your service to our country. Thank you for sharing your concerns.

We appreciate you taking the time to tell us about our service. Your feedback helps us serve you better. Our goal is to provide you with exceptional service, and we are sorry if we fell short this time or if misinformation was provided to you.

We received an Arizona Post Judgment garnishment about you, and placed a hold for $60,597.25 on your account ending in 8778 on May 27, 2021. The account was restrained properly in compliance with the legal order. The Federal Benefits Payments rule requires financial institutions to review an account to determine whether any federal benefit payments have been directly deposited (by ACH) into the account in the preceding two-month period prior to placing the hold. Federal exemptions were applied for funds totaling $6,404 and the remaining funds of $60,597.25 were held. On February 14, 2022, we received a ruling on motion for reconsideration that granted the plaintiff's motion to reconsider and the hold was released on February 28, 2022.

Please review your Deposit Account Agreement for information on our policy about complying with legal requests or orders. You were provided with a copy of the agreement when you opened the account, but you can also see the current agreement by signing in to your account on chase.com.

Thank you for banking with us. If you have questions, please call us at 1-877-805-8049 and reference case number ECW220222-00288. We accept operator relay calls. We're here Monday through Friday from 7 a.m. to 8 p.m. and Saturday from 8 a.m. to 5 p.m. Central Time.

Sincerely,

Executive Office
1-877-805-8049
1-866-535-3403 Fax; it's free from any Chase branch
chase.com

Exhibit *13*
Name: *Huffman*
Meri Coash *10-27-13*

cc:     Office of the Comptroller of the Currency, Case Number 3335621

CHASE000037

Esta comunicación contiene información importante. Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando al 1-877-805-8049, de lunes a viernes de 7 a.m. a 8 p.m., sábados de 8 a.m. a 5 p.m. hora del Centro.

IDXXXX
ECN52

CHASE000038

# EXHIBIT 15

## Checking Account Summary

**Customer:** BRUCE EVERETT HUFFMAN
BRUCE HUFFMAN

**Account:** AZ Checking #XXXXX8778

### Related Customers

| Name | Relationship | SSN/EIN | Date of Birth |
|------|--------------|---------|---------------|
| BRUCE HUFFMAN | Sole Owner | XXX-XX-2726 | XX/XX/1952 |
| ROBERT L HUFFMAN | Beneficiary | XXX-XX-0000 | |

### Comments

| Valid From | Valid Until | Type | Comment Text |
|------------|-------------|------|--------------|
| 02/28/2022 | | Alert | REMOVED LEGAL HOLD COAL - POST JUDGMENTGARNISHMENT, RECEIVED: 20210527, CASE NUMBER:S1100CV2015001738 |
| 09/23/2021 | | Alert | LEGAL HOLD MODIFIED COAL - POST JUDGMENTGARNISHMENT, AMOUNT OF ORDER $60597.25, RECEIVED:20210527, CASE NUMBER: S1100CV2015001738, FROM:AZ - PINAL COUNTY SUPERIOR COURT, ATTORNEY:GOODMAN HOLMGREN SMITH@(844)346-6352, HOLD BY:F662071 |

**Additional Comments: Alert: Y    General: N    Special Instructions: N    Other: N**

View additional comments in SBS.

### Financial Information

| | | |
|---|---|---|
| **Product Description** PREMIER PLUS CKG - Military | **Account Status** Purge Pending | **Restricted By** Other |
| **Current Balance** Balance History $0.00 | **Memo Credits** $0.00 | **Total Amount of holds** $0.00 |
| **Present Balance** $0.00 | **Memo Debits** $0.00 | **Number of holds** 0 |
| **Available Less Overdraft** $0.00 | **Previous Day Total Credit ($)** $0.00 | **Funds Available 06/08** $0.00 |
| **Available Balance** $0.00 | **Previous Day Total Debit ($)** $0.00 | **Funds Available 06/09** $0.00 |
| **Collected Balance** $0.00 | **Interest Paid YTD** $1.68 | **Funds Available 06/10** $0.00 |
| **Average Balance YTD** $50,414.00 | **Accrued Interest PTD** $0.00 | **Funds Available 06/13** $0.00 |
| **Average Combined Balance for Interest Rate** $0.00 | **Interest Rate** 0.00000% | **Funds Available After 06/13** $0.00 |
| **Average Combined Balance for Service Charge** $25,413.00 | **Interest Rate Difference** 0.00000% | **Float Schedule** 701 |
| **Last Activity Date** 03/29/2022 | **Interest Plan** 01 | **Last Deposit Amount** $2,352.00 |
| **Last Deposit Date** 07/28/2021 | **Weekend / Holiday Interest** $0.00 | **Last Monetary Transaction Date** 03/28/2022 |
| **Aggregated Funds** N | **ZBA Info** Not a ZBA | **Last Non-Monetary Transaction Date** 03/29/2022 |
| **Pending Close** Data Not Available | **Current Close** Final | **Controlled Disbursement Flag** N |
| **Market Name** AZ - SW Southeast Valley | **Pricing Region** 1 - Phoenix | |
| **Billing Indicator** DDA hard charged | **GLE Indicator** N - Not on GLE/Product not eligible for GLE | |

CHASE000381

**Account Protection**

| | | |
|---|---|---|
| **Debit Card Coverage** | **Debit Card Coverage History** | **ODP Type** |
| No- Default; Discuss Y/N options with Customer | Show History | No ODP |
| **ODP Account #** | **ODP Available Balance** | **Last OD Date** |
| Data Not Available | $0.00 | Data Not Available |
| **OD/NSF Information** | **OD Pay Code** | **Overdraft Officer** |
| Past Occurrences | Pay up to the Account Level Overdraft Limit. | No Assigned Overdraft Officer |
| **Total # Occurrences MTD** | **Total # OD/NSF Occurrences Past 12 Months** | |
| 0 | 0 (days debits presented against NSF funds) | |

**Account Relationship Information**

**Display Information**

Account Relationship Details

**Miscellaneous Fee Information**

**Display Information**

○ Yes  ● No

**Promotion Information**

**Display Information**

○ Yes  ● No

**Interest Promo Code and Plan History Information**

**Display Information**

○ Yes  ● No

**Sweep Information**

**Display Information**

○ Yes  ● No

**Statement Information**

**Display Information**

Statement Information Details

**Miscellaneous**

| | | |
|---|---|---|
| **Open Date** | **Close Date** | **Restrictions** |
| 12/19/2018 | 03/28/2022 | N |
| **Stops** | **Stop Payment Notices** | **Custom Calendar (Y/N)** |
| 0 | N | Data Not Available |
| **Enclose Credits** | **Enclose Credits Pending** | **Business Unique Location ID Required** |
| N | Data Not Available | N |
| **Tax Withholding Code** | **Signature Review Amount** | **Return Mail** |
| 31 - TIN ON FILE - CERTIFIED | 0 | N |
| **Sub-Account Type** | **Last ACH Credit Date** | **Last Product Change Date** |
| Individual | 07/28/2021 | Data Not Available |
| **Treasury Management Officer** | **Check Cashing** | **Bankruptcy Management Services** |
| Data Not Available | Allowed | N |
| **Maximum Check Cashing Amount** | **Alerts Service Subscriber** | **Systematic Product Change Message** |
| $2,500.00 | N | Data Not Available |
| **Earnings Credit Type** | **Earnings Credit Balance** | |

None                                    $0.00

**Regulatory Account Type**
000 - NO REGULATORY ACCOUNT TYPE

**Electronic Signature**
Yes

Help

CHASE000383