Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
rmills@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Bruce E. Huffman,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JP Morgan Chase Bank, N.A.; Goodman Holmgren Law Group, LLP, and; Magic Ranch Estates Homeowners' Association,<br><br>　　　　　Defendants. | Case No.: 2:22-cv-00903-PHX-JJT<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT JPMORGAN CHASE BANK, N.A.'S STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>(Assigned to the Honorable John J. Tuchi) |

Through counsel undersigned, Plaintiff Bruce E. Huffman ("Plaintiff") hereby responds in opposition to Defendant JPMorgan Chase Bank, N.A.'s Statement of Facts in Support of its Motion for Summary Judgment filed by Defendant JPMorgan Chase Bank, N.A. ("Chase"). This Response is comprised of Plaintiff's Response to Chase's Statement of Facts and Plaintiff's Controverting Statement of Facts. Factual statements in Chase's Statement of Facts that are noted as not disputed are not disputed solely for the purpose of responding to Chase's Motion for Summary Judgment.

### PLAINTIFF'S RESPONSE TO CHASE'S STATEMENT OF FACTS

1. Not disputed.

2. Not disputed.

3. Not disputed.

4. Not disputed.

5. Not disputed.

6. Not disputed.

7. Not disputed.

8. Not disputed.

9. Not disputed.

10. Not disputed.

11. Not disputed.

12. Not disputed.

13. Not disputed.

14. Disputed that "the Ruling did not release Chase as a garnishee, did not quash the Writ of Garnishment, nor did it order Chase to perform any action." The Ruling explicitly held that "the entirety of Huffman's Social Security benefits are exempt from 'execution, levy, attachment, garnishment, or other legal process.'" Chase SOF, Ex. 11 at HUFFMAN-000198, ECF No. 78-2.

15. Disputed that "the Court did not release Chase from the Writ of Garnishment." The Ruling explicitly held that "the entirety of Huffman's Social Security benefits are exempt from 'execution, levy, attachment, garnishment, or other legal process.'" *Id.* at HUFFMAN-000198.

16. Disputed. Chase's Exhibit 13, cited in support of the statements in Paragraph 16, contains no evidence for those statements. *See id.* Ex. 13.

17. Disputed. Plaintiff was still contacting Chase on March 2, 2022 and March 9, 2022 about Chase's failure to release the funds in his account to him. *See* Emails Between Plaintiff and Chase, copies of which are attached as "**Exhibit 2**" hereto, at HUFFMAN-000210–HUFFMAN-000211.

18. Not disputed.

19. Disputed. Chase's Exhibit 14, cited in support of the statements in Paragraph 19, contains no evidence for those statements. *See* Chase SOF, Ex. 14.

20. Not disputed.

21. Not disputed.

22. Not disputed.

23. Not disputed.

24. Not disputed.

25. Not disputed.

26. Not disputed.

27. Disputed. Plaintiff testified that he was saving the money for retirement, and that he made "at least" one withdrawal of those funds. *See id.* Ex. 17 at 40:11-41:15.

28. Disputed. Chase's exhibits cited in support of the statements in Paragraph 28 show that Plaintiff made multiple withdrawals. *See, e.g.*, *id.* Ex. 4 at CHASE000014 ($10,090.85 withdrawn on June 11, 2021); *id.* at CHASE000016 ($2,352.53 withdrawn on July 12, 2021); *id.* at CHASE000018 ($2,352.52 withdrawn on August 14, 2021).

29. Not disputed.

30. Disputed that Plaintiff "had not previously purchased any real estate investment properties with . . . ([ ] any other funds) in the last 20 years." Plaintiff purchased real estate in Reno within the past twenty (20) years. *See id.* Ex. 18 at 11:1-15.

31. Disputed. In his deposition, Plaintiff described his damages from the withholding of his funds as "[t]he ability to use [the funds] for whatever means [I] want[ed] to use [them] for." *See id.* at 104:6-9. For instance, during January 11, 2022 to March 21, 2022, he was considering investing in stocks. *Id.* at 106:20-23. He also considered investing in real estate. *See id.* at 108:18-21. He also testified that he has damages for mental stress and anguish. In particular, he was diagnosed with mental stress and anguish by the Veterans Administration. *Id.* at 114:2-4.

32. Disputed. Plaintiff testified that he was diagnosed with mental stress and anguish by the Veterans Administration. *Id.* at 114:2-4.

33. Not disputed.

34. Not disputed.

**PLAINTIFF'S CONTROVERTING STATEMENT OF FACTS**

1. "[Plaintiff] opened []his account with Chase [ ] for the sole purpose of receiving by direct deposit and holding [his] Social Security benefits," Declaration of Plaintiff, a copy of which is attached as "**Exhibit 4**" hereto, at HUFFMAN-000074–HUFFMAN-000076, ¶ 10, and for no other purpose, *see* Chase SOF, Ex. 17 at 18:18-25, ECF No. 78-3. "No moneys from any other source were ever deposited into this Chase account, save a stimulosus [*sic*] check of $1,400 which the Department of Treasury

4

deposited without prior notice to [Plaintiff]." **Ex. 4** at HUFFMAN-000074–HUFFMAN-000076, ¶ 11.

2. On January 11, 2022, the Pinal County Superior Court, in Case No. S1100CV201501738, signed an Under Advisement Ruling granting Plaintiff's Motion to Reconsider its July 13, 2021 ruling affirming the Writ of Garnishment against his Chase bank account (the "Reconsideration Ruling"). Reconsideration Ruling, a copy of which is attached as "**Exhibit 1**" hereto, at HUFFMAN-000198.

3. The Reconsideration Ruling held that "the Social Security benefits held in [Plaintiff's] Chase bank account were exempt, and therefore [ ] not subject to garnishment" because "the entirety of [Plaintiff's] Social Security benefits [we]re exempt from 'execution, levy, attachment, garnishment, or other legal process.'" *Id.* (quoting 42 U.S.C. § 407(a). It further held that "all benefits paid to [Plaintiff] are exempt from execution, including bank garnishment" and found "there was no evidence . . . [Plaintiff] ever co-mingled his Social security income with other discretionary accounts or monies." *Id.* at HUFFMAN-000199.

4. Ultimately, the Reconsideration Ruling "GRANT[ed] Plaintiff's Motion to Reconsider th[e] [Pinal County Superior] Court's Ruling dates July 13, 2021 . . . concerning the remaining $60,597.25 held by the garnishee Chase bank." *Id.*

5. A copy of the Reconsideration Ruling was emailed, mailed, and/or distributed to Chase on January 11, 2022, the same day it was signed. *Id.*

6. On January 20, 2022, as Chase still had not released his funds, Plaintiff emailed Chase employee Sara Helton a copy of the Reconsideration Ruling, stating

"[h]ere's a copy of the court order dated 1-11-22." *See* Emails Between Plaintiff and Chase, copies of which are attached as "**Exhibit 2**" hereto, at HUFFMAN-000202. On February 4, 2022, Plaintiff forwarded that same email, with the Reconsideration Ruling again attached, to Helton, this time stating "Ms. Helton, per our phone call yesterday, please call me today before 4 pm to pick up my monies from my closed account at Chase." *Id.* at HUFFMAN-000203.

7. On February 7, 2022, Plaintiff forwarded the above thread of emails to Helton, again with the Reconsideration Ruling attached, and stated "Ms. Helton: you did not call me or email me on the 4th, 5th or today. I want my money today by 4pm. call me today when its ready for pickup." *Id.* at HUFFMAN-000204.

8. On February 8, 2022, Plaintiff again forwarded the above email thread to Helton, once again with the Reconsideration Ruling attached, this time stating "I got a call yesterday from Phillip stating my funds are being held due to a 'levy'. The Court Order dated January 11th clearly states that my funds are NOT subject to garnishment or 'levy'. Please call me today as to when I can pick up my monies today." *Id.* at HUFFMAN-000205–HUFFMAN-000206.

9. On February 16, 2022, as Chase was *still* withholding the funds in his account, Plaintiff once again forwarded the above email thread to Helton, again with the Reconsideration Ruling attached, and stated "I want my money today! I need a response from you by email today." *See id.* at HUFFMAN-00020–HUFFMAN-000208.

10. Later that same day, Helton emailed Plaintiff "apologiz[ing] for the late response" and stating she was "no longer with the Johnson Ranch branch." *Id.* at

6

HUFFMAN-000209.  Plaintiff replied to her that same day, reminding her that she "[was] still an employee of Chase" and advising her to "forward this on to your superiors and the branch," as he "need[ed] a [ ] response today." *Id.* at HUFFMAN-000209.

11. On March 2, 2022, as Chase was *still* withholding his funds, Plaintiff again emailed Helton, this time with the subject line "When are you going to give me my SS money??????" and stated "Sara: What is wrong with the people at Chase???? I just told a friend of mine to close his Chase account!!!!" *See id.* at HUFFMAN-000210.

12. A week later, as the funds *still* had not been released, Plaintiff again emailed Helton, now stating "Sara : Every day you keep my SS money increases my damages!!! I need a call today on when I can get my money!!!!" *See id.* at HUFFMAN-000211.

13. On March 21, 2022, Chase finally released its hold on the funds in Plaintiff's account, but the funds still were not made available to him to withdraw until March 26, 2022.  *See* Plaintiff's March 16, 2022 through April 15, 2022 Chase bank account statement, a copy of which is attached as "**Exhibit 3**" hereto, at CHASE000094–CHASE000095; *see also* Defendant Goodman Holmgren Law Group, LLP's Separate Statement of Facts in Support of Motion for Summary Judgment, Ex. 5 at 101:11-12, ECF No. 76-5.

14. Plaintiff planned to use the funds in his Chase bank account on an "[a]s needed basis" – whenever he needed to use them.  Goodman SOF, Ex. 5 at 43:14-20.

15. Plaintiff testified that the damages he incurred for the loss of use of the funds in his Chase bank account from January 11 to March 21, 2022 was his inability to use those funds for whatever means he wanted to use them for – such as, for example, the purchase

7

of a car or the payment of bills.  *See* Chase SOF, Ex. 17 at 104:6-10.  He was also seriously considering investing in stocks during that time period, *id.* at 106:20-23, 108:2-9, and considered investing in real estate, *see id.* at 108:18-21, 109:6-7 (testifying that he "was always looking at real estate prices and homes").

16. Plaintiff testified he was diagnosed by the Veterans Administration as having mental stress and anguish.  *Id.* at 114:2-4.

17. The Deposit Account Agreement between Plaintiff and Chase states that "electronic direct deposits . . . will be available [for withdrawal] on the day [Chase] receive[s] your deposit."  Chase SOF, Ex. 16 at CHASE000407.

**RESPECTFULLY SUBMITTED** this 25th day of March 2024.

**MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
Robert T. Mills
Sean A. Woods
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Nicole M. Goodwin
nicole.goodwin@gtlaw.com
Adrianna Griego Gorton
gortona@gtlaw.com
**GREENBERG TRAURIG, LLP**
2375 E Camelback Rd., Ste. 800
Phoenix, AZ 85016
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

Donald Wilson, Jr.
dwj@bowwlaw.com
Jathan P. McLaughlin
jpm@bowwlaw.com
**BROENING OBERT WOODS & WILSON, P.C.**
2800 N Central Ave., Ste. 1600
Phoenix, AZ 85004
*Attorneys for Defendant Goodman Holmgren Law Group, LLP*

Tomio B. Narita
tnarita@snllp.com
**SIMMONDS & NARITA, LLP**
44 Montgomery St., Ste. 3010
San Francisco, CA 94104
*Pro Hac Vice Attorneys for Defendant Goodman Holmgren Law Group, LLP*

　　　　/s/ Ben Dangerfield