Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
rmills@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bruce E. Huffman,<br><br>    Plaintiff,<br><br>vs.<br><br>JP Morgan Chase Bank, N.A.; Goodman Holmgren Law Group, LLP, and; Magic Ranch Estates Homeowners' Association,<br><br>    Defendants. | Case No.: 2:22-cv-00903-PHX-JJT<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT GOODMAN HOLMGREN LAW GROUP, LLP'S SEPARATE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>(Assigned to the Honorable John J. Tuchi) |

Through counsel undersigned, Plaintiff Bruce E. Huffman ("Plaintiff") hereby responds in opposition to the Separate Statement of Facts in Support of Motion for Summary Judgment (the "Goodman SOF") filed by Defendant Goodman Holmgren Law Group, LLP ("Goodman"). This Response is comprised of both Plaintiff's Response to Goodman's Statement of Facts and Plaintiff's Controverting Statement of Facts. The Statements from the Goodman SOF that are noted as not disputed are not disputed solely for the purpose of responding to Defendant Goodman's Motion for Summary Judgment.

**PLAINTIFF'S RESPONSE TO GOODMAN'S STATEMENT OF FACTS**

1. Not disputed.

2. Not disputed.

3. Not disputed.

4. Not disputed.

5. Not disputed.

6. Not disputed.

7. Not disputed.

8. Not disputed.

9. Not disputed.

10. Not disputed.

11. Not disputed.

12. Not disputed.

13. Disputed. Ms. Lariosa's statement "[n]o, it does not" was in reply to the Court's question "assuming that Mr. Huffman is correct that the only moneys that have been deposited into this account at issue are derived from Social Security income benefits, that does not change your position at all. Does it?" Goodman SOF, Ex. 6 at 15:5-10, ECF No. 76-6.

14. Not disputed.

15. Not disputed.

16. Not disputed.

17. Not disputed.

18. Not disputed.

19. Not disputed.

20. Disputed that Goodman's Motion requested Chase be released from "any obligations under the Writ." In actuality, Goodman's Motion requested Chase be released from "any *further* obligations pursuant to the Writ . . . ." Goodman SOF, Ex. 10 at 1:24-27, ECF No. 76-10 (emphasis added).

21. Not disputed.

22. Disputed. While the Motion for Reconsideration was pending, Goodman filed a Response to the Motion, arguing that the Motion for Reconsideration should be denied. *See* Goodman SOF, Ex. 8, ECF No. 76-8. This was arguably intended to, and likely did, delay what would otherwise have been a much quicker ruling in Plaintiff's favor. Also while the Motion for Reconsideration was pending, Goodman participated in oral argument before the Pinal County Superior Court, again arguing that the Motion for Reconsideration should be denied, which also likely had the same effect. *See* Goodman SOF, Ex. 9, ECF No. 76-9.

23. Disputed. The filing of the Writ was merely one of many actions, and failures to act, on the part of Goodman that Plaintiff believes violated the Federal Debt Collections Practices Act. *See* Compl. 6:7-24, ECF No. 1.

24. Not disputed.

25. Disputed. The Exhibit cited by Goodman in support of Paragraph 25 actually states that "Mr. Moore is responsible for *all* practice areas of [his] firm, including business transactions, business litigation, the collection of consumer and commercial debt, and advising lenders, debt buyers and collection agencies on debt collection related issues including compliance with state and federal laws impacting the debt collection industry

and defending lawsuits brought under those laws." Goodman SOF, Ex. A to Ex. 3 at 10, ECF No. 76-3.

26. Not disputed that Mr. Moore so opines. Disputed that it is true.

27. Not disputed.

28. Not disputed.

29. Not disputed that this is what Ms. Moscarello told Mr. Moore. *See* Goodman SOF, Ex. A to Ex. 3 at 4.

30. Not disputed that Ms. Moscarello told Mr. Moore that she "reviewed Chase's Answers to the bank levy which stated that the funds being withheld in the amount of $60,597.25 were the funds available after application of applicable exemptions." *See id.* Disputed that this is true.

31. Not disputed that Ms. Moscarello told Mr. Moore this. *See id.* Disputed that this is true.

32. Not disputed that Ms. Moscarello told Mr. Moore this. *See id.* Disputed that this is true.

33. Not disputed that Ms. Moscarello told Mr. Moore this. *See id.* at 5. Disputed that this is true.

34. Not disputed that Ms. Moscarello told Mr. Moore this. *See id.* at 5. Disputed that this is true.

35. Not disputed.

36. Not disputed that this is what Mr. Moore claims to have found. *See id.* at 1-3, 7-9.

4

37. Disputed. Mr. Moore actually opined that "Goodman Law maintained procedures *reasonably* adapted to avoid any such errors." *Id.* at 8 (emphasis added).

38. Not disputed.

39. Disputed. Plaintiff testified that he made "at *least* on[e]" withdrawal from the Chase account. Goodman SOF, Ex. 5 at 40:17-18, ECF No. 76-5 (emphasis added). Moreover, Plaintiff testified that he planned to use the funds in his Chase bank account on an "[a]s needed basis" – whenever he needed to use them. *Id.* at 43:14-20.

40. Not disputed that Plaintiff so testified.

41. Not disputed.

42. Not disputed.

43. Disputed. Plaintiff testified that he was damaged by the loss of use of the funds in his Chase bank account as a result of his inability to use those funds for whatever means he wanted to use them for – such as, for example, the purchase of a car or the payment of bills. *See* Goodman SOF, Ex. 5 at 104:6-10 (testifying that he may have planned to buy a car with the funds). He was also seriously considering investing in stocks during that time period, *id.* at 106:20-23, 108:2-9, and considered investing in real estate, *see id.* at 108:18-21, 109:6-7 (testifying that he "was always looking at real estate prices and homes").

44. Not disputed that Plaintiff testified that he agreed that he "still ha[d] those funds." *See id.* at 103:25-104:1.

45. Disputed. Plaintiff testified that he might have been charged $5,000.00 or $6,000.00, but ultimately he didn't know how much. *See id.* at 118:23-119:9.

46. Disputed. Plaintiff only testified that he agreed that "[he] w[as] not diagnosed with any medical condition as a result of *Chase's* conduct . . . ." *Id.* at 116:16-18.

## PLAINTIFF'S CONTROVERTING STATEMENT OF FACTS

1. After obtaining a judgment for its client against Plaintiff, Ashley N. Moscarello – an attorney with Goodman – filed an Application for Writ of Garnishment ("Writ") against Garnishee and Defendant JPMorgan Chase Bank, N.A. ("Chase") relating to Plaintiff's account with Chase on May 25, 2021. Goodman SOF, Ex. 1, ECF No. 76-1.

2. "[Plaintiff] [had] opened []his account with Chase [ ] for the sole purpose of receiving by direct deposit and holding [his] Social Security benefits," Declaration of Plaintiff attached as "**Exhibit 3**" hereto, at HUFFMAN-000074–HUFFMAN-000076, ¶ 10, and for no other purpose, *see* Chase Statement Facts Supp. Mot. Summ. J. ("Chase SOF"), Ex. 17 at 18:18-25, ECF No. 78-3. "No moneys from any other source were ever deposited into this Chase account, save a stimulosus [sic] check of $1,400 which the Department of Treasury deposited without prior notice to [Plaintiff]." **Ex. 3** at HUFFMAN-000074–HUFFMAN-000076, ¶ 11.

3. On June 4, 2021 Plaintiff filed a Request for a Hearing on the garnishment with the Pinal County Superior Court. Goodman SOF, Ex. 4 at 5, ECF No. 76-4. Therein, he objected to the garnishment on the grounds that social security benefits, which are exempt, were being garnished. *See id.* He mailed a copy of the Request for a Hearing to Ms. Moscarello on or about June 7, 2021. *See id.* at 7.

4. On July 7, 2021, in an email to the investigator who "found" Plaintiff's Chase account for her to execute on, Ms. Moscarello stated that "[Plaintiff] is claiming that the funds in the account are exempt Social Security, but I doubt the full amount is exempt (the Bank withheld about $4k as 'federal protected' benefits)." *See* email thread attached as "**Exhibit 4**" hereto, at 2. The investigator responded that "[Plaintiff] isn't that old to have accumulated that much in social security, even if he just left it alone and never touched it. So yeah, that is ridiculous that all of that is protected funds." **Ex. 4** at 1.

5. A garnishment hearing was held in Pinal County Superior Court on July 12, 2021, wherein Plaintiff represented himself. *See* Goodman SOF, Ex. 6 at 2, ECF No. 76-6.

6. During the hearing "the parties agreed and stipulated that all the moneys deposited into [Plaintiff's] Chase Bank account, and currently held in the account, were derived solely from [his] Social Security Benefits," save a stimulus check deposited therein without his prior knowledge. **Ex. 3** ¶ 8. It was, and is, undisputed that those stimulus funds were exempt from garnishment. *See* **Ex. 3** ¶ 9.

7. Following the garnishment hearing, the Court granted the Writ in the amount of $60,597.25. Goodman SOF, Ex. 7, ECF No. 76-7.

8. Plaintiff subsequently retained counsel and on July 23, 2021 filed a Motion for Reconsideration. *See* Motion for Reconsideration attached as "**Exhibit 1**" hereto. Therein, he cited and quoted 42 U.S.C. § 407(a), which clearly and explicitly prohibits any garnishment of social security benefits. *See* **Ex. 1** at 3:18-23 (quoting 42 U.S.C. § 407(a)).

7

9. Plaintiff's Motion for Reconsideration also cited and quoted the U.S. Supreme Court decision *Philpott v. Essex County Welfare Board*, 409 U.S. 413 (1973), which clearly and explicitly affirms that "§ 407 . . . imposes a broad bar against the use of any legal process to reach all social security benefits." **Ex. 1** at 4:5-15 (quoting *Philpott*, 409 U.S. at 416-17). The Motion also cited to the U.S. Supreme Court decision *Porter v. Aetna Casualty Company*, 370 16 U.S. 159 (1962) for the same proposition. *See* **Ex. 1** at 4:15-16.

10. Moreover, Plaintiff's Motion for Reconsideration noted that:

> the funds in [his] Chase bank account were solely from his Social Security benefits. No other funds had ever been deposited in that account, except [a] stimulosus [*sic*] payment. Chase knew this; [Plaintiff's creditor, represented by Goodman] so stipulated; and the records bear it out.

**Ex. 1** at 4:18-21.

11. Plaintiff's Motion for Reconsideration attached copies of all of his Chase bank account statements to show that all funds therein were from exempt funds. *See* **Ex. 1** at 2 n. 1-2.

12. Plaintiff's Motion also sharply criticized Ms. Moscarello's reliance on "78 Federal Register 32099 [codified at 31 CFR § 212] to support [her] position." *See* **Ex. 1** at 4:22-6:24. The Motion noted that that regulation "does not make the remainder of the Social Security Benefits – those going back more than 60 days – non-exempt and subject to garnishment, as [Moscarello] argues." **Ex. 1** at 6:2-5. Instead, noted Plaintiff's Motion, 31 CFR § 212 "only governs the banks' handling of garnishments when . . . Social Security Benefits are in the account. It did NOT amend the Social Security Act, 42 U.S.C. § 407(a), in determining what is and what is not exempt." **Ex. 1** at 5:13-16.

8

13. Plaintiff's Motion for Reconsideration also cited and quoted 42 U.S.C. § 407(b), which makes clear that no other law may supersede or modify 42 U.S.C. § 407(a)'s protection of social security from garnishment unless it explicitly references § 407. *See* **Ex. 1** at 6:5-9. The Motion noted that the regulation relied on by Ms. Moscarello does not do that, as its only reference to § 407 is the statement "[u]nder 42 U.S.C. 407(a) . . . , Federal Old-Age, Survivors, and Disability Insurance benefits and Supplemental Security Income payments are generally exempt from garnishment," a statement that actually supports Plaintiff's position. **Ex. 1** at 6:10-19.

14. Ultimately, the Motion for Reconsideration pointed out that 31 CFR § 212, the regulation relied on by Moscarello:

> is only a Rule governing the procedures of immediate release of 60 days worth of benefits if the bank receives a garnishment. It does not instruct the bank to hand over the remaining Social Security benefits to the judgment creditor. And it does not declare the remaining benefits in the account non-exempt, as [Moscarello] argues.

**Ex. 1** at 6:20-24.

15. Despite the clear authority in Plaintiff's Motion for Reconsideration, on August 5, 2021, Goodman – through Ms. Moscarello – filed a Response, citing 31 CFR Part 212 and various subsections, in arguing that the only protected social security benefits were those received during a two (2) month lookback period. *See* Goodman SOF, Ex. 8, ECF No. 76-8.

16. On August 16, 2021, Plaintiff filed his Reply to Response to Motion for Reconsideration. *See* Reply attached as "**Exhibit 2**" hereto, at 8. Therein, he once again: cited 42 U.S.C. § 407(a)'s and *Philpott v. Essex County Welfare Board*'s explicit

9

prohibition on the garnishment of social security benefits, *see* **Ex. 2** at 6:4-14; sharply criticized Goodman's reliance on 31 CFR § 212 and its subsections, *see* **Ex. 2** at 2:6-5:22, and; noted that "it is undisputed . . . that all the remaining funds in [Plaintiff's] account were Social Security benefits," **Ex. 2** at 7:7-9.

17.     On January 4, 2022 Mascarello, representing Goodman, arguing before the Pinal County Superior Court on Plaintiff's Motion for Reconsideration, continued to assert her position that only two (2) months of Plaintiff's social security benefits were exempt from garnishment. *See* Goodman SOF, Ex. 9, ECF No. 76-9.

18.     On January 11, 2022, the Court granted Plaintiff's Motion for Reconsideration, ruling that "the Social Security benefits held in [Plaintiff's] Chase bank account were exempt, and therefore [ ] not subject to garnishment" because "the entirety of [Plaintiff's] Social Security benefits [we]re exempt from 'execution, levy, attachment, garnishment, or other legal process.'" Goodman SOF, Ex. 9 at 1 (quoting 42 U.S.C. § 407(a)). It further held that "all benefits paid to [Plaintiff] are exempt from execution, including bank garnishment" and found "there was no evidence . . . [Plaintiff] ever co-mingled his Social security income with other discretionary accounts or monies." *Id.* at 2.

19.     On January 19, 2022, Goodman filed a Motion to Quash Writ of Garnishment, requesting the Court release Chase from any obligations under the Writ. *See* Goodman SOF, Ex. 10, ECF No. 76-10. This constituted Goodman's first action to withdraw, or disclaim in any way, the Writ that they had instituted.

20.     On May 25, 2022, Plaintiff filed a Complaint against Goodman for, among other claims, violating the Fair Debt Collection Practices Act ("FDCPA"). Compl. 1, ¶¶

39-42, ECF No. 1. Plaintiff alleged Goodman violated the FDCPA by "communicat[ing] about the collection of a debt with [Chase] without obtaining prior permission from Plaintiff," *id.* ¶ 39(a), "engag[ing] in . . . harass[ing], oppress[ing], or abus[ive] [conduct] [ ] in connection with the collection of a debt," *id.* ¶ 39(b), "us[ing] false deceptive, and/or misleading representations or means in connection with the collection of a debt," *id.* ¶ 39(c), "us[ing] unfair or unconscionable means to collect or attempt to collect a debt," *id.* ¶ 39(d), and "design[ing], compil[ing], and/or furnish[ing] a misleading Writ of Garnishment," *id.* ¶ 39(e).

21. Goodman has produced the expert opinion of Harvey M. Moore, who is an attorney. *See* Goodman SOF, Ex. A to Ex. 3 at 10-11, ECF No. 76-3.

22. Quoting 15 U.S.C. § 1692(b) and applying it to the facts here, Mr. Moore opines that "Goodman . . . did not violate 1692c of the FDCPA by communicating with Chase [ ] when they levied upon funds held by Chase [ ] in [Plaintiff's] bank account." Goodman SOF, Ex. A to Ex. 3, § VI(1).

23. Quoting *Kaiser v. Cascade Capital, LLC*, 989 F.3d 1127 (2021), *Jerman v. Carlisle, McNellie, Rinni, Kramer & Ulrich LPA*, 559 U.S. 573 (2010), and *Sprayberry v. Portfolio Recovery Associates, LLC*, Nos 21-36000 and 21-36001, and applying them to the facts here, Mr. Moore opines that "[a]ny and all of the alleged violations of the [FDCPA] were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Goodman SOF, Ex. A to Ex. 3, § VI(2).

24. Plaintiff planned to use the funds in his Chase bank account on an "[a]s needed basis" – whenever he needed to use them. Goodman SOF, Ex. 5 at 43:14-20, ECF No. 76-5.

25. Plaintiff testified that the damages he incurred for the loss of use of the funds in his Chase bank account during the period the Writ was in effect was his inability to use those funds for whatever means he wanted to use them for – such as, for example, the purchase of a car or the payment of bills. *See* Goodman SOF, Ex. 5 at 104:6-10. He was also seriously considering investing in stocks during that time period, *id.* at 106:20-23, 108:2-9, and considered investing in real estate, *see id.* at 108:18-21, 109:6-7 (testifying that he "was always looking at real estate prices and homes").

26. Plaintiff testified he was diagnosed by the Veterans Administration as having mental stress and anguish. Goodman SOF, Ex. 5 at 114:2-4.

27. Plaintiff testified that he may have been charged $5,000.00 or $6,000.00 by his attorney in the Pinal County Superior Court proceeding. *See* Goodman SOF, Ex. 5 at 118:23-119:9.

28. Plaintiff asserted in his Complaint that "[b]ecause of the violations of the FDCPA described herein, [he] is entitled to recover statutory damages, economic compensatory damages, noneconomic compensatory damages, and attorneys' fees and costs, in an amount to be proven at trial." Compl. ¶ 42.

29. Plaintiff testified that he "suffered severe emotional distress, including suffering, anguish, fright, nervousness, grief, anxiety, worry, shock, humiliation, and shame" as a result of Goodman's conduct. *See* Goodman SOF, Ex. 5 at 177:8-14.

**RESPECTFULLY SUBMITTED** this 1st day of April 2024.

                                **MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
      Robert T. Mills
      Sean A. Woods
      5055 North 12th Street, Suite 101
      Phoenix, AZ 85014
      *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Nicole M. Goodwin
nicole.goodwin@gtlaw.com
mowent@gtlaw.com
Adrianna Griego Gorton
gortona@gtlaw.com
NEF@gtlaw.com
smithca@gtlaw.com
**GREENBERG TRAURIG, LLP**
2375 E Camelback Rd., Ste. 800
Phoenix, AZ 85016
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

Donald Wilson, Jr.
dwj@bowwlaw.com
kaj@bowwlaw.com
sls@bowwlaw.com
Jathan P. McLaughlin
jpm@bowwlaw.com
ju@bowlaw.com
**BROENING OBERT WOODS & WILSON, P.C.**
2800 N Central Ave., Ste. 1600
Phoenix, AZ 85004
*Attorneys for Defendant Goodman Holmgren Law Group, LLP*

Tomio B. Narita
Tomio.Narita@wbd-us.com
rosana.klingerman@wbd-us.com
**SIMMONDS & NARITA, LLP**
50 California St., Ste. 1500
San Francisco, CA 94111
*Attorneys for Defendant Goodman Holmgren Law Group, LLP*

    /s/ Ben Dangerfield