**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 800
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Nicole M. Goodwin, SBN 024593; nicole.goodwin@gtlaw.com
Adrianna Griego Gorton, SBN 031836, gortona@gtlaw.com
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| Bruce E. Huffman, | Case No. 2:22-cv-00903-JJT |
|---|---|
| Plaintiff, | **DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT (DOC. 77)** |
| v. | |
| JPMorgan Chase Bank, N.A.; Goodman Holmgren Law Group, LLP; and Magic Ranch Estates Homeowners' Association, | (Assigned to the Hon. John J. Tuchi) |
| Defendants. | |

Defendant JPMorgan Chase Bank, N.A. ("Chase"), through undersigned counsel, submits the following Reply in support of its Motion for Summary Judgment filed on January 26, 2024 (Doc. 77) (the "Motion") along with its accompanying Statement of Facts ("SOF"). Plaintiff responded to the Motion on March 25, 2024 (Doc. 83) (the "Response") and submitted his own Controverting Statement of Facts ("CSOF").

Plaintiff's Response fails to provide any legally cognizable argument or genuine issue of material fact to preclude summary judgment in Chase's favor. Instead, Plaintiff's Response makes clear that (1) his unjust enrichment claim is precluded by the valid and enforceable Deposit Account Agreement which governs the relationship between Chase and Plaintiff; (2) Plaintiff's conversion claim fails as a matter of law because Plaintiff has failed to show that Chase's restriction on the funds was "wrongful"; (3) Plaintiff has failed to provide a computation of damages or evidence of the alleged damages he has incurred;

and (4) even if Plaintiff had disclosed *any* computation of damages, the damages he seeks are precluded by the express and unambiguous Damages Limitation clause of the Deposit Account Agreement. There is no genuine issue of material fact and summary judgment should be granted in Chase's favor on both Plaintiff's unjust enrichment and conversion claims.

**LEGAL ARGUMENT**

**I. PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS AS A MATTER OF LAW.**

Plaintiff's Response makes one thing clear – his allegations against Chase (albeit meritless) are inherently contractual and thus, his claim of unjust enrichment fails as a matter of law. Plaintiff sets forth three reasons why his unjust enrichment claim should proceed: (1) because he "may pursue a claim for unjust enrichment against Chase because he did not receive the contractual benefits he bargained for with it" (Doc. 83 at 7); (2) because Plaintiff "does not seek to relieve" himself "of the effects of an express provision in the contract" (Doc. 83 at 8); and (3) because Chase "wrongfully retained the funds in Plaintiff's account and prevented him from accessing them" (Doc. 83 at 9). Plaintiff's arguments fail and do not provide any basis under which this Court should deny summary judgment in favor of Chase on Plaintiff's unjust enrichment claim.

**A. Plaintiff's Unjust Enrichment Claim Fails Because He has an Adequate Remedy at Law.**

This Court previously held that Plaintiff's "Complaint does not allege the existence of the contract, so the Court finds that **plaintiff has sufficiently alleged that he does not have a legal remedy**." Doc. No. 45 at 14 (emphasis added). In so holding, this Court cited to *Trustmark Ins. Co. v. Bank One, Ariz., NA*, 48 P.3d 485, 491 n.5 (Ariz. Ct. App. 2002). *Trustmark* is instructive here where there is no question regarding the Deposit Account Agreement's ("DAA") validity or that Plaintiff has an adequate remedy at law.

In *Trustmark*, the Arizona Court of Appeals upheld the trial court's order granting judgment as a matter of law in favor of defendant Bank One, Arizona, N.A. ("Bank One"). *Id*. at 486. The Court of Appeals held that "[b]ecause [] contractual documents governed

2

the relationship of the parties, the trial court properly granted Bank One's motion for JMOL on Trustmark's unjust enrichment claim." *Id*. at 492. The Court of Appeals elaborated explaining that Trustmark, as plaintiff, had an adequate remedy at law because it "could have pursued a breach of contract of claim based on the contractual documents applicable to [the] Account []." *Id*.

Like Plaintiff here, Trustmark attempted to argue that even if it had an adequate remedy at law, it could still pursue an unjust enrichment claim by relying on *Adelman v. Christy*, 90 F. Supp. 2d 1034 (D. Ariz. 200). *See id.* at 542, ¶ 36. The court in *Trustmark*, however, distinguished *Adelman* as only allowing a pleading of an unjust enrichment claim in the alternative "in case the **contract was found invalid** or the plaintiff was deemed the breaching party, in which case the **plaintiff would not have a remedy at law** to recover payment for the services she had rendered." *Id*. at 542-543 (emphasis added). The *Trustmark* court further explained that the plaintiff's reliance on *Adelman* was misplaced as plaintiff was "not seeking to pursue its unjust enrichment claim in the alternative; rather, it seeks to avoid possible contractual limitations on its recovery by resorting to an unjust enrichment cause of action. *Brooks* is more on point here than *Adelman* and is controlling." *Id*. at 543, ¶ 37. The same is true here.

There is no dispute, and Plaintiff does not controvert (*see* CSOF ¶ 17), that the relationship between Plaintiff and Chase is governed by the DAA, a valid and enforceable agreement. Plaintiff also does not allege (because he cannot) that he lacks an adequate remedy at law nor does he seek to pursue his unjust enrichment claim in the alternative. Instead, Plaintiff's claim for unjust enrichment, much like the plaintiff in *Trustmark*, is simply an attempt to avoid the contractual limitations and express provisions of the DAA. Specifically, Plaintiff likely seeks to avoid the contractual damage limitations found in the DAA, discussed in Section III(A) below, which expressly excludes recoupment of "indirect, special, or consequential damages" – the exact categories of damages Plaintiff seeks in this action.

Likewise, Plaintiff's argument that he failed to receive the "benefit of the bargain" is also without merit. Doc. 83 at 7-8. Plaintiff relies on Chase's "Funds Availability Policy" to argue that he was deprived of the benefits of the DAA because Chase "was contractually obligated to make those funds available the day he requested them, and despite Plaintiff's repeated requests…[Chase] did not…" Doc. 83 at 7-8. However, the DAA must be read in full to give effect to all of the agreement's provisions. *See Ash v. Egar*, 25 Ariz. App. 72, 75 (1975) ("A written contract will, if possible, be construed so as to give effect to all its parts."). Specifically, Plaintiff's argument (Doc. 83 at 2, 7) ignores express provisions of the DAA which grant Chase (1) the right to comply with any legal process relating to Plaintiff's account (SOF, ¶ 21) and (2) authorizes Chase to "decline or prevent any or all transactions" and "refuse, freeze, reverse or delay any specific withdrawal, payment or transfer of funds to or from" an account that is involved in any legal or administrative proceeding or if Chase reasonably believes doing so is necessary (SOF, ¶ 22). Plaintiff's conclusion that he "does not seek to relieve" himself "of the effects of an express provision in the contract" is unsubstantiated and directly contradicted by Plaintiff's own allegations and arguments. Doc. 83 at 6-8.

Plaintiff also cites to *USLife Title Co. of Ariz. v. Gutkin*, 152 Ariz. 349 (App. 1986) (rejecting plaintiff's unjust enrichment claim because plaintiff had received the benefit of the bargain) to support his argument that his unjust enrichment claim should survive summary judgment. *See* Doc. 83 at 7. While the *Gutkin* court, in dicta, distinguished between cases in which the defendant "performed his obligation, pursuant to agreement with [the plaintiff]" and those in which the defendant failed to perform and the plaintiff "did not obtain the benefit of its bargain" (*Id.* at 355), this Court has recognized that the doctrine has "'**no application**' where a valid contract between the parties is ultimately found…because there will then exist a 'remedy provided at law'…for breach of contract." *Shannon Argyros as Special Adm'r of the Estate of George Argyros, Jr. v. Island Storage & Marine LLC, et al.*, CV-20-08195-PCT-JJT, 2021 WL 4427061, at \*6 (D. Ariz. Sept. 27, 2021) (emphasis added); *see also Paul Johnson Drywall Inc. v. Sterling Grp. LP*, No.

4

CV-21-01408-PHX-DWL, 2024 U.S. Dist. LEXIS 53488, at *79 (D. Ariz. Mar. 26, 2024) (granting summary judgment on an unjust enrichment claim where plaintiff had a contractual relationship and thus "an adequate remedy provided by law."). Again, the same result is warranted here where there is **no dispute** that the relationship is governed by a valid and enforceable agreement providing Plaintiff with an adequate remedy at law.

Plaintiff also confusingly argues that his claims for unjust enrichment should survive summary judgment because "Chase wrongfully retained the funds in Plaintiff's account" while also admitting that "Chase had the right to possess [the funds] upon deposit." Doc. 83 at 9. It is axiomatic that retention of funds, *which Plaintiff admits Chase had the right to possess*, cannot serve as the basis for an ***unjust*** enrichment claim. *See Gutkin*, 152 Ariz. at 354.

There is no genuine dispute that the DAA is a valid and enforceable agreement that governs the relationship between Chase and Plaintiff. As such, Plaintiff has an adequate remedy at law and his unjust enrichment claim fails as a matter of law. *See* Doc. No. 45 at 14; *see also Trustmark Ins. Co. v. Bank One, Ariz., NA*, 48 P.3d at 491 n.5.

## II. SUMMARY JUDGMENT SHOULD BE GRANTED IN CHASE'S FAVOR ON PLAINTIFF'S CONVERSION CLAIM.

### A. Plaintiff's Account Funds Cannot Be the Subject of a Conversion Claim as a Matter of Law.

"Generally, a bank and a depositor have a debtor-creditor relationship, meaning the bank has the right to possess deposited money and the depositor cannot claim conversion." *York v. JPMorgan Chase Bank*, No. CV-18-04039-PHX-SPL, 2019 U.S. Dist. LEXIS 136137, at *15-16 (D. Ariz. Aug. 12, 2019). Plaintiff has not provided any reason why this well-established legal principle should not be adhered to here. While Plaintiff argues that this matter is an exception because he "opened []his account with Chase [ ] for the sole purpose of receiving by direct deposit and holding [his] Social Security benefits, and for no other purpose," (Doc. 83 at 2) this fails to establish that this matter is anything more than a "mere creditor-debtor" situation. *York v. JPMorgan Chase Bank,* 2019 U.S. Dist. LEXIS 136137, at *16.

Money can be the subject of a conversion claim **only** "if it can be described, identified, or segregated, **and** an obligation to treat it in a specific manner is established." *Id*. (emphasis added). Arizona courts have explained that such a claim can only lie with respect to a bank where the money was "deposited under a[] special deposit agreement having the characteristics of a bailment" or "for a special purpose with notice to the bank." *See Universal Mktg. & Entm't v. Bank One of Ariz., N.A.*, 203 Ariz. 266, 269, 53 P.3d 191, 194 (Ct. App. 2002). This is not the case here. While Plaintiff in practice only received social security deposits into his account, the funds were simply deposited into Plaintiff's general Chase account. Plaintiff has not provided any evidence that a "special deposit agreement" was in place akin to a "bailment" nor that Chase was under any obligation to treat the funds in an established specific manner. *See generally* Doc. 83. As such, Plaintiff's conversion claim cannot survive summary judgment. *See York v. JPMorgan Chase Bank*, 2019 U.S. Dist. LEXIS at \*15-16; *Universal Mktg. & Entm't v. Bank One of Ariz., N.A.*, 203 Ariz. at 269-270.

### B.   Plaintiff Has Failed to Establish that Chase Acted Wrongfully

Plaintiff's conversion claim is also belied by its own admission – "Chase had the right to possess [the funds] upon deposit." Doc. 83 at 9. Even if the type of deposit account here could generally be subject to a conversion claim (which it is not), Plaintiff's admission makes clear that Chase has not committed the requisite "act of **wrongful** dominion" required to maintain a claim for conversion. *See Case Corp. v. Gehrke,* 91 P.3d 362, 365 (Ariz. Ct. App. 2004). What is more, Plaintiff does not controvert or dispute that the DAA authorizes Chase to "decline or prevent transactions" or "refuse, freeze, reverse or delay any specific withdrawal, payment or transfer of funds to or from" an account that is involved in any legal or administrative proceeding (such as Plaintiff's) or if Chase reasonably believes it is necessary to protect it from loss. *See* SOF, ¶¶ 21-22. In addition, the DAA provides that Chase "may place reasonable restrictions on when and how [a customer] make[s] any large cash withdrawal." *See* SOF, Exhibit 16 at CHASE000392. Thus, the DAA provides Chase with authority to refuse a withdrawal,

especially a large cash withdrawal, as needed. *Id*. Plaintiff's argument that Chase violated any alleged contractual provision by failing to provide an electronic deposit within a certain time frame cannot, and should not, be read as a stand-alone provision but must be read to give effect to the entirety of the DAA. *See Ash v. Egar*, 25 Ariz. App. at 75. Because as Plaintiff admits, "Chase had the right to possess [the funds] upon deposit," a claim for conversion against Chase cannot, and should not, survive summary judgment.

### III. PLAINTIFF'S ALLEGED DAMAGES ARE CONTRACTUALLY PRECLUDED AND INSUFFICIENTLY DISCLOSED.

In opposing Chase's Motion for Summary Judgment, Plaintiff has the burden of demonstrating that Chase failed to make a sufficient showing to warrant summary judgment in its favor. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Related to damages, Plaintiff is required to provide "a computation of each category of damages" and "must also make available…the documents other evidentiary material…on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]" Fed. R. Civ. P. 26(a)(1)(A)(iii). Plaintiff has failed to meet his burden.

First, Plaintiff's alleged damages are specifically excluded by the express and unambiguous terms of the DAA which govern the relationship between Chase and Plaintiff. Second, even if the damage categories were not precluded by the DAA, Plaintiff has failed to provide any evidence of his alleged damages other than vague deposition testimony. Finally, despite initiating this action over 23 months ago, Plaintiff has failed to provide **any** computation of damages as required by the Federal Rules of Civil Procedure. As such, summary judgment is warranted in Chase's favor.

### A. Plaintiff's Alleged Damages Are Consequential and thus Precluded by the DAA.

Plaintiff argues that the DAA's Damages Limitation Clause does not preclude Plaintiff's alleged damages because "none of the viable categories of damages available

7

to Plaintiff set forth above are 'indirect, special, or consequential.'"[1]  Doc. 83 at 12. Plaintiff is wrong.

The asserted categories of damages which Plaintiff argues are neither "indirect, special, or consequential" are "damages for the loss of use of the funds in his account from January 11, 2022 to March 26, 2022 and damages for his mental stress and anguish arising from said loss of use."  Doc. 83 at 10.[2]  These are exactly the types of "damages" that are considered "indirect, special or consequential."  *See Consequential Damages,* Black's Law Dictionary ("Losses that do not flow directly and immediately from an injurious act but that result indirectly from that act.").

The DAA expressly excludes Plaintiff's categories of damages "regardless of the form of action…"  SOF ¶ 34.  Because Plaintiff has failed to provide any evidence or computation of damages that are not "indirect, special, or consequential," summary judgment is warranted in Chase's favor.

**B.  Plaintiff's Response Fails to Set Forth Any Evidence or Computation of Damages for His Claims.**

Even if Plaintiff's alleged damages were not precluded by the express terms of the DAA, Plaintiff has failed to show that he suffered any compensable damages from the brief interruption (after the garnishment was extinguished) in the use of the funds deposited with Chase other than he was unable "to use those funds for whatever means he wanted to use them for[.]"  Doc. 83 at 11.

Despite his obligations under the Federal Rules of Civil Procedure and Chase's direct discovery requests, Plaintiff has failed to provide "a computation of each category

---

[1] Plaintiff does not argue, because he cannot, that the Damages Limitation Clause is invalid, unenforceable, or unconscionable but simply that his claimed damages are neither "indirect, special, or consequential."  Plaintiff's lack of response implicitly concedes that the Damages Limitation Clause is valid and enforceable.

[2] With his Response, Plaintiff has failed to address Chase's arguments related to Plaintiff's claimed damages of "attorneys' fees and costs incurred in the Pinal County action in an effort for free his funds."  *See* Motion at 9-11.  Chase assumes that Plaintiff has abandoned this category of damages but reserves all arguments regarding Plaintiff's inability to allege this category of damages as to Chase.

of damages claimed." *See* Fed. R. Civ. P. 26.1(a)(1)(A)(iii). Instead of evidence or a calculation of his alleged damages, Plaintiff has offered solely his testimony that (1) he "could" have purchased a car with the funds (but then admitted that he didn't know whether he intended to buy a car during the relevant time period and that he was not denied the purchase of a car) (SOF, ¶¶ 29-30); (2) that he was "considering" buying stocks although he admitted that he "had not previously used any of [his] social security benefits to invest in the stock market" (*Id.*); and (3) he might have invested in "[r]eal estate, but its kind of hard to do that when it's retirement funds." (*Id.*). Plaintiff has not offered any evidence of any such damages beyond the vague and speculative testimony recounted above.

Moreover, Plaintiff has admitted that he did not use these funds to pay bills or other living expenses as he had other means of income. SOF, ¶ 27. And while Plaintiff contends that he is entitled, "at the very least to the interest he would have received on the amount of the funds in his account from January 11 to March 26, 2022" (Doc. 83 at 11), Plaintiff has failed to provide ***any*** evidence, testimonial or otherwise, related to this alleged category of damages.

Regarding his alleged mental stress and anguish, Plaintiff's argument that "he was told by Veterans Administration medical personnel that he had mental stress and anguish" (Doc. 83 at 12) is simply insufficient.[3] This is especially so considering Plaintiff's admission that he was "not diagnosed with any medical condition as a result of Chase's conduct[.]" SOF, ¶ 32. Simply put, Plaintiff has failed to set forth any evidence that would entitle him to any category of damages even if his claims were allowed to proceed. As such, summary judgment should be granted in Chase's favor.

---

[3] To the extent that Plaintiff claims he is entitled to emotional distress damages on his conversion claim, Plaintiff has failed to provide any authority for such a claim.

**CONCLUSION**

For all the foregoing reasons, and as set forth in Chase's Motion for Summary Judgment, Chase respectfully requests that this Court grant summary judgment in Chase's favor on both Plaintiff's unjust enrichment and conversion claims.

DATED this 23rd day of April 2024.

GREENBERG TRAURIG, LLP

By: */s/ Adrianna Griego Gorton*
    Nicole M. Goodwin
    Adrianna Griego Gorton
    *Attorneys for Defendant JPMorgan Chase Bank, N.A.*
