LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 N. CENTRAL AVE., SUITE 1600
PHOENIX, ARIZONA 85004
TELEPHONE: (602) 271-7700
FACSIMILE:  (602) 258-7785
Donald Wilson, Jr./Bar No. 005205
   E-mail: dwj@bowwlaw.com
Jathan P. McLaughlin/Bar No. 028065
   E-mail: jpm@bowwlaw.com

SIMMONDS & NARITA LLP
Tomio B. Narita (CA SBN 156576) (*pro hac vice*)
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 283-1000
tnarita@snllp.com

*Attorneys for Defendant Goodman Law Group, LLP*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Bruce E. Huffman,<br><br>              Plaintiff,<br><br>v.<br><br>JP Morgan Chase Bank, N.A.; Goodman Holmgren Law Group, LLP; and Magic Ranch Homeowners Association,<br><br>              Defendants. | 2:22-CV-00903-JTT<br><br>**DEFENDANT GOODMAN'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Defendant Goodman Holmgren Law Group ("Goodman"), LLP, by and through undersigned counsel, submits the following Reply in support of its Motion for Summary Judgment [Dkt. No. 75].

/ / /

## I.   <u>INTRODUCTION</u>

Plaintiff's Response asserts that the Bona Fide Error Defense ("BFED") is inapplicable in this case because Goodman knew or should have known that the funds in Plaintiff's JP Morgan Chase Bank, N.A. ("Chase") account could not be garnished.  Plaintiff's argument fails to take into account the fact that Goodman based its conduct in the underlying matter on guidance from the Social Security Agency set out in 78 Fed. Reg. 32099 and eventually codified at 31 CFR Part 212, *et seq.* which, Goodman argued, permitted the garnishment of "non-protected funds."  The Response likewise fails to articulate any basis for the Court to hold that the FDCPA procedures put into place by Goodman to prevent such errors were inadequate.

With respect to the remaining arguments in Goodman's Motion, Plaintiff does not contest the fact that he has no cause of action under the Social Security Act making summary judgment on Count Two of Plaintiff's Complaint appropriate. Finally, Plaintiff fails to identify any specific cognizable, non-statutory damages he sustained as a result of Goodman's conduct.  Accordingly, should the Court decline to grant summary judgment in full, it should nevertheless grant partial summary judgment regarding the bulk of Plaintiff's claims for damages in this case.

## II.   <u>LEGAL ARGUMENT</u>

### A.   **Social Security Act Claims**

Count Two of Plaintiff's Complaint alleges that Goodman violated the Social Security Act (42 U.S.C. § 407(a), *et seq.*) in its handling of the underlying matter. [Dkt. No. 1 at ¶¶ 43-48].  In his Response to Goodman's Motion for Summary Judgment, Plaintiff does not contest the fact that, as the Court previously noted, "there is no private right of action for the private remedy that Plaintiff seeks" under 42 U.S.C. § 407(a).  [Dkt. No. 45 at 9-10].  Where there is no private right of action available to pursue a claim for

violations of the Social Security Act, summary judgment in Goodman's favor is appropriate.

**B.      Fair Debt Collections Practices Act.**

**i.       Goodman did not violate 15 U.S.C. § 1692c(b)**

Plaintiff alleges that Goodman violated 15 U.S.C. § 1692c(b) for communicating about the debt with Chase without Plaintiff's consent. (SOF ¶ 23).  However, the statute itself provides:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, **or as reasonably necessary to effectuate a post-judgment judicial remedy**, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b) (emphasis added).

Here, Goodman was attempting to garnish funds pursuant to a validly entered judgment against Plaintiff.  Plaintiff's Response does not allege that the judgment against him which prompted the Writ of Garnishment was not validly entered.  Accordingly, his conduct fell within the ambit of the statute's exception and summary judgment in Goodman's favor on this specific claim[1] alleged by Plaintiff is appropriate.

---

[1] Plaintiff's Complaint appears to allege individual claims relating to alleged violations of multiple sub-sections to 15 U.S.C. § 1692 (*see*, Dkt. No. 1 at ¶ 39).  Goodman's argument in Section II(c)(i) of its Motion for Summary Judgment is only directed at Plaintiff's allegation that Goodman violated 15 U.S.C. § 1692c(b).

### ii.   Goodman's remaining conduct is subject to the bona fide error defense.

It is important to note that the fact that the Pinal County Superior Court ultimately quashed the Writ of Garnishment does not mean that Goodman violated the FDCA.  As discussed in Goodman's Motion for Summary Judgment, the firm had a well-founded basis for applying for the Writ of Garnishment in the first instance.  However, assuming *arguendo*, Goodman's conduct violated the remaining sections of the FDCPA cited in Plaintiff's Complaint, summary judgment is appropriate as Goodman's conduct is subject to the BFED.  Plaintiff testified that the filing of the Writ of Garnishment is the conduct for which Goodman is subject to liability, regardless of the specific section of the FDCPA Plaintiff claims Goodman violated.  [Dkt. No. 76 at ¶ 23.]

As set out in Goodman's Motion for Summary Judgment, Goodman believed in good faith that the funds held in Plaintiff's account were not all exempt from garnishment based upon the firm's experience, as well as the Codes of Federal Regulation relied upon in the underlying matter.  Plaintiff's Response asserts that Goodman should have known "upon Plaintiff's filing of his Motion for Reconsideration" that the funds in Plaintiff's account were not subject to garnishment. [Dkt. Nos. 76 at ¶ 23, 85 at 12].  At the time Plaintiff filed his Motion for Reconsideration though, the Writ of Garnishment had already been upheld by the Pinal County Superior Court.  Plaintiff does not cite any authority for the proposition that once the Superior Court issued an Order enforcing the Writ of Garnishment, Goodman was compelled, notwithstanding this Order, to move to quash the Writ of Garnishment.  With respect to Plaintiff's contentions that arguments made to the Court in the underlying matter were somehow violative of the FDCPA, Arizona state courts have long held that an "absolute privilege" applies to "participant[s] in judicial proceedings." *Green Acres Trust v. London*, 141 Ariz. 609, 613, 688 P.2d 617, 627 (1984).

Based on Plaintiff's testimony that the filing of the Writ of Garnishment was the act which violated the FDCPA, the question is whether the BFED applies to Goodman's

1   conduct when applying to garnish the Chase account (again, assuming *arguendo* that the

2   application was improper).  Goodman's position at the time was predicated upon the review

3   of 31 CFR § 212.5 which requires a financial institution receiving a writ of garnishment to

4   perform an account review within two days of the garnished account and, "If the account

5   review shows that a benefit agency deposited a benefit payment into the account during the

6   lookback period, then the financial institution shall follow the procedures in § 212.6."  31

7   CFR § 212.5(c).  31 CFR § 212.6 requires a financial institution to calculate the protected

8   amount[2], set those funds aside and then follow its otherwise customary procedures for

9   handling garnishment orders with respect to the remaining funds.  Goodman's arguments

10  were based upon a good faith belief in the firm's ability to garnish funds in excess of the

11  "protected amount" and are subject to the BFED as any error was made in good faith.

12       Plaintiff next argues that the "collateral matter" requirement in *Kaiser v. Cascade*

13  *Capital*, 989 F.3d 1127 (9th Cir. 2021) is not met in this case.  As noted in Goodman's

14  Motion for Summary Judgment, *Kaiser* holds that "where a defendant 'has a mistaken

15  impression concerning the legal effect of some collateral matter and that mistake results in

16  his misunderstanding the full significance of his conduct[,]" the mistake is considered a

17  mistake of fact and the BFED may apply.  *Id*. at 1138 (quoting, *Rehaif v. United States*¸ --

18  - U.S. ----, 139 S.Ct. 2191, 2198, 204 L.Ed.2d 594 (2019).  Here, any error made by

19  Goodman related to just such a collateral issue – 31 CFR § 212, *et seq.*'s impact on the

20  ability to garnish Social Security funds outside of a specified protected amount.  Plaintiff's

21  response attempts to distinguish this case from *Kaiser* by pointing out that the mistake in

22  *Kaiser* related to the applicable statute of limitations under state law.  [Dkt. No. 85 at 13-

23  14].  However, nothing in *Kaiser* mandates that a party must be mistaken about a state law

24

25  [2] Protected amount is defined as "the lesser of the sum of all benefit payments posted to
    an account between the close of business on the beginning date of the lookback period
26  and the open of business on the ending date of the lookback period, or the balance in an
    account when the account review is performed."  31 CFR § 212.3

(as opposed to a federal statute or regulation) for the BFED to apply.  Rather, as *Kaiser* makes clear, so long as the mistake is about "a collateral legal element of an offense" the BFED may apply.  *Kaiser* at 1139.  Here, to the extent Goodman was mistaken, the mistake was about the about just such a collateral legal element and the BFED applies.

Plaintiff also alleges that Goodman did not have sufficient procedures in place to prevent errors from occurring.  However, Plaintiff does not take issue with various procedures put into place by Goodman to ensure its attorneys appropriately handled FDCPA cases.  Specifically, Plaintiff does not dispute that any lawyer handling an FDCPA matter take, and pass, an exam on the FDCPA; Goodman's policy that attorneys must stay up to date on State and Federal laws impacting debt collections – with an emphasis on debt collection in the HOA arena; holding weekly meetings regarding updates to State and Federal laws; belonging to organizations which provide updates on debt collection practice; attending CLEs relevant to, *inter alia*, HOA debt collection; attending an annual conference  which includes sessions on debt collection practice; and, the holding of regular meetings with a senior attorney at the firm to discuss issues in the debt collection practice.  Plaintiff says nothing about how the procedures were supposedly infirm or preclude the application of the BFED.  Where Goodman has supplied evidence of its policies and procedures aimed at preventing errors and Plaintiff has not presented any evidence that such procedures were insufficient, there is no question of fact precluding summary judgment.  *See*, *Rush v. Portfolio Recovery Associates LLC*, 977 F.Supp.2d 414, 428 (D.N.J. 2013) ("Portfolio has met its burden by supplying evidence of its procedures, and Plaintiffs have failed to rebut the adequacy or reasonableness of such procedures to show that summary judgment is inappropriate; indeed, Plaintiffs neither have pointed to nor have submitted any testimony, declaration, or expert opinion to create a genuine dispute that Portfolio's procedures are insufficient to support a bona fide error defense.")

Plaintiff also asserts that Goodman's expert cannot testify as to his legal conclusions in this case.  [Dkt. No. 85 at 16].  However, it is unclear how Mr. Moore's opinion that Goodman's mistaken belief that certain funds in Plaintiff's Chase account could be garnished, or that Goodman had in place procedures to avoid mistakes, are legal or conclusions.  Rather, Mr. Moore properly opined regarding the operation of Goodman's firm, and his conclusion that any error in handling the garnishment matter was made notwithstanding the presence of procedures designed to avoid such errors.

### iii.    Partial Summary Judgment regarding Plaintiff's damages is appropriate

Finaly, in the event the Court does not conclude that summary judgment on the entirety of Plaintiff's claims is appropriate, partial summary judgment is appropriate as Plaintiff has no actual damages.  15 U.S.C. § 1692(k) provides that a Plaintiff in an FDCPA violation case may recover (1) any actual damages sustained; (2) "additional" damages not to exceed $1,000; and (3) "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

With respect to the fees incurred by Plaintiff in the underlying matter, these fees were incurred after the Writ of Garnishment was enforced by the Pinal County Superior Court. There is no evidence that Goodman took any actions to try and delay the Court's Ruling on Plaintiff's Motion for Summary Judgment, and Plaintiff testified that he was not aware of any such evidence.  [Dkt. No. 76-5 at 168:10-18].  Accordingly, after the Court enforced the Writ, Goodman was simply abiding by the Court's Order.  Nor did Goodman take any actions following the Superior Court's initial ruling enforcing the Writ to remove funds from Plaintiff's Chase account.  Where Plaintiff did not retain an attorney until *after* the Court ruled the Writ was enforceable, Plaintiff cannot point to the $5,000 in attorneys'

1   fees he claims to have incurred in order to reverse the Court's ruling as damages

2   attributable to Goodman.

3          Likewise, Plaintiff testified that he was waiting to use the money frozen in his Chase

4   account for retirement.  Yet, as of the date of his deposition, he <u>had not spent any of the</u>

5   <u>funds which he alleges he was denied access to</u>.  He further testified that he had other

6   sources of income during the time his funds were frozen, did not miss any bill payments,

7   and was not otherwise in need of the frozen funds.  Where Plaintiff's allegation is that he

8   lost the *use* of funds he never actually intended or planned to use, he cannot recover from

9   Goodman for that loss of use.  Even in response to Goodman's Motion, Plaintiff cannot

10  cite to any specific actions he intended to take with the garnished funds.  Rather, as

11  articulated in Goodman's Motion for Summary Judgment and confirmed in Plaintiff's

12  Response, Plaintiff can only cite to things he *considered* doing with the garnished funds,

13  and further testified that he had other income streams during the time the funds were frozen.

14         Finally, Plaintiff now asserts that he was diagnosed with "mental stress and anguish"

15  as a result of the underlying matter.  [Dkt. No. 85 at 17].  The language cited by Plaintiff,

16  though, does not provide with any specific diagnosis.  When he was asked more specific

17  questions concerning any medical complications he alleges are related to the Writ of

18  Garnishment, Plaintiff testified that it was accurate to state that he did not receive medical

19  treatment and "[was] not diagnosed with any medical condition" caused by the underlying

20  Writ of Garnishment.  (Dkt. No. 76-5 at 114:20-116:18).  Plaintiff must make a showing

21  that "the circumstances make it obvious that a reasonable person would suffer **<u>significant</u>**

22  emotion[al] harm."  *Perkons v. American Acceptance, LLC*, No. CV-10-8021-PCT-PGR,

23  2010 WL 4922916, at *3 (D. Ariz., Nov. 29, 2010. (citation omitted, emphasis and

24  alteration added); *see*, *Waldrop v. LTS Collections Incorporated*, 2020 WL 654772, at *7

25  (D. Ariz. Nov. 6, 2020) (holding that emotional distress damages were warranted when the

26  "Defendants' conduct in this case is sufficiently egregious that it is 'obvious that a

reasonable person would suffer significant emotion[al] harm.'") (quoting, *Perkons, supra*, alteration in citation).  Here, Plaintiff is a former attorney with experience in the collections field.  Plaintiff testified that he did not plan to use the money for anything during the time his funds were frozen and promptly filed a Motion for Reconsideration which was ultimately granted.  Considering the facts in this case, there is no evidence that he suffered *significant* emotional harm sufficient to recover emotional distress damages from Goodman.

Because Plaintiff has no actual damages in this matter, summary judgment in Goodman's favor is appropriate.

**III.    CONCLUSION**

For the reasons set out in its Motion for Summary Judgment and above, Goodman requests the Court enter summary judgment in its favor.  To the extent the Court is not inclined to grant summary judgment on the entirety of the claims in this matter, Goodman requests the Court grant partial summary judgment regarding the scope of Plaintiff's alleged damages in this case as well as on Count Two of Plaintiff's Complaint.

RESPECTFULLY SUBMITTED this 26th day of April, 2024.

BROENING OBERG WOODS & WILSON, P.C.


By: /s/ *Jathan P. McLaughlin*
Donald Wilson, Jr.
Jathan P. McLaughlin
2800 N. Central Ave., Ste. 1600
Phoenix, Arizona 85004
*Attorneys for Defendant Goodman Law Group, LLP*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2024, I electronically transmitted the attached

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

Notice of Electronic Filing to the following CM/ECF registrants:

Robert T Mills
Sean A Woods
MILLS+WOODS LAW PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona, 85014
docket@millsandwoods.com

Nicole M. Goodwin
Adrianna Griego Gorton
Greenberg Traurig, LLP
2375 E. Camelback Road, Suite 800
Phoenix, Arizona 85016
Nicole.goodwin@gtlaw.com
gortona@gtlaw.com
*Attorneys for JPMorgan Chase Bank, NA*

by: /s/*Josie Uong*