**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 800
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Nicole M. Goodwin, SBN 024593; goodwinn@gtlaw.com
Adrianna Griego Gorton, SBN 031836, gortona@gtlaw.com
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bruce E. Huffman, | Case No. 2:22-cv-00903-JJT |
| Plaintiff, | **DEFENDANT JPMORGAN CHASE BANK, N.A.'S APPLICATION FOR ATTORNEYS' FEES AND COSTS** |
| v. | |
| JPMorgan Chase Bank, N.A.; Goodman Holmgren Law Group, LLP; and Magic Ranch Estates Homeowners' Association, | (Assigned to the Hon. John J. Tuchi) |
| Defendants. | |

Defendant JPMorgan Chase Bank, N.A. ("Chase"), through undersigned counsel, pursuant to this Court's Judgment of Dismissal In A Civil Case dated August 13, 2024 (Dkt. No. 94), Local Rule of Civil Procedure 54.2, and Federal Rule of Civil Procedure 54, submit this Application for Attorneys' Fees and Costs ("Application").

Specifically, Chase applies to this Court for an award of attorneys' fees in the amount of **$43,214.59** and costs in the amount of **$2,236.40**. This Application is timely filed after stipulation of the parties and order of this Court granting Chase an extension of time to file this Application until September 10, 2024. *See* Doc. No. 97.

This Application is supported by the following Memorandum of Points and Authorities, the Declaration of Nicole M. Goodwin in Support of Application for Attorneys' Fees and Costs (attached hereto as **Exhibit A**) (the "Goodwin Declaration") and the itemized statement of fees attached thereto as Exhibit 1, the statement of costs

attached thereto as Exhibit 2, and this Court's entire record, all of which are incorporated herein by this reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

At its core, this matter arises out of and was controlled by the contract between the parties—the Deposit Account Agreement. Indeed, this Court's order granting summary judgment in favor of Chase on Plaintiff's claims of unjust enrichment and conversion turned on the Court's recognition (undisputed by Plaintiff) that "[i]t is uncontroverted that there is a contract governing the actions of Plaintiff and Chase Bank regarding the bank account and money in question." Doc. No. 93 at 10. Similarly, on Plaintiff's conversion claim, the Court ruled in Chase's favor because the DAA "established a debtor-creditor relationship, and because Plaintiff failed to show evidence that Chase Bank had an obligation to treat the money in a specific manner[.]" *Id*. at 11. As such, because this matter arises out of contract and Chase was the prevailing party, Chase is entitled to an award of its costs and attorneys' fees pursuant to A.R.S. §§ 12-341 and 12-341.01.

### II. Chase Is Eligible for and Entitled to an Award of Reasonable Attorneys' Fees and Costs Pursuant to A.R.S. §§ 12-341 and 12-341.01.

On March 29, 2023, this Court partially dismissed Plaintiff's claims of violations of the Social Security Act, violations of the Federal Banking Regulations, and intentional infliction of emotional distress against Chase. *See* Doc. 45, Order Partially Granting Chase's Motion to Dismiss, March 29, 2023, at 8-17. Thereafter, on August 13, 2024, this Court granted summary judgment in favor of Chase on Plaintiff's remaining claims of unjust enrichment and conversion. *See* Doc. 93, Order Granting Chase's Motion for Summary Judgment, August 13, 2024, at 10-13. On the same day, and at the direction of the Court, the Clerk of Court entered judgment in favor of Chase on all claims and dismissed the case. (Doc. 94, Judgment of Dismissal in a Civil Case, March 29, 2023).

Chase is therefore entitled to an award of its costs and reasonable attorneys' fees pursuant to A.R.S. § 12-341 and 12-341.01. Under A.R.S. § 12-341, "the successful party

701402333

in a civil action **shall** recover from [its] adversary all costs expended or incurred therein unless otherwise provided by law." A.R.S. § 12-341 (emphasis added). A.R.S. § 12-341.01 provides that "the court may award the successful party reasonable attorney fees" in a contested action arising out of contract. *See* A.R.S. § 12-341.01.

Under A.R.S. § 12-341, the Court must award Chase its costs and other expenses incurred as the prevailing party in this action. *See* A.R.S. § 12-341; *see also* A.R.S. § 12-332(A)(6)("Costs in the superior court include...[o]ther disbursements that are made or incurred pursuant to an order or agreement of the parties."). Chase is also entitled to an award of its attorneys' fees because, in addition to the fact that Chase was the prevailing party: (1) this action arises out of the DAA, and (2) the factors set forth in *Assoc. Indem. Corp. v. Warner*, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985) (the "*Warner* factors") heavily weigh in favor of such an award.

An action "arises out of contract" for purposes of A.R.S. § 12-341.01 where a contract between the parties is "the essential basis of the action" – *i.e.*, the claims would not have existed "but for" the contract between the parties. *See Caruthers v. Underhill*, 230 Ariz. 513, 526, 287 P.3d 807, 820 (App. 2012) (finding plaintiff's various tort claims to "arise out of contract," where they would not have existed "but for" a contract). Here, although Plaintiff did not allege a breach of contract claim, there is no doubt that the existence of his claims (both those dismissed at the motion to dismiss stage and those dismissed on summary judgment) depend on the existence of the contract between the parties and an alleged breach thereof (albeit there was none). *See Deutsche Credit Corp. v. Case Power & Equip. Co.*, 179 Ariz. 155, 163, 876 P.2d 1190, 1198 (App. 1994) (holding that a claim that was "clearly one for damages for conversion, likewise depends for its existence on an alleged breach of contract[.]").

Plaintiff's claims and Chase's defenses would not have existed "but for" the DAA governing the relationship between Plaintiff and Chase and the monies that were deposited with Chase. Throughout the course of litigation, Plaintiff did not dispute that

701402333

the relationship between the parties, and thus Plaintiff's claims, were governed by the DAA. In fact, on several occasions, Plaintiff acknowledged as much:

- "Plaintiff may pursue a claim for unjust enrichment against Chase because he did not receive the **contractual benefit** he bargained for with it." Doc. No. 83 at 7 (emphasis added).

- "**Pursuant to the parties' DAA**, "electronic direct deposits…will be available [for withdrawal by the depositor] on the day [Chase] receive[s] [the] deposit." *Id*. (citing Doc. No. 84 at ¶ 17) (emphasis added).

- "Here, Plaintiff was denied the benefit of his **contractual bargain** with Chase…" *Id*. at 7 (emphasis added).

- "**Under the DAA** and by implication of law, **Chase was contractually obligated** to make those funds available the day he requested them…" *Id*. at 8 (emphasis added).

- "Therefore, **because Plaintiff did not receive the benefit of his contractual bargain** with Chase, he is not precluded from pursuing an unjust enrichment claim against it." *Id*. (emphasis added).

- Plaintiff did not dispute that "Plaintiff and Chase's **relationship is governed by a contractual agreement**: The Deposit Account Agreement ('DAA') to which Plaintiff agreed when opening his Chase banking account." *See* Doc. No 78, Chase's Statement of Facts in Support of its Motion for Summary Judgment, January 26, 2024, ¶ 20 (emphasis added); *see also* Doc. No. 84, Plaintiff's Response in Opposition to Chase's Motion Statement of Facts in Support of its Motion for Summary Judgment, March 25, 2024, ¶ 20 ("Not disputed.").

That this action arises out of contract has already been acknowledged by this Court:

> It is uncontroverted that **there is a contract governing the actions of Plaintiff and Chase Bank** regarding the bank account and money in question.

(Doc. No. 93, Order at p. 10)(emphasis added). As such, Chase is entitled to an award of attorneys' fees under A.R.S. § 12-341.01.

The *Warner* factors also justify an award of attorneys' fees. In *Warner*, the Arizona Supreme Court outlined several factors a court may consider in determining whether to grant attorneys' fees pursuant to A.R.S. § 12-341.01: (1) the merits of the

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

4

claim presented by the unsuccessful party; (2) whether litigation could have been avoided or settled and whether the successful party's efforts were completely superfluous in achieving the result; (3) whether assessing fees against the unsuccessful party would cause an extreme hardship; (4) whether the successful party prevailed with respect to all of the relief sought; (5) whether the legal question presented was novel and if such claim or defense had been previously adjudicated in the judge's jurisdiction; and (6) whether a fee award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues. *See Warner*, 143 Ariz. at 570, 694 P.2d at 1184. For the following reasons, these factors heavily weigh in favor of an attorneys' fees award here:

- *First*, Plaintiff failed to prevail on any of the claims it asserted against Chase. *See* Doc. No. 45, Order Partially Granting Chase's Motion to Dismiss; Doc. No. 93, Order Granting Chase's Motion for Summary Judgment.

- *Second*, this litigation could have been avoided but for Plaintiff's pursuit of his meritless claims. The parties participated in a settlement conference that was unsuccessful due to Plaintiff's unwillingness to recognize the lack of merit of his claims. Likewise, Plaintiff refused to engage in settlement discussions initiated by Chase's counsel. In addition to moving to dismiss this action – which Plaintiff knew or should have known was without merit – Defendant had to proceed with discovery and a motion for summary judgment. The efforts taken by counsel for Chase were far from superfluous; they were essential to enforcing the DAA and dismissing this action. *See Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 188, 673 P.2d 927, 931 (App. 1983) ("[T]he prevailing party is entitled to recover a reasonable attorney's fee for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest.") (citations omitted).

- *Third*, there is no evidence that an award of attorneys' fees would pose a hardship to Plaintiff, let alone an "extreme hardship." Plaintiff is a former attorney with sufficient means outside of his social security funds to consider investing in real estate and other investment opportunities. *See* Doc. No. 83, Plaintiff's Response in Opposition to Chase's Motion for Summary Judgment, March 25, 2024, at 11. From the beginning, Plaintiff had notice that Chase would seek

5

701402333

- *Fourth*, Chase has prevailed in all respects. *See* Doc. No. 45, Order Partially Granting Chase's Motion to Dismiss; Doc. No. 93, Order Granting Chase's Motion for Summary Judgment.

- *Fifth*, Plaintiff asserted a variety of claims against Chase, each of which posed their own legal issues. In addition to having to draft and defend the Motion to Dismiss, as mentioned above, Chase also participated in discovery, prepared for and participated in an unfruitful settlement conference, and drafted its successful Motion for Summary Judgment.

- *Sixth*, an award of attorneys' fees in this case is not likely to dissuade parties from litigating merit-based claims in the future.

attorneys' fees and costs. *See, e.g.,* Doc. No. 15, Motion to Dismiss, filed July 1, 2022.

In sum, Chase is entitled to an award of reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01. Arizona law also supports the recovery of attorneys' fees incurred in preparing a fee application. *See Gametech Int'l Inc. v. Trend Gaming Sys., L.L.C.*, 380 F. Supp. 2d 1084, 1101 (D. Ariz. 2005); *Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927 (Ariz. Ct. App. 1983).

### III. The Fees and Costs Sought Are Reasonable.

The Goodwin Declaration, attached hereto as Exhibit A, demonstrates that, in defending this action, Chase has incurred **$43,214.59** and costs in the amount of **$2,236.40**. The attorneys' fees Chase now requests are reasonable for the following reasons:

*First*, Chase's counsel charged a reasonable billing rate. As set forth in the Goodwin Declaration, Chase agreed to undertake and pay the hourly billing rates set forth in the Declaration in this matter. *See id.* at ¶¶ 2-3, 7. The hourly billing rates were also discounted from the rates normally charged by Greenberg Traurig, LLP ("GT"). *Id.* at ¶¶ 7-8. Chase's agreement to pay, and payment of these fees, conclusively establishes their reasonableness:

> In corporate and commercial litigation between fee-paying clients, there is no need to determine the reasonable hourly rate prevailing in the community for similar work because the rate

> charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case.

*Gametech Int'l, Inc. v. Trend Gaming Sys., L.L.C.*, 380 F. Supp. 2d 1084, 1096 (D. Ariz. 2005); *see also Design Trend Int'l Interiors, Ltd. v. Cathay Enters.*, 103 F. Supp. 3d 1051, 1064 (D. Ariz. 2015) (finding the agreed to rates and paid fees reasonable in a commercial litigation matter).

*Second*, to the best of counsel's knowledge, GT's billing rates are consistent with the rates charged by comparable law firms for attorneys and legal assistants of similar experience and skill.

*Lastly*, Chase's counsel devoted a reasonable amount of time and labor in defending this action from its inception, performing such essential activities as: compiling facts; developing legal strategy based on the current claims; communicating with the client and Plaintiff's counsel; discovery and the deposition of Plaintiff; and preparing motions, and other papers, including a partial dispositive motion to dismiss, a settlement conference memorandum, and a dispositive motion for summary judgment.  In addition, the amount of time and labor was necessary to achieve a complete success for Chase.

## **CONCLUSION**

Based on the foregoing, the Court should award Chase its requested attorneys' fees and costs in full: the **$43,214.59** and costs in the amount of **$2,236.40** incurred in defending this action.  Chase also seeks an award of the additional fees and costs, if any, incurred for further briefing and oral argument in support of this Application.  Concurrently herewith, Chase has filed, for the Court's consideration, a Notice of Lodging Defendant's Proposed Form of Judgment.

7

701402333

1   DATED this 10th day of September 2024.

GREENBERG TAURIG, LLP

By: */s/ Nicole M. Goodwin*
    Nicole M. Goodwin
    Adrianna Griego Gorton
    *Attorneys for Defendant JPMorgan Chase Bank, N.A.*

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

8

701402333