Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
rmills@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bruce E. Huffman,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JP Morgan Chase Bank, N.A.; Goodman Holmgren Law Group, LLP, and; Magic Ranch Estates Homeowners' Association,<br><br>　　　　　Defendants. | Case No.: 2:22-cv-00903-PHX-JJT<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT JPMORGAN CHASE BANK, N.A.'S APPLICATION FOR ATTORNEYS' FEES AND COSTS**<br><br>(Assigned to the Honorable John J. Tuchi) |

Through counsel undersigned and pursuant to Local Rule of Civil Procedure 54.2(f), Plaintiff Bruce E. Huffman ("Plaintiff") hereby responds in opposition to "Defendant JPMorgan Chase Bank, N.A.'s Application for Attorneys' Fees and Costs," ECF No. 98 ("Defendant's Application"), filed by Defendant JPMorgan Chase Bank, N.A. ("Defendant"). Defendant, a wealthy multinational financial institution, requests an award of approximately $45,000.00 in attorneys' fees and costs from Plaintiff, a 71-year-old retiree on social security. Defendant is not eligible for an award of fees under Arizona law, which permits fee awards to successful parties on claims "arising out of a contract." Plaintiff did not bring any contract claims against Defendant, and the claims he brought – for federal statutory and administrative violations, intentional infliction of emotional

distress, conversion, and unjust enrichment – do not "arise out of a contract," because a contract is not the "essential basis" of any of those claims.  And even if Defendant is eligible for fees, the Court should utilize the broad discretion it holds and decline to award them, due to the extreme economic inequities between the parties and the fact that Plaintiff was an innocent victim of Defendant's conduct.  In addition, Defendant's Application should be denied because it fails to comply with the applicable Rule in substantial respects.  Finally, the Court should drastically reduce any award of costs, as Defendant requests reimbursement for certain costs that are non-taxable.

This Response is supported by the relevant parts of the record in this action and the Memorandum of Points and Authorities below.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. DEFENDANT IS NOT ELIGIBLE FOR A FEE AWARD UNDER A.R.S. § 12-341.01.**

Defendant argues that it is eligible for an award of its reasonable attorneys' fees in this action pursuant to A.R.S. § 12-341.01.  Not so – that statute is inapplicable here because a contract is not the "essential basis" of any of Plaintiff's claims.

A.R.S. § 12-341.01(A) allows a court to award a successful party its reasonable attorneys' fees in an action "arising out of a contract . . . ."  The issue, then, is when does an action "arise out of a contract?"  It is true, as Defendant notes, that "[a]n action arises out of contract under A.R.S. § 12-341.01(A) if it could not exist 'but for' the contract."  *Hanley, v. Pearson*, 204 Ariz. 147, 151, ¶ 17 (App. 2002) (citing *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 543 (1982)).  However, there is more to the issue.  For instance, the "statute does not apply to purely statutory causes of action."  *Id.* (citing *Kennedy v.*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

*Linda Brock Auto. Plaza, Inc.*, 175 Ariz. 323, 325 (App. 1993)) ("When a cause of action is based on a statute rather than a contract, the peripheral involvement of a contract does not support the application of the fee statute."). Moreover, "[w]hen the duty breached is implied by law or is based on statute, that is, where the defendant would have 'a duty of care under the circumstances even in the absence of a contract,' the claim does not arise out of contract." *Caruthers v. Underhill*, 287 P.3d 807, 820, ¶ 57 (Ariz. App. 2012) (first citing *Hanley*, 204 Ariz. at 151, ¶ 18; and then citing *Ramsey Air Meds, LLC v. Cutter Aviation, Inc.*, 198 Ariz. 10, 15-16, ¶ 27 (App. 2000)). Finally, and most importantly, in order for an action to arise out of a contract "[t]he contract must be the **essential basis** of the action and not merely a factual predicate." *Id.* (emphasis added) (citing *Hanley*, 204 Ariz. at 151, ¶ 17).

Here, none of Plaintiff's claims against Defendant "arise out of a contract" for purposes of entitlement to a fee award, because the parties' deposit agreement (the "DAA") is not the "essential basis" of any of them. Plaintiff did not bring any claims under the DAA. Rather, he brought claims for: violation of 42 U.S.C. §§ 301, *et seq.*, Compl. ¶¶ 43-48, ECF No. 1; violations of 31 C.F.R. Part 212, Compl. ¶¶ 49-56; intentional infliction of emotional distress, Compl. ¶¶ 76-84; conversion, Compl. ¶¶ 65-71, and; unjust enrichment, Compl. ¶¶ 72-75.

The first three (3) claims above were dismissed early on pursuant to Defendant's Motion to Dismiss. Still, none of them "arise out of a contract" for purposes of an entitlement to a fee award. The claims for violating 42 U.S.C. §§ 301, *et seq.* and 31 C.F.R. Part 212 certainly do not arise out of the DAA because they are statutory causes of action,

for which A.R.S. § 12-341.01 is inapplicable.  *See Hanley*, 204 Ariz. at 151, ¶ 17; *Caruthers*, 287 P.3d at 820, ¶ 57; *Kennedy*, 175 Ariz. at 325.  Moreover, Plaintiff's intentional infliction of emotional distress claim does not arise out of the DAA, because the duty not to intentionally cause another emotional distress is implied by law and would still exist even in the absence of that agreement.

Additionally, the two (2) claims that were dismissed on summary judgment – conversion and unjust enrichment – also do not arise out of the DAA, because that agreement is not "the essential basis" of those claims.  *See Caruthers*, 287 P.3d at 820, ¶ 57; *Hanley*, 204 Ariz. at 151, ¶ 17.  The essential basis of the conversion claim is that Defendant wrongly exerted dominion and control over money Plaintiff had given to it to hold in trust for him – not that Defendant breached an agreement.  That claim would still exist even in the absence of the DAA because it arises out of law.  Similarly, the essential basis of the unjust enrichment claim is that Defendant was unjustifiably enriched, and Plaintiff was unjustifiably impoverished, because of Defendant's wrongful exertion of dominion and control over Plaintiff's money – not that Defendant failed to fulfill a contractual promise.  That claim also would still be available to Plaintiff in the absence of the DAA, because it also arises out of law.

Because none of Plaintiff's claims against Defendant "arise out of a contract" – i.e., the DAA – A.R.S. § 12-341.01 is inapplicable here, and therefore Defendant is not entitled to an award of fees.

///

///

## II. EVEN IF DEFENDANT IS ELIGIBLE FOR AN ATTORNEYS' FEES AWARD, THE COURT SHOULD EXERCISE ITS BROAD DISCRETION AND DECLINE TO AWARD THEM.

Though, as set forth above, Defendant is not eligible for an award of fees under A.R.S. § 12-341.01, even if it *was* eligible, such an award is not appropriate or justified here. That statute is permissive, not mandatory, *see* A.R.S. § 12-341.01(A) (stating that, if eligible, "the court ***may*** award the successful party reasonable attorney fees" (emphasis added)), and "[t]he court generally has ***broad*** discretion to award ***or deny*** attorney fees," *Democratic Party of Pima Cnty. v. Ford*, 269 P.3d 721, 724-25, ¶ 12 (Ariz. App. 2012) (emphasis added).

In *Assoc. Indem. Corp. v. Warner*, 143 Ariz. 567 (1985), Arizona's Supreme Court set forth several factors useful to a court in determining whether to award or deny fees under A.R.S. § 12-341.01. *Id.* at 570. Contrary to Defendant's Application, those factors strongly support denial of any fee award.

The first factor is "[t]he merits of the claim or defense presented by the unsuccessful party." *Id.* Here, even though Plaintiff's claims did not survive summary judgment, they were well-supported. Defendant knew that the funds in Plaintiff's account were by law exempt from garnishment, but it froze those funds anyway, even after it knew the Writ of Garnishment had been removed, and even in the face of Plaintiff's repeated demands for access to his money. Defendant thus converted Plaintiff's funds for its own use, without justification, for months. Defendant was also unjustly enriched by having the use of Plaintiff's funds, while he was improperly deprived of such use. Defendant's conversion of Plaintiff's funds was intentional, extreme, and outrageous.

5

The second factor is whether "[t]he litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result." *Warner*, 143 Ariz. at 570. Here, the litigation could have been avoided had Defendant simply allowed Plaintiff access to his own money that he had deposited with Defendant, instead of blocking that access for months in contravention to a court order and despite Plaintiff's repeated requests for his money. Moreover, Plaintiff not only made a written offer to Defendant to settle his claims, but he also participated in good faith in a Settlement Conference that was unfortunately unsuccessful.

The next factor is whether "[a]ssessing fees against the unsuccessful party would cause an extreme hardship." *Id.* Here, Plaintiff is 71 years old and is not wealthy. Defendant, by contrast, is an extremely wealthy multinational financial institution. A $45,000.00 obligation to its attorneys is barely a blip on its considerable balance sheet. Meanwhile, a $45,000.00 judgment against Plaintiff would be financially devastating. The extreme inequities of economic position involved weigh strongly against awarding fees to Defendant – which is, in fact, just what the *Warner* court ultimately ruled. *See id.* at 571 (holding that the trial court properly denied an award of fees to an insurer that had prevailed in a suit against its insured because of "the nature of the action and the relative economic positions of the parties").

While the fourth factor, whether the party who prevailed obtained all the relief they sought, *id.* at 570, admittedly favors Defendant, it is the only factor that does. The next, "the novelty of the legal question presented, and whether such claim or defense had previously been adjudicated in this jurisdiction," *id.*, supports denial of a fee award.

Notably, Defendant's Application does not cite a case where a similar claim or defense had previously been adjudicated.

Finally, the last *Warner* factor, "whether [a fee] award . . . would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees, *id.* (citing *Wistuber v. Paradise Valley Unified School*, 141 Ariz. 346 (1984) is another that strongly supports denial of a fee award. Here, awarding approximately $45,000.00 to a bank out of the pocket of one of its depositors whose money it froze for months without any legitimate grounds to do so and in contravention of a court order, would absolutely have a chilling effect on other individuals with similar claims against financial institutions. If banks were able to freeze depositors' accounts for no reason and for months at a time without the fear of litigation as a consequence, the entire economy could be irreparably damaged.

In addition to *Warner*, Defendant's Application cites *Deutsche Credit Corp. v. Case Power & Equip. Co.*, 179 Ariz. 155 (App. 1994) in support of its claim for fees. But *Deutsche* does not help Defendant. There, the court ***declined*** to award fees to the successful party, because the unsuccessful party was merely an innocent victim. *See id.* at 164. That is precisely the situation here. Even though Plaintiff was ultimately not successful on his claims, there can be no dispute that he was an innocent victim of Defendant's actions. It is uncontroverted that Defendant denied Plaintiff access to his own money without justification for a period of several months. Awarding it tens of thousands of dollars in fees on top of that, from an elderly depositor on social security, is not remotely appropriate or justified.

7

For all the above reasons, the Court should utilize its broad discretion and decline to award attorneys' fees to Defendant.

## III. **DEFENDANT'S APPLICATION FAILS TO COMPLY WITH THE APPLICABLE RULE IN SUBSTANTIAL RESPECTS.**

Defendant's Application acknowledges it is made pursuant to Local Rule of Civil Procedure 54.2, Def.'s App. 1:17-19, the Local Rule that governs claims for attorneys' fees and other non-taxable expenses, *see* LRCiv.P. 54.2(a). Yet, it fails to comply with that Rule in substantial respects. Accordingly, it should be denied.

Defendant did not attach a copy of its fee agreement with counsel, as required by Local Rule 54.2(d)(2). Pursuant thereto:

> A complete copy of any written fee agreement, or a full recitation of any oral fee agreement, must be attached to the supporting memorandum. If no fee agreement exists, then counsel must attach a statement to that effect.

Neither a fee agreement nor a statement indicating that no such agreement exists was attached to Defendant's Application.

Local Rule 54.2(d)(4) requires that any fee application "be accompanied by an affidavit of moving counsel" containing certain information. The affidavit must:

> include a statement as to ***whether the client has paid any fees or expenses*** pursuant to any such fee agreement and, if so, a statement of the amount paid and a description of the nature of the services for which payment was made, the time involved in such services and the identity of the person performing such services.

LRCiv.P. 54.2(d)(4)(B) (emphasis added). Contrary to this requirement, the Declaration of Nicole M. Goodwin attached to Defendant's Application (the "Declaration") fails to specify whether Defendant has actually ***paid*** any of the fees or expenses which the Application seeks. The Declaration merely states that "[Defendant] has paid ***or agreed to***

8

*pay*" these expenses. Def.'s App., Ex. A ¶ 13, ECF No. 98-1 (emphasis added). That is not sufficient under the Rule.

An affidavit accompanying a fee application must also "identify all adjustments, if any, which may have been made . . . ." LRCiv.P. 54.3(d)(4)(C). In particular, the affidavit "should state whether the affiant has eliminated unnecessary, duplicative and excessive time, deleted certain categories of time or expense entries and/or reduced the amount charged for a particular type of expense such as facsimile or photocopy charges." The Declaration never states whether or not this was done.

Finally, Defendant's Application fails to include a discussion of a number of topics that are required by Local Rule 54.2(c)(3). For example, its discussion of the reasonableness of the requested award fails to include any of the following required topics:

> [t]he novelty and difficulty of the questions presented . . . [t]he skill requisite to perform the legal service properly; . . . [t]he preclusion of other employment by counsel because of the acceptance of the action; [t]he customary fee charged in matters of the type involved; . . . time limitations imposed by the client or the circumstances; . . . [t]he experience, reputation and ability of counsel; . . . [t]he 'undesirability' of the case; [t]he nature and length of the professional relationship between the attorney and the client; [and] [a]wards in similar actions . . . .

*See* LRCiv.P. 54.2(c)(3)(B)-(L).

For the all the reasons set forth above, Defendant's Application fails to comply with the Local Rule governing fee applications in substantial respects, and should be denied for that reason alone.

///

///

///

9

## IV. DEFENDANT IS NOT ENTITLED TO A SUBSTANTIAL PORTION OF ITS REQUESTED COSTS.

Defendant requests a total amount of $2,236.40 for its purported costs in this action. *See* Def.'s App., Ex. A at 12, ECF No. 98-1. That amount must be drastically reduced. In particular, Defendant's request for reimbursement of $765.00 for "Video Deposition" costs must be disallowed, since "[c]osts associated with a video recording [of a deposition] are not taxable." *See* LRCiv.P. 54.2(e)(3). Also, the two (2) $44.00 charges for "Courier Services" are not taxable costs, and should be disallowed. *See* LRCiv.P. 54.1(e).

Defendant's request for costs also fails to comply with the applicable Local Rule, which requires the filing of "a bill of costs on a form provided by the Clerk." LRCiv.P. 54.1(a). Moreover, no documentation of the requested costs was attached. *See id.*

## V. CONCLUSION

For all of the foregoing reasons, the Court should deny Defendant's Application, decline to award Defendant any attorney fees from Plaintiff, and drastically reduce any award of costs.

**RESPECTFULLY SUBMITTED** this 4th day of October 2024.

**MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
    Robert T. Mills
    Sean A. Woods
    5055 North 12th Street, Suite 101
    Phoenix, AZ 85014
    *Attorneys for Plaintiff*

10

# CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Nicole M. Goodwin
nicole.goodwin@gtlaw.com
mowent@gtlaw.com
Adrianna Griego Gorton
gortona@gtlaw.com
NEF@gtlaw.com
smithca@gtlaw.com
**GREENBERG TRAURIG, LLP**
2375 E Camelback Rd., Ste. 800
Phoenix, AZ 85016
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

Donald Wilson, Jr.
dwj@bowwlaw.com
kaj@bowwlaw.com
sls@bowwlaw.com
Jathan P. McLaughlin
jpm@bowwlaw.com
ju@bowwlaw.com
vll@bowwlaw.com
**BROENING OBERG WOODS & WILSON, P.C.**
2800 N Central Ave., Ste. 1600
Phoenix, AZ 85004
*Attorneys for Defendant Goodman Holmgren Law Group, LLP*

Tomio B. Narita
Tomio.Narita@wbd-us.com
rosana.klingerman@wbd-us.com
**WOMBLE BOND DICKINSON**
50 California St., Ste. 1500
San Francisco, CA 94111
*Attorneys for Defendant Goodman Holmgren Law Group, LLP*

     /s/ Ben Dangerfield