**GREENBERG TRAURIG, LLP**
**ATTORNEYS AT LAW**
**SUITE 800**
**2375 EAST CAMELBACK ROAD**
**PHOENIX, ARIZONA 85016**
**(602) 445-8000**

Nicole M. Goodwin, SBN 024593; nicole.goodwin@gtlaw.com
Adrianna Griego Gorton, SBN 031836, gortona@gtlaw.com
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bruce E. Huffman,<br><br>Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank, N.A.; Goodman Holmgren Law Group, LLP; and Magic Ranch Estates Homeowners' Association,<br><br>Defendants. | Case No. 2:22-cv-00903-JJT<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES AND COSTS (DOC. 98)**<br><br>(Assigned to the Hon. John J. Tuchi) |

Defendant JPMorgan Chase Bank, N.A. ("Chase"), through undersigned counsel, submits the following Reply in support of its Application for Attorneys' Fees and Costs filed on September 10, 2024 (Doc. 98) (the "Application").

In his Response (Doc. 103), Plaintiff argues that Chase is not entitled to an award of attorneys' fees and costs because (1) Plaintiff's claims do not arise out of contract per A.R.S. § 12-341.01; (2) even if the claims did arise out of contract (which they do), the Court should exercise its discretion and deny an award of Chase's attorneys' fees and costs; and (3) Chase has failed to comply with the requirements of this Court. Plaintiff's arguments fail.

First, the **only** relationship that existed between the parties was contractual. Plaintiff's Complaint allegations rise and fall based on the rights and obligations provided for in the Deposit Account Agreement ("DAA") governing Plaintiff's bank account.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

Plaintiff cannot now attempt to escape his own arguments and allegations to avoid an award of attorneys' fees in Chase's favor.

Second, the *Warner* factors weigh heavily in favor of an award to Chase:  (1) Plaintiff's claims were without merit and Plaintiff knew as much after the parties initially met and conferred prior to Chase's Motion to Dismiss; (2) Plaintiff cannot attempt to avoid an award through use of his unreasonable settlement demands; (3) Plaintiff's conclusory statements, uncorroborated even by a signed declaration from Plaintiff, regarding the alleged "extreme hardship" he will suffer is insufficient to decline an award of fees; (4) Plaintiff admits that Chase was resoundingly the successful party; (5) several cases, cited both in Chase's Motion to Dismiss and Motion for Summary Judgment, demonstrate that Plaintiff's claims (or similar claims) were previously adjudicated and unsuccessful in this Court; and (6) despite Plaintiff's claims to the contrary, an award of fees will not dissuade parties with **tenable** claims from litigating.

Finally, as a last ditch-effort, Plaintiff argues that Chase has failed to comply with this Court's requirements.  It has not.  Even if a technical departure from the requirements exists, it does not support a decision to deny an award of attorneys' fees and costs.

As such, Chase respectfully reiterates its request for an award of attorneys' fees and costs, amounting to $51,189.09[1] and $1,383.40, respectively.

---

[1] The amount is comprised of the $43,214.59 originally requested in Chase's Application for Attorneys' Fees and Costs (Doc. No. 98) and an additional $7,974.50 incurred by Chase in the drafting of the Application for Attorneys' Fees and Costs and the instant Reply.  *See* Declaration of Nicole M. Goodwin, attached as Exhibit 1 at ¶ 6; *see also Angel Jet Services, LLC v. Giant Eagle, Inc.,* CV-09-01489-PHX-SRB, 2013 WL 11311729, at *9 (D. Ariz. Apr. 17, 2013), aff'd, 617 Fed. Appx. 731 (9th Cir. 2015) ("[T]ime spent in preparing fee applications ... must be included in calculating a reasonable fee because uncompensated time spent on petitioning for a fee automatically diminishes the value of the fee eventually received.") (citing *Anderson v. Dir., Office of Workers Comp. Programs,* 91 F.3d 1322, 1325 (9th Cir. 1996)).

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

## I.   PLAINTIFF'S COMPLAINT ARISES OUT OF CONTRACT.

### A.   Plaintiff's Unjust Enrichment Claim Arises Out of Contract.

Plaintiff now argues that his unjust enrichment claim does not arise out of contract because the basis of his claim was "not that Defendant failed to fulfill a contractual promise." Doc. No 103 at 4.  However, this is directly contrary to Plaintiff's arguments on summary judgment.  In his Response in Opposition to Chase's Motion for Summary Judgment, Plaintiff argued he "may pursue a claim for unjust enrichment against Chase because **he did not receive the contractual benefits he bargained for** with it."  Doc. No. 83 at 7 (emphasis added).  Plaintiff then argued that "**[u]nder the DAA** and by implication of law, Chase was **contractually obligated** to make those funds available the day he requested them," and Chase's alleged failure to do so impoverished Plaintiff. *Id*. at 8 (emphasis added).  Plaintiff reiterated this point by arguing that Chase "wrongfully retained the funds in Plaintiff's account and prevented him from accessing them – i.e., it retained money which in justice and equity (**and pursuant to contract**) belonged to Plaintiff." *Id*. at 9 (emphasis added).  Plaintiff's own arguments make clear that his unjust enrichment claim could not exist "but for" the contract between the parties, albeit ultimately unsuccessful because of the contract.

This Court's Order granting Chase's Motion for Summary Judgment also clarifies that Plaintiff's unjust enrichment claim arose out of the DAA, was dependent on the DAA, and failed because of the DAA.  *See* Doc. No. 93 at 10-11.  Specifically, the Court correctly granted summary judgment on Plaintiff's unjust enrichment claim in Chase's favor because

> **At the heart of this case**, Plaintiff is alleging that the money he placed in the bank account was an unjust enrichment to Chase Bank; however, **the funds that allegedly enriched Chase Bank were the exact thing expressly contracted for by the parties when Plaintiff signed the DAA. Chase Bank was to hold the money for Plaintiff subject to the provisions in the DAA**. (Chase Bank SOF ¶ 20.) **Plaintiff claims that Chase Bank did not live up to the agreement when it did not give him the money upon his request**. (Chase Bank SOF ¶¶ 5–15.) Accordingly, Plaintiff could

702691479

have pursued the appropriate remedy at law through a breach of contract claim, but he chose not to. Because of these reasons, the Court will grant summary judgment in favor of Chase Bank regarding the unjust enrichment claim.

*Id.* at 11 (emphasis added). This Court has already recognized that "[a]t the heart of this case" are the rights and obligations of the parties under the DAA. This is not in dispute. As such, Chase is entitled to an award of its fees pursuant to A.R.S. § 12-341.01. *See Kaufman v. Warner Bros. Entm't Inc.,* CV-16-02248-PHX-JAT, 2019 WL 2084460, at *6 (D. Ariz. May 13, 2019) (holding unjust enrichment claim arose out of contract when court granted summary judgment to Defendants based upon the existence of an express contract); *see also Robert Brown v. Arizona Natures Wellness, et al.,* 1 CA-CV 23-0524, 2024 WL 4236404, at *8 (App. Sept. 19, 2024) (holding an unjust enrichment claim is eligible for a fee award after focusing on "'the fundamental nature of the action,' and if the claim would not exist 'but for' a contract and the relationship of the parties.").

**B.      Plaintiff's Conversion Claim Also Arises Out of Contract.**

Plaintiff's conversion claim also arises out of contract and, once again, Plaintiff's arguments make this point clear. In Plaintiff's Response to Chase's Application, Plaintiff admits that "[t]he essential basis of the conversion claim is that Defendant wrongly exerted dominion and control **over money Plaintiff had given to it to hold in trust for him** . . ." Doc. No. 103 at 4 (emphasis added). Likewise, Plaintiff's Response to Chase's Motion for Summary Judgment argued that his conversion claim should survive the summary judgment phase because the claim concerned "funds that can be described identified or segregated and **there is an obligation to treat them in a specific manner**." Doc. No. 83 at 10 (citation and punctuation omitted). Thus, Plaintiff's conversion claim was predicated upon an agreement, DAA or otherwise, on how Chase was to hold Plaintiff's funds.

Indeed, Chase's obligations regarding how to hold Plaintiff's funds was central to this Court's decision at the summary judgment phase. This Court stated that

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

4

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

> Plaintiff fails to point to any evidence in the record that Chase Bank had an **established obligation** to treat that money in a specific manner. **Plaintiff fails to point to any provisions in the DAA or elsewhere that show Chase Bank was obligated to treat this money any differently than a general deposit agreement.** Because this agreement established a debtor–creditor relationship, and because Plaintiff failed to show evidence that Chase Bank had an obligation to treat the money in a specific manner, the Court will grant summary judgment in favor of Chase Bank regarding the conversion claim.

Doc. No. 93 at 12.  Plaintiff's conversion claim failed because he could not point to any agreement, whether it be in the DAA or outside of the DAA, that obligated Chase to treat the funds in a manner different than outlined in the DAA.  As such, Plaintiff's conversion claim arose out of contract and Chase is entitled to an award of attorneys' fees under A.R.S. § 12-341.01.  *Quain v. Capstar*, CV-09-2365-PHX-DGC, 2010 WL 5463340, at *1 (D. Ariz. Dec. 29, 2010) ("It is well-settled that a defendant 'is entitled to an award of its attorney's fees under § 12–341.01 if the plaintiff is not entitled to recover on the contract on which the action is based, or if the court finds that the contract on which the action is based does not exist.'") (citation and punctuation omitted).

### C.     Plaintiff's Claims Dismissed Pursuant to Chase's Motion to Dismiss Do Not Preclude an Award of Attorneys' Fees.

Plaintiff argues that because he unsuccessfully asserted violations of a statute and a regulation that did not provide private causes of action and a claim for intentional infliction of emotional distress wherein Plaintiff failed to allege the minimum required elements, this Court should deny Chase's Application in its entirety.  This is not the case.

At its heart, **each** of Plaintiff's claims as to Chase was premised on the allegation that Chase restricted access to the funds in his bank account – funds which were deposited with Chase pursuant to the DAA and restricted based on the rights provided to Chase under the same.  *See* Doc. No. 1 at ¶ 45 (Count Two Violation of Social Security Act: "Chase Bank restricted Mr. Huffman's access to $60,597.25 of protected federal benefits that had been electronically deposited into Mr. Huffman's Chase account."); ¶ 53 (Count Three Violation of Federal Banking Regulations:  "Chase Bank restricted Mr. Huffman's

5

access to $60,597.25 of protected federal benefits that had been electronically deposited into Mr. Huffman's Chase account."); *see also* Doc. No. 27 at 2 (arguing that Plaintiff's IIED claim should survive because "Chase Bank exercised complete and total control over $60,597.25 belonging to Mr. Huffman.").   Chase's restriction of the funds was pursuant to the rights afforded to it under the DAA.  As such, the basis of the claims "arise out of contract"—the DAA—and are "inexplicably intertwined" with the rights and obligations stated therein. *See Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 189, 673 P.2d 927, 933 (App.1983) (in cases where "one claim for relief may involve related legal theories," " '[m]uch of counsel's time [may] be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis'"), *quoting Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *cf. City of Cottonwood v. James L. Fann Contracting, Inc.*, 179 Ariz. 185, 195, 877 P.2d 284, 294 (App.1994) (trial court "has significant discretion to award fees in a matter intertwined with another matter for which it may not grant attorney's fees").

However, even if these three claims did not arise out of contract, it would not preclude an award of attorneys' fees and costs as Plaintiff's claims for unjust enrichment and conversion (the remaining claims after the Court's decision on Chase's Motion to Dismiss) clearly do.

## II.   THE *WARNER* FACTORS WEIGH IN FAVOR OF AN AWARD OF ATTORNEYS' FEES AND COSTS

This Court should exercise its discretion and grant an award of attorneys' fees in Chase's favor.  While Plaintiff argues that the *Warner* factors support a denial of any fee award—this is not so.  Doc. No. 103 at 5 (citing *Assoc. Indem. Corp. v. Warner*, 143 Ariz. 567 (1985)).

The first factor assesses whether "[t]he merits of the claim or defense presented by the unsuccessful party." *Id*.  While a claim can have merit, even if not successful, this is not the case here.  Plaintiff lost three of his five claims at the motion to dismiss stage because (1) Plaintiff attempted to assert claims under a statute and regulation which this

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

Court previously held lacked a private right of action (cases that could have been discovered through a rudimentary search) and (2) Plaintiff failed to allege sufficient facts to support claims that Chase acted in an egregious manner (because it did not). *See* Doc. No. 45 at 8-17. Then, despite ample time to conduct discovery, Plaintiff engaged in limited written discovery but failed to notice any depositions or otherwise make any effort to meet the required elements of his remaining claims. After discovery, Chase prevailed on Plaintiff's remaining two claims on summary judgment based on arguments made at the motion to dismiss stage and of which Plaintiff was on notice. *See* Doc. No. 93 at 10-12. Because Plaintiff's claims were not meritorious, this factor weighs in favor of awarding attorneys' fees to Chase.

Second, despite the lack of merit of its claims and the limitations imposed by this Court's Order on the Motion to Dismiss, Plaintiff made an unreasonable settlement demand in conjunction with the Court mandated settlement conference. Chase assessed Plaintiff's demand and ultimately established that Plaintiff's remaining claims lacked merit and did not warrant the six-figure settlement demand made by Plaintiff—and Chase was correct as it ultimately prevailed in all respects. Again, this factor weighs in favor of an award for attorneys' fees.

Third, while Plaintiff alleges that a fee award will cause "extreme hardship" (Doc. No. 103 at 6), Plaintiff has failed to carry his burden on this factor and come forward with *prima facie* evidence of the "extreme hardship" he is now claiming. *See Woerth v. City of Flagstaff*, 808 P.2d 297, 305 (Ariz. Ct. App. 1990) (finding that the party asserting financial hardship must "present specific facts by affidavit or testimony"); *see also Rudinsky v. Harris*, 290 P.3d 1218, 1225 (Ariz. Ct. App. 2012) (finding that the party asserting financial hardship failed to carry its burden of presenting *prima facie* evidence when it did not present any affidavits and failed to respond to the other party's request for financial information).

Here, Plaintiff has fallen short. Plaintiff has failed to offer *any* evidence supporting *any* amount of hardship. *See generally* Doc. No. 103. Plaintiff has offered only

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

conclusory arguments "[i]nstead of providing tax returns, bank statements, or income slips showing concrete evidence that his income or assets are insufficient to pay attorneys' fees in this case[.]" *Ogden v. CDI Corp.*, CV08-02180-PHX-DGC, 2013 WL 1149913, at *2 (D. Ariz. Mar. 20, 2013), *aff'd,* 599 Fed. Appx. 320 (9th Cir. 2015).  Plaintiff is a former attorney who testified that he had multiple streams of income wherein he did not need to use his social security funds to pay bills or meet any financial obligations.  *See* Doc. No. 83 at 11.  Plaintiff has failed to offer any evidence in rebuttal.  As such, this factor weighs in favor of awarding attorneys' fees to Chase. *Ogden v. CDI Corp.*, 2013 WL at *2-3.

Fourth, there is no dispute that Chase prevailed as to all Plaintiff's claims.  Again, this factor weighs heavily in favor of granting fees.

Fifth, while Plaintiff's claims were not novel (as evidenced by the numerous cases cited in both Chase's briefing on its Motion to Dismiss (Doc. Nos. 15 and 36) and Motion for Summary Judgment (Doc. Nos.  77 and 91)), Chase was forced to conduct discovery and prevail, completely, after summary judgment.  This factor also weighs in favor of granting fees.

Finally, Plaintiff's assertion that an award of attorneys' fees in this matter would "irreparably damage[]" "the entire economy" is wholly without merit or support.  Plaintiff has not offered any support for a finding that plaintiffs with **tenable** claims would be dissuaded by an award of attorneys' fees in this matter. As such, this factor also weighs in favor of an award of attorneys' fees.

For all the above reasons, the Court should exercise its discretion and grant the requested attorneys' fees for Chase.

## III.   CHASE HAS SUBSTANTIALLY COMPLIED WITH THE REQUIREMENTS OF THIS COURT.

As a final attempt to persuade this Court to deny Chase's Application, Plaintiff argues that Chase has failed to comply with the requirements of this Court (1) by not attaching a copy of the fee agreement; (2) that the affidavit of moving counsel does not

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

specify whether Chase actually paid the fees and expenses sought in the Application; and (3) the Application does not "include a discussion of a number of topics that are required by Local Rule 54.2(c)(3)." Even if true, none of these issues require the fee application to be denied.

Although a copy of the fee agreement is not attached (because GT's relationship with Chase is governed by an overarching fee agreement that is not unique to this matter), the Declaration in support of the Application specifically states that Chase has agreed to pay the billing rates (Goodwin Decl. ¶ 12); that Chase "has paid or agreed to pay the total charges for the itemized services" (Goodwin Decl. ¶ 13); and sets forth the process for how the billing entries are compiled and billed (Goodwin Decl. ¶ 14). And while Local Rule 54.2(c)(3) sets forth various factors that bear on the reasonableness of the requested fees, it does not require that each factor be included but instead states that the factors should be discussed "as appropriate." LRCiv 54.2(c)(3). Likewise, 54.2(d)(4)(C) does not set forth hard and fast rules for what should be included but only that adjustments should be noted "if any" exist. LRCiv. 54.2(d)(4)(C).

Notably, Plaintiff does not raise issues with any specific billing entries, nor does he argue that the billing rates or charges are unreasonable (because they are not). *See* LRCiv. 54.2(f) (requiring that a responsive memorandum "**shall** identify with specificity all disputed issues of material fact and **shall** separately identify each and every disputed time entry or expense item.") (emphasis added). Any alleged deficiencies (which Chase argues do not exist) in the Application or supporting declaration does not warrant a denial of the fees and Plaintiff does not cite any authority to support his position. Plaintiff only raises issues with specific costs included in Chase's application. Chase agrees that, pursuant to LRCiv 54.2, video recordings and courier costs are not taxable costs. As such, Chase reduces its request for fees to $1, 383.40. *See* Goodwin Decl., Ex 1, ¶ 8.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

## IV.    CONCLUSION

For all the foregoing reasons, Chase respectfully requests that this Court grant Chase's Application for attorneys' fees and costs, in the amount of $51,189.09 and $1,383.40, respectively.

DATED this 18th day of October 2024.

GREENBERG TRAURIG, LLP

By: */s/ Nicole M. Goodwin*
Nicole M. Goodwin
Adrianna Griego Gorton
*Attorneys for Defendant JPMorgan
Chase Bank, N.A.*

702691479

10