**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRUCE E. HUFFMAN,

Petitioner,

v.

JP MORGAN CHASE BANK, N.A., et al.,

Respondent.

Nos. 24-5653, 24-7348

D.C. No.
2:22-cv-00903-JJT

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
John J. Tuchi, District Judge, Presiding

Argued and Submitted September 19, 2025
Phoenix, Arizona

Before: COLLINS, MENDOZA, and DESAI, Circuit Judges.

Bruce E. Huffman appeals the district court's dismissal and summary

judgment orders in his action against JP Morgan Chase Bank, N.A. ("Chase") and

Goodman Holmgren Law Group, LLP ("Goodman"). We have jurisdiction under

28 U.S.C. § 1291. We vacate and remand in part, and affirm in part.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1

The district court erred in granting summary judgment to Goodman on Huffman's Fair Debt Collection Practices Act ("FDCPA") claim.  Goodman concedes that it mistakenly pursued garnishment of Huffman's Social Security benefits, but invokes the statute's bona fide error defense.  *See* 15 U.S.C. § 1692k(c).  That defense requires Goodman to establish that the violation was unintentional, resulted from a bona fide error, and occurred despite the maintenance of procedures reasonably adapted to avoid the violation.  *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

We find that Goodman's asserted mistake was not objectively reasonable as a matter of law.  *See Johnson v. Riddle*, 443 F.3d 723, 728–29 (10th Cir. 2006) (explaining that bona fide error defense has a "subjective" and "objective" reasonableness component).  By July 2021, Goodman knew that the funds in the account consisted entirely of direct-deposited Social Security benefits that were immune from garnishment.  Federal law has long prohibited such benefits from being garnished.  *See* 42 U.S.C. § 407(a); *Philpott v. Essex Cnty. Welfare Bd.*, 409 U.S. 413, 415–16 (1973).  Goodman nevertheless continued to defend the garnishment for months, arguing that federal regulations protected only two months' worth of benefits from garnishment.  But those regulations do not limit, override, or diminish the broader statutory exemption for Social Security benefits; indeed, they expressly preserve an individual's right to assert further exemptions

2

under federal law.  *See* 31 C.F.R. § 212.6(c) ("A protected amount calculated and established by a financial institution pursuant to this section shall be conclusively considered to be exempt from garnishment under law."); *id*. § 212.8(a) ("Nothing in this part shall be construed to limit an individual's right under Federal law to assert against a creditor a further exemption from garnishment for funds in excess of the protected amount . . . .").

Given the clarity of the governing law, Goodman's position lacked any objectively reasonable basis in law.  An error resting on a plainly incorrect view of settled law cannot qualify as bona fide within the meaning of § 1692k(c).  *See Kaiser v. Cascade Cap., LLC*, 989 F.3d 1127, 1138–40 (9th Cir. 2021).  Summary judgment was therefore improper, and we vacate and remand Huffman's FDCPA claim for further proceedings.

We affirm the district court's rulings on Huffman's state law claims against Chase.  Huffman's unjust enrichment claim fails because his relationship with Chase was governed by a Deposit Account Agreement that authorized the bank to freeze funds pursuant to legal process.  Arizona law bars unjust enrichment claims where an express contract governs the subject matter.  *See Brooks v. Valley Nat. Bank*, 548 P.2d 1166, 1171 (Ariz. 1976).  Huffman also failed to show the absence of an adequate legal remedy, which independently precludes equitable relief.  *See*

3

*Trustmark Ins. Co. v. Bank One, Arizona, NA*, 48 P.3d 485, 493 (Ariz. Ct. App. 2002).

His conversion claim fails because deposits into a general bank account transfer possessory rights to the bank absent a special deposit with notice to the bank, which Huffman did not establish. *See Universal Mktg. & Ent., Inc. v. Bank One of Ariz., N.A.*, 53 P.3d 191, 193–96 (Ariz. Ct. App. 2002).

Huffman's intentional infliction of emotional distress ("IIED") claim against Chase also fails. In our view, the bank's approximately two-and-a-half-month delay in restoring access to funds does not constitute extreme and outrageous conduct as a matter of Arizona law. *See Christakis v. Deitsch*, 478 P.3d 241, 245 (Ariz. Ct. App. 2020).

We also affirm the dismissal of Huffman's IIED claim against Goodman. Arizona's litigation privilege generally protects statements made in the course of judicial proceedings, but it does not categorically bar claims based on improper litigation conduct. *See Goldman v. Sahl*, 462 P.3d 1017, 1031, 1033 (Ariz. Ct. App. 2020). To state a claim based on such conduct, a plaintiff must plausibly allege conduct amounting to abuse of process or malicious prosecution. *Id.* at 1029 n.5, 1033–34.

Huffman failed to plead facts supporting either theory, and the record makes clear that amendment would be futile. Goodman's conduct, while clearly legally

4

mistaken, does not plausibly suggest an improper purpose or malicious motive beyond debt collection itself.  *See Nienstadt v. Wetzel*, 651 P.2d 876, 881 (Ariz. Ct. App. 1982); *Chalpin v. Snyder*, 207 P.3d 666, 671–72 (Ariz. Ct. App. 2008). Dismissal of the IIED claim against Goodman was therefore proper.

In his companion appeal (No. 24-7348), Huffman challenges the district court's award of attorney's fees to Chase under A.R.S. § 12-341.01(A).  We reverse that award.  Although Huffman's unjust enrichment claim nominally "arises out of contract," the resolution of that claim turned solely on the availability of an equitable remedy, not on the existence, interpretation, or breach of the Deposit Account Agreement.  No contract dispute was ever adjudicated on the merits, and Chase's success was therefore a purely technical one.

Given the unusual, limited, and attenuated nature of Chase's success, this case falls outside the scope of § 12-341.01(A).  Under the *Warner* factors, awarding fees in these circumstances constituted an abuse of discretion.  *See Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985).

Accordingly, we vacate and remand the district court's order granting summary judgment on Huffman's FDCPA claim against Goodman, affirm the dismissal of all remaining claims, and reverse the award of attorney's fees to Chase.

**VACATED and REMANDED in part, AFFIRMED in part.**

5