**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Bruce E. Huffman,<br>Plaintiff,<br>v.<br>JP Morgan Chase Bank, NA, *et al.*,<br>Defendants. | No. CV-22-00903-PHX-JJT<br>**ORDER** |

Before the Court is Defendant Goodman Holmgren Law Group, LLP's Motion for Summary Judgement (Doc. 75, MSJ) with a statement of facts (Doc. 76, SOF), to which Plaintiff Bruce E. Huffman filed a Response (Doc. 85, Resp.) with a response to the statement of facts (Doc. 86 at 1–6, RSOF) and controverting statement of facts (Doc. 86 at 6–12, CSOF). Goodman filed a Reply (Doc. 92, Reply). Goodman's motion finds itself in front of the Court on remand from the Ninth Circuit. (Doc. 113, Mandate.)

## I. BACKGROUND

Having already recited the facts of the case in a prior order (Doc. 93, Order), the Court need not recount the entire record. Suffice to say, Goodman attempted to garnish Plaintiff's bank account maintained by J.P. Morgan Chase Bank that held Social Security earnings and obtained a state court writ of garnishment to do so. (Order at 3.) Plaintiff challenged the writ after it was issued and ultimately prevailed. (Order at 4.) Upon a motion for reconsideration, the state court quashed the writ and Plaintiff's funds that were previously frozen were then released to him in full. (Order at 4.) The instant action ensued,

and Plaintiff asserts that Goodman committed violations of five provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692c, d, e, f, and j. (Doc. 1, Compl. ¶ 39.) Goodman moves for summary judgement on Plaintiff's FDCPA claim that is based on violations of: (1) § 1692c by communicating about Plaintiff's debt with Chase without Plaintiff's permission, (2) § 1692d by engaging in conduct the natural consequences of which were to harass, oppress, or abuse Plaintiff, (3) § 1692e by using false, deceptive, or misleading representations in connection with the collection of debt, (4) § 1692f by using unfair or unconscionable means to attempt to collect a debt in violation, and (5) § 1692j by designing, compiling, or furnishing a misleading writ to Chase. (Compl. ¶ 39.)

The Court had previously granted summary judgment on the FDCPA claim on the grounds that, as relevant here, the *bona fide* error defense applied to Goodman, but the Ninth Circuit vacated this ruling. (Mandate at 5.) The Court now considers the residual, fully briefed arguments in Goodman's Motion for Summary Judgment.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is properly granted when the movant shows there is no genuine dispute as to any material fact and if the movant is entitled win as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288–89 (9th Cir. 1987). Only factual disputes that would affect the outcome of the suit under the governing law can render summary judgment improper. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For the purposes of a motion for summary judgment, "genuine" issues of material fact are present when "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. The non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a question of material fact.

*Anderson*, 477 U.S. at 256–57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

**III. Analysis**

The Court already granted summary judgment in Goodman's favor on the portion of Plaintiff's FDCPA claim based on a violation of § 1692c because it is subject to a statutory exception. The Ninth Circuit did not vacate this part of the Court's order. (*See* Mandate.) Accordingly, summary judgment as to a violation of § 1692c remains proper. The Court now considers the remainder of Goodman's arguments in its Motion for Summary Judgment as to the remaining portion of the FDCPA claim that asserts violations of §§ 1692(d), (e), (f), and (j). Goodman argues that partial summary judgment is warranted because Plaintiff suffered no actual damages. (MSJ at 12.)

Under the FDCPA, Plaintiff may recover (1) actual damages, (2) "additional" damages up to $1,000, and (3) "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." § 1692k(a). In analyzing the actual damages provision of § 1692k, courts in this jurisdiction have articulated that actual damages are those "sustained as a result of the debt collector's conduct." *Hammitt v. Ne. Collection Bureau, Inc.*, No. CV-14-00391-PHX-SPL, 2014 WL 3577605, at *2 (D. Ariz. July 21, 2014). The FDCPA does not require a plaintiff to prove causation of these actual damages. *Garo v. Glob. Credit & Collection Corp.*, No. CV-09-2506-PHX-GMS, 2011 WL 251450, at *4 (D. Ariz. Jan. 26, 2011).

. . .

Here, it is undisputed that the only financial damages Plaintiff attributes to Goodman are the loss of use of his garnished funds and attorney's fees he incurred to contest the writ issued by the state court. (SOF ¶ 38; RSOF ¶ 38.) As to attorney's fees, Goodman argues, without citation to authority, that they are not actual damages attributable to Goodman because Plaintiff did not retain representation until after the writ was ruled enforceable by the state court, that Goodman never took any action to delay Plaintiff's challenge to the writ, and that Goodman never enforced the writ or removed Plaintiff's funds from his bank account. (MSJ at 12.) In response, Plaintiff argues he acquired representation "for his defense," and this cost was incurred because Goodman did not withdraw the writ. (Resp. at 17.)

The Court agrees with Plaintiff. Regardless of when Plaintiff retained representation, Plaintiff expended funds he otherwise would not have spent had Goodman never sought a writ or if Goodman withdrew it upon Plaintiff's objection. Even if Goodman took no action to remove funds following the state court proceedings, Plaintiff still acquired representation as a result of Goodman's obtaining the writ. Those attorney's fees constitute actual damages for the purposes of an FDCPA claim.

Next, Goodman argues, again without any citation to authority, that Plaintiff's loss of the use of the frozen funds in Plaintiff's Chase account does not constitute actual damages.[1] (MSJ at 12–13.) Goodman contends that the evidence shows Plaintiff had other sources of income during the period the Chase account was frozen and he had no set plans to use the frozen funds. (SOF ¶¶ 40, 43.) Goodman further observes that Plaintiff admitted during his deposition that he had not yet spent any of the funds even after they were

[1] The question of whether loss of use of funds constitutes actual damages for the purposes of an FDCPA action presents an interesting query. Ninth Circuit courts have treated the "temporary loss of use of one's money [as] an injury in fact for the purposes of Article III [standing]," and favorably cite other circuit courts that consider the loss of use of money as an actual injury. *Van v. LLR, Inc.*, 962 F.3d 1160, 1164–63 (2020) (collecting cases and citing *In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, 928 F.3d 42, 66 (2019) (per curiam) ("The delay in those Plaintiffs' receipt of their refunds, and the forgone time value of that money, is an actual, tangible pecuniary injury.")). The Court need not reach the issue of whether the law of this Circuit treats this injury as actual damage under the FDCPA because Goodman does not argue that such an injury is not cognizable, just that the evidence and facts do not support it here.

released to him. (SOF ¶ 44.) In response, Plaintiff points to his deposition testimony in which he indicates that he was "considering" investing in real estate and the stock market or buying a car during the time his funds were inaccessible. (RSOF ¶¶ 39, 43.) At this stage, Plaintiff's lost opportunities to use his own funds, even if only demonstrated by his testimony, is sufficient to present a genuine issue of material fact that makes summary judgment improper.

The Court now turns to the question of whether Plaintiff's alleged emotional distress constitutes actual damages for the purposes of an FDCPA claim. Damages arising out of emotional distress can constitute actual damages under the FDCPA. *Perkons v. Am. Acceptance, LLC*, No. CV-10-8021-PCT-PGR, 2010 WL 4922916, at *2 (D. Ariz. Nov. 29, 2010) (citing *Baker v. G.C. Services Corp.*, 677 F.2d 775, 780 (9th Cir.1982)). Unpublished decisions from this District have articulated that emotional distress damages can be awarded without corroborative evidence in an FDCPA action when the circumstances make it "obvious that a reasonable person would suffer significant emotion[al] harm." *Waldrop v. LTS Collections Inc.*, No. CV-20-00246-PHX-MTM, 2020 WL 6545772, at *6 (D. Ariz. Nov. 6, 2020) (quoting *Perkons*, 2010 WL 4922916, at *3). Other courts in this Circuit have suggested that a plaintiff must show he "actually suffered symptoms of emotional distress." *Riley v. Giguiere*, 631 F.Supp.2d 1295, 1315 (2009) (applying the standard for emotional distress damages for claims under the Fair Credit Reporting Act to an FDCPA claim).

Regardless of the standard applied, Plaintiff presents sufficient evidence to overcome Goodman's motion for summary judgment. Goodman argues there is no evidence Plaintiff suffered emotional distress because Plaintiff is a former attorney with experience in collections, he had no plans to use the funds in the Chase account while it was frozen, and he was ultimately successful in quashing the writ. (MSJ at 13.) In response, Plaintiff points out that he was diagnosed by the Veterans Administration as having mental stress and anguish and that he testified at his deposition that Goodman's conduct caused him "suffering, anguish, fright, nervousness, grief, anxiety, worry, shock, humiliation, and

shame." (CSOF ¶¶ 26, 29.) In other words, Plaintiff testified that he actually suffered symptoms of distress during the relevant time period, thereby establishing a genuine dispute as to his emotional distress. Further, the circumstances of the writ are such that a reasonable person would experience emotional distress where their social security earnings were frozen unlawfully, despite that person's repeated objections. Accordingly, summary judgment on the issue of emotional distress damages is not proper.

Moreover, the FDCPA permits a plaintiff to recover statutory damages up to $1,000. § 1692k(a). These statutory damages are available for a plaintiff to recover even if the plaintiff fails to prove actual damages. *Garo*, 2011 WL 251450, at *4 (citations omitted). Plaintiff asserts, and Goodman does not contest, that even if Plaintiff cannot prove actual damages, Plaintiff is still entitled to statutory damages. (Resp. at 18.)

For these reasons, the Court declines to grant partial summary judgment for Goodman on the issue of damages as to the FDCPA claim asserting violations of §§ 1692(d), (e), (f), and (j).

**IT IS THEREFORE ORDERED** granting in part and denying in part Defendant Goodman Holmgren Law Group, LLP's Motion for Summary Judgement (Doc. 75). Summary judgment is granted as to the portion of Count One asserting a violation of 15 U.S.C. § 1692c but is denied as to the remaining portion of Count One asserting violations of §§ 1692(d), (e), (f), and (j).

The Court will set a pre-trial status conference by separate Order.

Dated this 8th day of September, 2026.

Honorable John J. Tuchi
United States District Judge