**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Bruce E. Huffman,

Plaintiff,

v.

JP Morgan Chase Bank, NA, *et al.*,

Defendants.

No. CV-22-00903-PHX-JJT

**ORDER SETTING FINAL PRETRIAL CONFERENCE**

**IT IS ORDERED** that the parties shall file a Notice of Filing with a Joint Proposed Pretrial Order by **February 9, 2027**. The proposed order shall be in the Form of Joint Proposed Pretrial Order attached to this Order. Statements made shall not be in the form of a question, but shall be concise narrative statements of each party's contention regarding each uncontested and contested issue. The parties shall e-mail the Joint Proposed Pretrial Order to Chambers at tuchi_chambers@azd.uscourts.gov in Microsoft Word format.

**IT IS FURTHER ORDERED** that the parties shall file with the Joint Proposed Pretrial Order the following and e-mail an MSWord version of Items 1-4 to Chambers at tuchi_chambers@azd.uscourts.gov:

1. A joint proposed Statement of the Case to be read to the jury. If the parties have any disagreement about the statement, the party proposing the statement shall set it forth in the joint pleading and the party objecting shall set forth the reason for the objection below the statement and offer an alternative statement.

2. Joint proposed *voir dire* questions that are case-specific.

3. Joint proposed jury instructions. [*See* Judge Tuchi's Guidelines for Jury Instructions on the Court's website: www.azd.uscourts.gov > Judge's Information > Orders, Forms and Procedures.] The instructions shall be accompanied by citations to legal authority. Instructions shall not be partisan. Counsel shall prepare them as though they were the judge's law clerk. If the parties have any disagreement about the jury instructions, the party proposing an instruction shall set it forth in the joint pleading and the party objecting shall set forth the reason for the objection and offer an alternative instruction (if any). There is no longer any need for the Given/Modified/Denied notations at the bottom of each jury instruction.

4. A joint proposed form of verdict. If the parties have any disagreement about the form of verdict, the party proposing the form shall set it forth in the joint pleading and the party objecting shall set forth the reason for the objection and offer an alternative form of verdict.

5. A Trial Memorandum of Law for each party. The Memorandum shall be brief but must address all questions of law, including evidentiary issues that the party anticipates will arise at trial.

**IT IS FURTHER ORDERED** that, while Motions *in Limine* are generally discouraged, the parties shall file and serve all Motions *in Limine* no later than five business days prior to the Final Pretrial Conference. Responses shall be filed two business days prior to the Final Pretrial Conference. The lawyers for all parties shall come to the Final Pretrial Conference prepared to address the merits of all such Motions; no replies shall be filed. Motions *in Limine* and responses shall not exceed four pages and shall be limited to matters which might avoid a mistrial.

**IT IS FURTHER ORDERED** that **within one week after the Final Pretrial Conference**, the parties shall jointly file their deposition designations and accompanying objections for the Court's consideration. The parties shall provide a list of the deposition transcripts they want to proffer at trial and a copy of each of those deposition transcripts.

The offering party shall highlight, in color, the portions of the deposition to be offered; if multiple parties are offering testimony from the same deposition, only one copy of such deposition transcript shall be provided, and it shall contain each party's highlighting; each party should use a different color.

The parties shall also provide a table that identifies each section of proffered deposition testimony by page and line number. Any objection to the proffered testimony by the opposing party shall be listed next to each section of proffered testimony.

The Court will not consider or allow any deposition testimony not provided by the parties to the Court within one week after the Final Pretrial Conference, absent good cause.

**IT IS FURTHER ORDERED** that the lawyers for each party[1] who will be responsible for trial of the lawsuit shall appear and participate in a Final Pretrial Conference on **February 16, 2027**, at **2:00 PM** (Arizona time) in Courtroom 505, 401 W. Washington Street, Phoenix, AZ 85003 before Judge John J. Tuchi. At the Final Pretrial Conference, the Court will review the Final Pretrial Order and give any additional instructions for trial preparation. The jury trial shall commence on **March 16, 2027**.

Dated this 20th day of October, 2026.

Honorable John J. Tuchi
United States District Judge

[1] Out-of-state counsel or out-of-state self-represented parties may appear telephonically. In-state counsel or in-state self-represented parties shall appear in person. Chambers will e-mail out-of-state counsel or self-represented parties call-in information prior to the hearing.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Bruce E. Huffman,<br><br>Plaintiff,<br><br>v.<br><br>JP Morgan Chase Bank, NA, *et al.*,<br><br>Defendants. | No. CV-22-00903-PHX-JJT<br><br>**JOINT PROPOSED PRETRIAL ORDER** |

The following is the form of Joint Proposed Pretrial Order to be considered at the Final Pretrial Conference set for **February 16, 2027**, at **2:00 PM** (Arizona Time) before Judge Tuchi.

1. **TRIAL COUNSEL FOR THE PARTIES**

Include mailing address, office phone and fax numbers.

Plaintiff(s):

Defendant(s):

2. **STATEMENT OF JURISDICTION/VENUE**

Cite the statute(s) or rule(s) that give(s) this Court jurisdiction and proper venue. (*E.g.*, Jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332.)

3. **NATURE OF ACTION**

Provide a **concise** statement (no more than one page) of the kind of case, the

cause of action, and the relief sought. (*E.g.*, This is a products liability case in which the plaintiff seeks damages for personal injuries sustained when he fell from the driver's seat of a forklift. The plaintiff contends that the forklift was defectively designed and manufactured by the defendant and that the defects were a producing cause of his injuries and damages.)

4. **STIPULATIONS AND UNDISPUTED FACTS**

5. **WITNESSES**

Provide a separate list for each party of all witnesses (including experts) whom the party will call in person or through deposition, except witnesses who may be called only for impeachment. If a witness will appear by deposition only, the party calling the witness will give notice of the specific passages the party proposes to be read to all other parties on or before the date the Joint Proposed Pretrial Order is to be filed. (Do not include deposition pages in the Joint Proposed Pretrial Order.)

6. **EXHIBITS**

Each party must submit with this Joint Proposed Pretrial Order a list of numbered exhibits, with a description of each containing sufficient information to identify the exhibit. Document admissibility issues should be resolved by stipulation before trial. The parties should work with the clerk to mark all exhibits directly into evidence unless a good faith objection will be raised at trial.

7. **INFORMATION FOR COURT REPORTER**

In order to facilitate the creation of an accurate record, please file a "Notice to Court Reporter" one week before trial containing the following information that may be used at trial:

1. Proper names, including those of witnesses.
2. Acronyms.
3. Geographic locations.
4. Technical (including medical) terms, names or jargon.
5. Case names and citations.

APPROVED AS TO FORM AND CONTENT:

______________________________ ______________________________
Attorney for Plaintiff(s) Attorney for Defendant(s)

THIS JOINT PRETRIAL ORDER IS HEREBY APPROVED

ON THIS _____________DAY OF _______________________, 20_____